Todd Ashker, C58191
Box #7500/D1-119
Crescent City, Cal. 95532
Plaintiff, In pro-se

FILED
2007 JUN -1 PM 12:53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND - DIVISION

TODD L. ASHKER,
    Plaintiff,
vs.
ROBERT HOREL, et al.,
    Defendants.

CASE No: C05-3759 CW/EM

Plaintiffs' Notice Of Defendants' Failure To Produce Video Tape, And Renewed Request For Relief [re: pain issues], And Sanctions.

To the defendants and their counsel of record, PLEASE TAKE NOTICE:

The plaintiff, proceeding pro-se, does hereby respectfully give the above honorable court notice that defendants have failed to adhere to their prior representations to this court as noted in this Court's Order dated May 8, 2007.

1. They have not produced the surveillance video tapes [See Attached Declaration of Plaintiff, at paragraphs #2 through 9, and exh. A attached thereto]

2. They have not remedied the pain and suffering plaintiff has been experiencing and repeatedly complaining about for months [See Decl., para's 15-19, and exh's B and C, attached thereto]

Relief Sought

Based on the failure of defendants to adhere to their prior representations to this court in response to my motion for a protective order; and related

1.

claims defendants agents made in their declarations in opposition to my motion [Specifically Dr. Sayre's 11-11-06, Declaration] As briefly referenced in my attached declaration [paragraphs #2 through 19]

I am respectfully requesting the court issue order(s) for relief as follows:

1. That Defendants respond to the Court concerning the whereabouts of the "surveillance video tapes" Dr. Sayre relied upon to claim Plaintiff's complaints of pain, disability, and need for an arm brace are not supported by surveillance videos; [See Plts Decl., para's #4-12 for details]

2. Order defendants to produce the "surveillance videos" at issue.

3. Order defendants to preserve, and lodge with the Court, the video tape of plaintiff on the exercise yard on 11-16-06 [See Plts. Decl., para #13]

4. Consider the failure of defendants to preserve and produce the "surveillance video tapes" Dr Sayre claims he relied upon in June to August of 2006, as partial basis for his decisions to cut off plaintiff's medication, and related arm assistive aides, as additional evidence of defendants acts/failures to act, with regards to plaintiff's "motion for sanctions, and to answer to perjury allegations" [Submitted since 4-13-07, See Plts Decl., para # 14, 17-19]

5. Consideration of the attached documents regarding plaintiff's continued pain and discomfort, and inability to obtain relief from Dr. Sayre, and order relief deemed appropriate [See Plts Decl., para's #7, 15-19 and exh B, C]

This motion is made and based on this motion, plaintiff's attached declaration and exhibits, and the file and record in this case.

Dated: May 28, 2007                    Respectfully Submitted, Todd L. Ashker
                                                              TODD L. ASHKER

2.