IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD L. ASHKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT HOREL, Warden, Pelican Bay State Prison, JEANE WOODFORD, JOE MAGRATH, RICHARD KIRKLAND, P.T. SMITH, MARK CASTWELLAW, J. COX, M.J. NIMROD, A.K. THACKER, DWIGHT W. WINSLOW, DOCTOR WELTON, and D. LANGLOIS,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　/ | No. C 05-3759 CW<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SCREEN SUPPLEMENTAL COMPLAINT UNDER 28 U.S.C. § 1915A |

On October 5, 2006, Plaintiff Todd L. Ashker, an inmate at Pelican Bay State Prison (PBSP), filed a motion to file a supplemental complaint. (Docket # 59). Defendants opposed the motion. (Docket # 92).[1] On June 18, 2007, the Court granted

---

[1] The Court notes that the caption in the docket indicates that Edward Alameida is still a named Defendant in his capacity as the director of the California Department of Corrections (CDC). The Clerk of the Court shall substitute Jeane Woodford as director of the CDC. See Rule 25(d)(1) of the Federal Rules of Civil Procedure (if a public officer who is a party to a lawsuit ceases to hold office or resigns, the officer's successor is automatically substituted as a party.

1  Plaintiff leave to file his supplemental complaint. (Docket
2  # 113). Defendants now ask the Court to review two of the claims
3  in the supplemental complaint pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

Title 28 U.S.C. § 1915A states, in relevant part:

> (a) Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity.
>
> (b) Grounds for dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . .

28 U.S.C. § 1915A (a) and (b).

## DISCUSSION

Defendants ask the Court to review the third and fourth causes of action in Plaintiff's supplemental complaint. The third cause of action is for breach of contract arising out of Defendants' alleged failure to allow Plaintiff to see an outside pain management specialist pursuant to the settlement agreement in Ashker, et al. v. California Department of Corrections, et al., C 97 1109 CW. Defendants argue that the Court lacks jurisdiction over this claim based on the fact that in an October 19, 2004 Order Denying Plaintiff's Motion to Enforce Settlement Agreement and to Extend Jurisdiction Over Settlement Agreement (Docket # 274 in Case No. C 97-1109 CW), the Court declined to extend its jurisdiction over the settlement agreement for another year. The Court explained, "In reaching this conclusion, the Court considers that

2

1 Defendants have been complying with the terms of the Settlement
2 Agreement and that the Settlement Agreement required the Court to
3 retain jurisdiction over it for one year and the Court now has
4 retained jurisdiction over it for over two years." October 19,
5 2004 Order at 5.

6 Defendants are correct that the Court's direct jurisdiction
7 over the settlement agreement ended on October 19, 2004 when the
8 Court declined to extend its jurisdiction over the settlement
9 agreement for another year. Plaintiff's third cause of action is
10 now an ordinary state law claim for breach of contract and
11 Plaintiff could bring this claim in state court. However, because
12 the Court exercises original jurisdiction over this complaint
13 pursuant to Plaintiff's federal claims, in the interests of
14 judicial economy, the Court uses its discretion to exercise
15 supplemental jurisdiction over Plaintiff's breach of contract
16 claim. See 28 U.S.C. § 1367(a).

17 Plaintiff's fourth cause of action is a state law claim for
18 tortious interference with a contract based upon Defendants'
19 alleged failure to abide by the terms of the settlement agreement.
20 Defendants argue that this claim must be dismissed on the ground
21 that California recognizes a cause of action for tortious
22 interference with a contract when the defendant is not a party to
23 the contract. Defendants argue that they, as employees at PBSP,
24 are parties to the settlement agreement and therefore the claim
25 must fail.

26 The tort of interference with a contract lies against non-
27 contracting parties who interfere with the performance of a

3

contract. <u>Shoemaker v. Myers</u>, 52 Cal. 3d 1, 24 (1990); <u>Woods v. Fox Broadcasting Sub., Inc.</u>, 129 Cal. App. 4th 344, 351 (2005); <u>Dryden v Tri-Valley Growers</u>, 65 Cal. App. 3d 990, 998 (1977) (citing many California cases for same proposition). "[I]f an action is brought for interference with contractual relationship by one party to a contract against another who is also a party to that same contract, the grievance of the plaintiff is, in essence, breach of contract . . . to allow the plaintiff to sue under the tort theory of wrongful interference with contractual rights would not only be superfluous, but also would enable him to recover tort damages . . . to which he is not entitled under California law." <u>Id.</u> at 999. Agents of the employer who are vested with the power to act for the employer stand in the place of the employer; because the employer, the other party to the contract, cannot act except through its agents. <u>Shoemaker</u>, 52 Cal. 3d at 24. "Thus, there is no viable 'inducement of breach of contract' . . . that is distinguishable from a cause of action for breach of contract." <u>Id.</u>

Therefore, Defendants, as employees of PBSP, cannot be held liable for tortious interference with Plaintiff's settlement contract; Plaintiff's fourth cause of action is not cognizable.

CONCLUSION

Defendants' request to review two causes of action in Plaintiff's supplemental complaint is granted. The third cause of action for breach of contract is cognizable and the Court exercises supplemental jurisdiction over it. The fourth cause of action for interference with Plaintiff's settlement contract is not cognizable

4

and is dismissed.

    IT IS SO ORDERED

       8/14/07

Dated _____

                                       CLAUDIA WILKEN
                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

v.

ALAMEIDA ET AL et al,

        Defendant.

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brendan Kenny
J. Randall Andrada
Andrada & Associates
180 Grand Avenue
Suite 925
Oakland, CA 94612

Todd A. Ashker
#C58191
Pelican Bay State Prison
Box 7500
Crescent City, CA 95532

Dated: August 14, 2007

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk