UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>    Defendants.<br>_____/ | No.  C 05-03759 CW (EDL)<br><br>**ORDER RE: PLAINTIFF'S "NOTICE OF DEFENDANTS' FAILURE TO PRODUCE VIDEOTAPE AND RENEWED REQUEST FOR RELIEF [RE: PAIN ISSUES]" AND REPORT AND RECOMMENDATION RE: INJUNCTIVE RELIEF**<br><br>(Docket No. 106) |

Plaintiff Todd Ashker is a prisoner at Pelican Bay proceeding pro se.  On June 1, 2007, Plaintiff filed a "Notice of Defendants' Failure to Produce Videotape, and Renewed Request for Relief," stating that Defendants had not produced certain surveillance videos and they had not remedied Plaintiff's pain and suffering.  The motion having been fully briefed, the Court finds the matter suitable for decision without oral argument and issues the following Order.

**Background**

On April 3, 2007, this Court issued a Report & Recommendation granting in part Plaintiff's motion for protective order, and recommending that: (1) the motion be denied to the extent it sought preliminary relief other than ensuring continued use of the existing TheraBand, TheraBall, arm brace and thermal wear; (2) the new warden renew the chronos authorizing use of the TheraBall, TheraBand, arm brace and thermal wear to prevent their confiscation pending the district court's decision on the merits of Plaintiff's claims; (3) the warden direct the medical staff to re-evaluate Plaintiff's continued complaints that the current pain medication causes stomach pain, or to arrange

1

an independent medical consultation with a pain specialist; and (4) if Plaintiff's retaliation claims survived summary judgment, Defendants should lodge the surveillance videos on which Dr. Sayre relied to discontinue Plaintiff's pain medication. On May 8, 2007, Judge Wilken adopted in part this Court's Report & Recommendation, except that she did not order Defendants to re-evaluate Plaintiff's stomach pain, lodge the surveillance videotape with the court, or provide the TheraBand, TheraBall, arm brace and thermal wear to Plaintiff based on Defendant's representation that Dr. Sayre would re-evaluate Plaintiff's pain and provide assistance devices, and that Plaintiff would be shown the videotape.

Meanwhile, on June 18, 2007, Plaintiff filed a supplemental complaint containing a claim for violation of Plaintiff's Eighth Amendment rights through the denial of pain medication and medically necessary assistance aids, a state law claim for negligence- medical malpractice, a breach of contract and tortious interference with contract claim based on Defendants' alleged failure to comply with the settlement agreement in an earlier case. On September 28, 2007, after briefing was complete on this motion, Judge Wilken issued an order granting in part and denying in part Defendants' motion to dismiss and granting Defendants' motion for summary judgment.

**Discussion**

    **Videotape**

On May 27, 2007, Plaintiff viewed a videotape of himself on the yard. He believes that this tape was not one that Dr. Sayre relied on to make the medication decision because it is labelled with a date of November 16, 2006, which is five days after the date of the Sayre declaration regarding discontinuance of the medication and more than four months after the pain medication was discontinued. Defendants argue that the tape that Plaintiff viewed is the only tape that they have and that it was one on which Dr. Sayre relied so it must be mislabeled (declaration of Brendan Kenny ¶ 12), but Dr. Sayre's declaration does not address the issue.

Plaintiff has provided no basis for the Court to order Defendants to lodge the videotape, particularly in light of the dismissal of Plaintiff's retaliation claim, which was the basis for the Court's recommendation in the April 3, 2007 Report and Recommendation that the videotape be lodged. Moreover, Judge Wilken did not adopt that recommendation. However, the issue of

1  discontinuance of pain medication could be relevant to Plaintiff's Eighth Amendment claim raised in
2  his supplemental complaint. Accordingly, no later than November 9, 2007, Defendants shall
3  provide Plaintiff with a declaration by Dr. Sayre attesting, to the extent that he can, to the facts that
4  he viewed the videotape shown to Plaintiff and that there were no other tapes that he viewed.

**Sanctions**

Plaintiff asks the Court to consider Defendants' failure to preserve and produce the videotape as additional evidence of sanctionable conduct in support of Plaintiff's December 2006 motion for sanctions. There is no pending motion for sanctions; on July 5, 2007, the Court denied the December 2006 motion. To the extent that Plaintiff seeks new sanctions, that request is denied because it was not made in a separate motion pursuant to Civil Local Rule 7-8.

**Perjury**

Plaintiff argues that Dr. Sayre committed perjury in his declaration submitted in opposition to this motion when Dr. Sayre stated that Plaintiff's "physical therapy treatment regime has not changed since 2002 and is considered by the physical therapist as having reached the maximum potential." Sayre Decl. ¶ 7. Plaintiff contends that this statement is false because his physical therapy has changed from twice per week to once per week and then discontinued for several weeks at the beginning of the year, and that his physical therapist said that Dr. Sayre discontinued Plaintiff's physical therapy.

Although Plaintiff argues that the frequency of his therapy sessions has changed over the years, it seems more likely that Dr. Sayre meant that the substance of the sessions had not changed, and Plaintiff has provided no evidence that this is a false statement. Moreover, this is not the first time that Plaintiff has made allegations of perjury with respect to Dr. Sayre. The Court's statement about perjury in the July 5, 2007 Order applies with equal force here: "While it is crystal clear that the parties disagree as to the appropriate care and treatment of Plaintiff's long-standing injury, the Court does not find evidence of any declarant "willfully making a material assertion she knew to be false." *Black's Law Dictionary* (5th ed. 1979)." To the extent that Dr. Sayre's credibility becomes an issue at trial, Plaintiff can raise these issues at that time.

**Pain and suffering**

Plaintiff also makes a renewed request for relief regarding his pain issues. The thrust of his complaint appears to be that he is suffering increased daily pain, that Dr. Sayre is not attending to his pain and that Dr. Weinstein, a specialist, opined in January 2007 that Dr. Sayre's treatment falls below the acceptable standard of care. Mot. at Ex. C.

To the extent that Plaintiff seeks preliminary injunctive relief with respect to his pain and suffering issues, the Court makes a report and recommendation. To obtain injunctive relief regarding his pain issues pending litigation of the new claims in his supplemental complaint, he must show either:

> (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998) (citation omitted). "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief . . . ." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A "serious question" is one as to which the moving party has "a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984); see also Martin v. Int'l Olympic Comm., 740 F.2d 670, 674-75 (9th Cir. 1984) ("fair chance of success" on the merits is an "irreducible minimum"). Furthermore, if a party seeks not merely a prohibitory injunction but a mandatory injunction "that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction" unless the facts and law clearly favor the moving party. Martin, 740 F.2d at 675; Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir.1980) (district court abused discretion by granting preliminary relief in employment discrimination case to require plaintiff's job transfer to a particular position, thereby interfering with Air Force internal affairs by dictating which candidate it must hire).

Plaintiff's supplemental complaint contains a claim for deliberate indifference under the

4

Eighth Amendment in which he complains that medical personnel are not providing adequate care in the form of medication and assistance aids. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ( "Deliberate indifference is a high legal standard.") ( citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir.2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990)). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff has not established probable success on the merits. He believes that he needs additional pain medication and his arm brace fixed based on Dr. Weinstein's January 2007 report, but Dr. Sayre believes otherwise. This difference of opinion does not establish deliberate indifference. Further, he has not shown that any alleged indifference is not simply due (at the worst) to gross negligence. To the contrary, on June 6, 2007, Dr. Sayre reviewed the results of a GI exam that was administered on May 29, 2007, and determined that the exam showed "no significant abnormalities, but rather, several less significant findings suggestive of mild disease, most likely, gastritis and mild GERD" (Sayre Decl. ¶ 10), even though Dr. Weinstein had opined that Plaintiff suffered from "inflammation or ulcer in his duodenum." Pl.'s Mot. at Ex. C at 6. Also on June 6, 2007, Dr. Sayre examined Plaintiff's right hand and arm and found "no evidence of any ulnar drift, strong and conditioned muscles in the upper forearm, and no need of a brace" (Sayre Decl. ¶¶ 11-12), even though Dr. Weinstein opined that Plaintiff had "weakness, limitation of motion and neurological deficit of the affected limb." Pl.'s Mot. at Ex. C at 6. Further, Plaintiff's retaliation claim, which could possibly have shown a culpable state of mind by Dr. Sayre for purposes of the Eighth Amendment claim, was dismissed on summary judgment.

Regarding the balance of hardships, the Court has already found that the balance of hardships did not tip in Plaintiff's favor. He has provided no further evidence to change that finding; instead,

5

he provides additional similar evidence of the same pain and stomach issues. <u>See</u> Reply at Ex. C (in March 2007, Plaintiff's request to reinstate his physical therapy was denied because he refused two appointments); Reply at Ex. D (in April 2007, Plaintiff's request for return of his ball and band, for his arm brace to be fixed and his medication issues fixed was denied, although he was able to get the ball, band and arm brace and thermal wear after appealing the decision); Reply at 10 (on June 6, 2007, Plaintiff saw Dr. Sayre and told him that his arm tendons were extremely painful and that the Tylenol was not working, and that Dr. Sayre responded that it was just arthritis); Reply at 11 (on June 20, 2007, Plaintiff saw FNP Rosenhoover, and showed her his hand which was swollen, nearly purple and painful; she only agreed to give him more Tylenol, but then agreed to give him Elavil). Even with this additional evidence of pain, the balance of hardships does not tip sufficiently in Plaintiff's favor to justify injunctive relief at this time, given that he has not shown a probability of success.

**Supplemental Evidence**

On August 24, 2007, Plaintiff filed a request to submit the declaration of fellow inmate Jeremy Beasley and additional evidence from his medical file of the allegedly inadequate medical care he received recently in further support of his motion for relief. Mr. Beasley also submitted his own declaration in support of Plaintiff's motion. Defendants have opposed the submission of this evidence. To the extent that Plaintiff seeks to supplement with more evidence of his allegedly inadequate medical care, that request is granted.

However, to the extent that Plaintiff seeks to supplement the evidence with the Beasley declaration, the request is denied in part. Mr. Beasley states in his declaration that he filed a state court habeas corpus petition due the alleged lack of medical attention he was receiving at Pelican Bay. Beasley Decl. at ¶ 2. According to Mr. Beasley, the superior court judge in Del Norte County appointed a medical investigator/expert in his case. <u>Id.</u> at ¶ 3. That investigator/expert prepared a letter that Mr. Beasley believes might be of use to Plaintiff in this case. <u>Id.</u> at ¶ 4. The letter from Dr. Allen states, *inter alia*, that Dr. Sayre would discontinue medications without the knowledge or consent of the patient's primary physician, and that various personnel on the medical staff deemed Dr. Sayre's actions "illegal." <u>Id.</u> at Ex. A.

Defendant's objections to paragraph one of Mr. Beasley's declaration in which he states his name, that he is over age eighteen and that he is currently incarcerated are overruled. Defendants' relevance objection to paragraph two in which Mr. Beasley states that he filed a habeas petition for lack of medical attention is overruled. However, to the extent that Mr. Beasley states that the writ of habeas corpus was due to a lack of medical attention that he is receiving at the jail, that statement is improper lay opinion and Defendants' objection on that ground is sustained. Defendants' objection to paragraph three in which Mr. Beasley states that a superior court judge issued an Order to Show Cause and appointed a medical investigator as inadmissible hearsay is sustained. Similarly, Defendants' objection to Dr. Allen's report as inadmissible hearsay is sustained.

**Conclusion**

Plaintiff's motion is denied, except that Defendants shall provide to Plaintiff Dr. Sayre's declaration regarding the videotapes. The Court recommends denying injunctive relief with respect to Plaintiff's pain and suffering issue. Any party may file objections to the report and recommendation portion of this Order with the district judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: October 25, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

7