UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>    Defendants.<br>_____/ | No.   C 05-03759 CW (EDL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PERMIT WRITTEN DEPOSITIONS** |

On October 9, 2007, Plaintiff filed a Motion to Compel Production of Documents and Permit Written Depositions. On November 8, 2007, Defendants filed an opposition to this motion. On November 20, 2007, Plaintiff filed a reply. In his motion, Plaintiff seeks documents responsive to his fifth set of requests for production of documents served on September 5, 2007 and leave to take eight written depositions.[1] To the extent that Plaintiff seeks a stay of the summary judgment briefing schedule, he should direct that request to Judge Wilken or file a request under Federal Rule of Civil Procedure 56(f) in response to Defendants' Motion for Summary Judgment if he can meet the requirements of that Rule. The Court has carefully reviewed the briefs and the record in this case and issues the following Order.

**Requests for production of documents**

Defendants argue that Plaintiff's motion is moot with respect to the fifth set of requests for production of documents because Defendants have produced responsive documents. Plaintiff, however, has shown that at least some responsive documents have not been produced. For example, Plaintiff's request number 3(B) sought "all medical records in Ashker's medical file for the time

---

[1] Plaintiff initially sought leave to take nine depositions, but in his reply, he stated that he no longer needed Dr. Welton's deposition.

1

period covering September 1, 2006 up to and including the present date." Defendant states that it produced all documents from September 1, 2006 through August 14, 2007. However, even giving Plaintiff's request the narrowest construction, the "present date" for purposes of the request was September 5, 2007, the date the requests were served. Plaintiff states in his declaration that Defendants have not produced an August 23, 2007 report from Dr. Martinelli and a September 5, 2007 x-ray report. See Reply Decl. Ex. A at 2. There is no explanation for Defendants' unilateral limitation on the time period for this request. Defendants shall produce Plaintiff's medical records for the time frame from September 1, 2006 through September 5, 2007. Accordingly, the motion to compel with respect to the requests for production is not moot.

Plaintiff seeks copies of photographs taken of his cell on July 25, 2007. See Ashker Decl. in Support of Mot. to Compel Ex. B, request 1. In his motion, Plaintiff stated that he had received poor quality black and white photos. Defendants objected to production of the photographs as irrelevant, yet apparently produced black and white copies to Plaintiff. Therefore, if and only to the extent that Defendants have color photos, or better quality black and white images, Plaintiff's motion is granted and Defendants shall produce them to Plaintiff.

Plaintiff seeks documents relating to the photographing of his cell on July 25, 2007. See Ashker Decl. in Support of Mot. to Compel Ex. B, request 2. Plaintiff states that he received a chrono about an inspection of his cell on July 19, 2007, but no information about the photographs taken on July 25, 2007. If and only to the extent that there is a chrono about photographs taken on July 25, 2007, Plaintiff's motion is granted and Defendants shall produce the chrono.

Plaintiff seeks documents pertaining to Plaintiff's Tramadol medication ordered on January 9, 2006. See Ashker Decl. in Support of Mot. to Compel Ex. B, request 3(A). According to Plaintiff, Defendants produced a January 9, 2005 medication order (see Ashker Decl. in Support of Reply Ex. D at 4), that Plaintiff states is for Tylenol, not Tramadol. To the extent that there is another medication order for Tramadol from January 9, 2006, Plaintiff's motion is granted and Defendants shall produce the order.

Plaintiff seeks documents pertaining to Dr. Sayre's statement in his declaration that Tramadol has significant abuse problems at the prison. See Ashker Decl. in Support of Mot. to

2

1  Compel Ex. B, request 4.  One of Plaintiff's claims is that he was wrongfully denied Tramadol, so
2  documents relating to Dr. Sayre's statements of Tramadol abuse are at least relevant for purposes of
3  discovery.  Accordingly, Plaintiff's motion is granted in part as to these documents.  If there are
4  documents on which Dr. Sayre relied in making his statement about Tramadol and/or that establish a
5  significant abuse problem with Tramadol at the prison, Defendants shall produce those documents.

7  Plaintiff seeks documents regarding the prison's policy to limit prescribed medications.  See
8  Ashker Decl. in Support of Mot. to Compel Ex. B, request 5.  Plaintiff alleges injury to himself,
9  rather than a systemic injury.  Plaintiff's motion is denied as to this request.

10  Plaintiff seeks documents related to the MAR committee.  See Ashker Decl. in Support of
11  Mot. to Compel Ex. B, request 6(A).  Defendants have responded that no responsive documents
12  exist.  If there are no responsive documents, Defendants shall serve a declaration on Plaintiff
13  describing the search done for documents and attesting that no documents exist.

14  Plaintiff seeks documents relating to guidelines and criteria for the authorization of non-
15  formulary medications.  See Ashker Decl. in Support of Mot. to Compel Ex. B, request 6(C).
16  Plaintiff's motion is denied as to any additional documents.  Plaintiff has not shown how these
17  documents are relevant to his case.

18  Plaintiff seeks documents relating to all medications available from "MAXOR" pharmacy.[2]
19  See Ashker Decl. in Support of Mot. to Compel Ex. B, request 6(D).  Plaintiff's motion is denied as
20  to these documents.  Plaintiff has not shown how a list of medications from a certain pharmacy is
21  relevant to his case.

22  Plaintiff seeks orders, memoranda or directives from CDCR Headquarters relating to cutting
23  back medications and medical services to inmates.  See Ashker Decl. in Support of Mot. to Compel
24  Ex. B, request 6(E).  If there are any such orders, memoranda or directives that were applicable to
25  Plaintiff, they would be relevant to Plaintiff's claims.  Therefore, Plaintiff's motion is granted and
26  Defendants shall produce any responsive documents for the time period from January 2005 (the first

---

[2] Plaintiff misspelled MAXOR in his requests, instead seeking documents for MAJOR pharmacy.

3

month of the year when Plaintiff first alleges in the supplemental complaint that his medications were cut back) to June 18, 2007 (the date of the filing of the supplemental complaint) or shall serve a declaration from a knowledgeable person stating that no such documents exist.

Plaintiff seeks documents showing federal and manufacturers guidelines stating that Tramadol is not indicated for long-term use. See Ashker Decl. in Support of Mot. to Compel Ex. B, request 7. Defendants have produced the federal and manufacturers guidelines about Tramadol. No further production is necessary. Plaintiff's motion is denied as to this request.

**Written depositions**

In additional to the nine written depositions Plaintiff had already taken in this case, Plaintiff seeks eight additional depositions. While the presumptive limit on depositions under Federal Rule of Civil Procedure 30(a)(2) is ten, the Court is inclined to grant leave for Plaintiff to take some additional depositions, with strict limitations, only with respect to the issues raised in Plaintiff's supplemental complaint. Subject to the additional specific limitations described below, which are derived from Plaintiff's statement of the reasons he wishes to depose each individual, each written deposition shall be limited to 35 questions with no subparts.

Plaintiff may take Dr. Sayre's written deposition, but questioning must be limited to Plaintiff's specific medical issues, not, for example, Plaintiff's allegation that Dr. Sayre has a "history of causing death and other injuries to inmates." Plaintiff may take the depositions of Dr. Rowe, Dr. David, Ms. McLean and Ms. Rosenhoover, but questioning must be limited to Plaintiff's medical records, 602 appeals involving Plaintiff and statements made in the deponents' prior declarations. Plaintiff may depose Dr. Winslow only on the issue of Dr. Winslow's treatment of Plaintiff. Plaintiff may depose Mr. Dodgen regarding his treatment of Plaintiff only, not treatment of other inmates. Plaintiff has not made a sufficient showing of relevancy to depose Dr. Duncan, because Dr. Duncan has not treated Plaintiff since 2002.

**IT IS SO ORDERED.**

Dated: December 4, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge