UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT HOREL, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-03759 CW (EDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PERMIT PLAINTIFF TO OBTAIN EVIDENCE FROM INMATES** |

On October 9, 2007, Plaintiff filed a Motion for the Court to Compel Defendants to Permit Plaintiff to Obtain Evidence from Inmates. On November 8, 2007, Defendants filed an opposition and on December 3, 2007, Plaintiff filed a reply. This matter is appropriate for decision without oral argument.

In his supplemental complaint, Plaintiff alleges that he received inadequate medical care at Pelican Bay State Prison and brings a federal claim against Defendants based on violation of his Eighth Amendment rights and state law claims for medical negligence and breach of contract. In this motion, Plaintiff seeks an order permitting him to obtain evidence from inmates Clement and Beasley, who allegedly had similar experiences with allegedly inadequate medical care at Pelican Bay. Plaintiff claims to need this information in order to oppose Defendants' Motion for Summary Judgment. According to Defendants, Plaintiff's requests to correspond with these inmates will been denied based on the prison's rule that approvals for correspondence related to a lawsuit are for one time only, and that Plaintiff has previously corresponded with these two inmates. See Barlow Decl. ¶ 10.

Plaintiff states generally that these inmates are "similarly situated and thus supportive of his claims presented in his supplemental complaint" (Mot. at 1), but this is not sufficient to show that Clement or Beasley have additional information relevant to Plaintiff's claim for purposes of discovery. Plaintiff's supplemental complaint seeks to redress his own personal injury, so allegedly inadequate medical care received by other inmates is not relevant to his claims.

Accordingly, Plaintiff's motion to compel is denied. Because the Court denies the motion on relevancy grounds, it need not reach the issue of whether the prison's apparent policy of limiting correspondence with other inmates pertaining to litigation to a single time only could run afoul of a litigants' rights under different circumstances.

**IT IS SO ORDERED.**

Dated: December 17, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge