IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

  v.

HOREL, et al.,

        Defendants.

No. C-05-03759 CW (EDL)

**ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER**

On December 4, 2008, Plaintiff filed a Motion to Quash Subpoenas or for a Protective Order to Prevent Depositions of Doctors. On December 8, 2008, Defendants filed an opposition to Plaintiff's Motion. The Court has carefully reviewed the filings and has determined that no reply from Plaintiff is necessary. Further, this matter is appropriate for decision without oral argument.

A court must quash a subpoena if the subpoena: (1) fails to allow a reasonable time to respond; (2) requires a third party to travel more than 100 miles from the person's residence or place of business; (3) requires disclosure of privileged matter; or (4) subjects a person to undue burden. Fed. R. Civ. Proc. 45(c)(3)(A). A court may quash a subpoena if the subpoena: (1) requires disclosure of trade secrets; (2) requires disclosure of unretained expert's opinion; or (3) requires a third party to travel more then 100 miles. Fed. R. Civ. Proc. 45(c)(3)(B).

On November 13, 2008, Defendants served subpoenas on Doctors Kleis and Fishman from the University of California at Davis, setting their depositions for December 15, 2008 at the University. See Defs.' Opp. at Ex. A, B. Plaintiff seeks to quash these subpoenas because Plaintiff: (1) does not know the doctors and does not know what they would testify about; (2) is incarcerated and therefore cannot be present at the depositions; and (3) is in severe pain which affects his ability to concentrate and focus, and which would adversely impact his ability to participate in the

1  depositions. None of these reasons provide a basis to quash the subpoenas under Rule 45(c)(3).
2  Moreover, Defendants have made a showing that no basis exists for quashing the subpoenas.

3  First, Plaintiff has cited no authority requiring Defendants to explain the relevance of a
4  deponent's testimony to him in advance of the deposition. Further, these doctors appear to have
5  relevant information in that Defendants represent that the doctors essentially made the decision to
6  decline to examine Plaintiff at the UC Davis pain management clinic after Plaintiff was referred to
7  that clinic as part of a prior settlement agreement between Plaintiff and Defendants. See Defs.' Opp.
8  at 4.

9  Second, Defendants have already made arrangements for Plaintiff, who is located at Pelican
10 Bay State Prison, to appear by telephone at the depositions. See Declaration of William Barlow ¶¶
11 4-6. The Court, however, is concerned that Plaintiff may not receive notice of this Order prior to the
12 December 15, 2008 depositions. Therefore, Defendants' counsel shall inform the prison of this
13 Court's order and confirm that Plaintiff will be able to appear by telephone at these depositions.

14 Third, Defendants have made a showing that Plaintiff was able to sit for a full day of his
15 deposition on December 2, 2008 from 9:30 a.m. to 5:00 p.m. with breaks. See Declaration of
16 Russell Andrada ¶ 2. Plaintiff also informed counsel at that deposition that he was capable of giving
17 more than seven hours of testimony on that day and was prepared to finish the deposition in one
18 sitting even if the questioning extended into the evening. See id. ¶ 3. Accordingly, it appears that,
19 despite his physical condition, Plaintiff has the ability to participate in these depositions, which
20 Defendants represent will be brief.

21 Fourth, Defendants have shown that they provided a reasonable time for Doctors Kleis and
22 Fishman to respond to the subpoenas, and that the doctors will not be required to travel more than
23 100 miles from their residence or place of business to attend the depositions. There has been no
24 showing that the depositions will require disclosure of privileged information, trade secrets, or
25 unretained expert opinion. Finally, it does not appear that the depositions would subject the doctors
26 to undue burden. They have not objected to the subpoenas, and Defendants have arranged for a
27 convenient time and place to depose them. See Defs.' Opp. Ex. E.

28 Accordingly, Plaintiffs' Motion to Quash or for a Protective Order is denied. Plaintiff is

2

admonished that the Federal Rules of Civil Procedure and the Court's Local Rules require that a party must meet and confer with opposing counsel prior to filing a discovery motion. See Fed. R. Civ. Proc 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Civil L.R. 37-1 ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."). It appears that in this instance, Plaintiff did not meet and confer with Defendants' counsel prior to filing this motion, and that had the parties met and conferred, at least some of the concerns raised by Plaintiff, such as the telephonic appearance, could have been resolved without court intervention. The parties are warned that the Court will not entertain any future discovery motions in which the parties have not met and conferred in good faith.

**IT IS SO ORDERED.**

Dated: December 11, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4