IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD L. ASHKER,

    Plaintiff,

  v.

MICHAEL C. SAYRE, et al.,

    Defendants.
_____/

No. C 05-3759 CW

**AMENDED** ORDER ON MOTIONS IN LIMINE

I.  Plaintiff's Motions in Limine

    Docket # 307: Granted in part and denied in part.

    No. 1:  Exclusion of particulars of convictions.  The Court grants this motion and excludes the particulars of Plaintiff's and the inmate-witnesses' past convictions, except that the number of prior felony convictions Plaintiff and each witness have received will be admitted.

    No. 2:  Exclusion of alleged gang status references.  The Court grants this motion regarding Plaintiff and the inmate-witnesses.

    No. 3:  Trial appearance issues.  Plaintiff and the inmate-witnesses will wear their usual garb and the restraints their custodians find necessary.  However, Plaintiff's arms must be free enough to allow him to take notes and handle exhibits.

    No. 4:  Evidence of related cases.  The motion to allow evidence of other lawsuits in which Plaintiff was a party is denied.  The amount of Plaintiff's past damages award is also

1  excluded.  Plaintiff may testify to relevant, admissible facts
2  regarding his injury and medical treatment, and may use charts or
3  summaries of voluminous medical records.  However, any such charts
4  may contain only brief objective summaries of the records in
5  question, including the date, person involved and subject.  The
6  charts Plaintiff has provided do not fit this criterion.  Evidence
7  regarding waist chains may not be included in the charts.

8       No. 5:  Request for clarification as to the applicable law
9  relating to medical care claims and application to this case,
10 relating to expert qualification and testimony.  The motion for
11 clarification of the standard of care is granted.  The standard of
12 care on the state law claim is that which is reasonably exercised
13 by members of the medical profession in the community at large,
14 modified to the extent required by prison security concerns.  See
15 Mann v. Cracchiolo, 38 Cal. 3d 18, 36 (1985).  Dr. Weinstein may
16 testify as an expert.  The Court has considered his proffered
17 testimony and Defendants' arguments and finds that the testimony is
18 sufficiently relevant and reliable to be presented to the jury.
19 See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).
20 Dr. Duncan may testify as to the facts he learned in the course of
21 his treatment of Plaintiff, and his medical opinion based on those
22 facts.  The motion to exclude certain testimony from Dr. Shin is
23 denied.

24      No. 6:  (Docket # 308)  Motion to permit video tape evidence
25 and reference to evidence of previous and current malpractice acts
26 and/or medical board inquiries.  The motion to admit the
27 surveillance video tape provided by Defendants is granted.

1  Plaintiff may introduce the surveillance tape that he was shown,
2  and its box.  Defendants shall make this evidence available at
3  trial.  Plaintiff may testify and argue that the video tape
4  provided by Defendants could not be the one Dr. Sayre said he saw.
5  However, the video tape Plaintiff believes exists cannot be shown
6  because it has not been located.  The motion to allow Dr. Allen to
7  testify to previous and current acts of malpractice by Dr. Sayre is
8  granted, in part.  Dr. Allen may testify as a percipient witness,
9  not as an expert.  He may testify to his personal knowledge of
10 Pelican Bay State Prison's procedures for medical care or referral
11 to medical specialists, to any direct observations of Dr. Sayre's
12 malpractice that are probative of similar treatment of Plaintiff,
13 or to any admissions by Dr. Sayre.  Testimony about an inmate's
14 death in Washington and about a medical board investigation of Dr.
15 Sayre that Dr. Allen initiated is excluded.

16      No. 7:  (Docket # 309)  Motion to allow Plaintiff to pose
17 hypothetical questions to UC Davis Doctors Fishman and Kreis and to
18 question Dr. Sayre.  The motion to allow Plaintiff to ask
19 hypothetical questions of Drs. Fishman and Kreis is denied.
20 Plaintiff may ask Dr. Sayre non-hypothetical questions regarding
21 his declarations, the medical records, and his diagnosis and
22 treatment of Plaintiff.

23 II.  Defendants' Motions in Limine

24      No. 1:  (Docket # 287)  Motion to exclude testimony designed
25 to appeal to jurors' sympathy or prejudice.  This motion is denied.
26 Defendants may object to any inadmissible testimony or improper
27 argument.

3

1    No. 2:  (Docket # 288)  Motion to preclude Plaintiff from
2 posing hypothetical questions to non-expert witnesses.  This motion
3 is granted.
4    No. 3:  (Docket # 289)  Motion to exclude reference to or
5 evidence of current or potential medical malpractice actions
6 against Dr. Sayre.  This motion is granted, assuming that any such
7 actions have not been resolved.
8    No. 4:  (Docket # 291)  Motion to preclude Plaintiff's experts
9 from testifying regarding alternative standards of care.  This
10 motion is denied.  The Court has defined the appropriate standard
11 of care above, in addressing Plaintiff's motion in limine number 5.
12   No. 5:  (Docket # 326)  Motion to preclude Dr. Allen from
13 testifying.  This issue was discussed in regard to Plaintiff's
14 motion in limine number 6.
15   No. 6:  (Docket # 323)  Motion to preclude Dr. Weinstein from
16 testifying.  This motion is denied.  See Plaintiff's motion in
17 limine number 5.
18   No. 7:  (Docket # 327)  Motion to strike Plaintiff's
19 supplemental notice designating Dr. Duncan as an expert witness and
20 to preclude Dr. Duncan from testifying regarding his treatment of
21 Plaintiff after March 6, 2002.  The motion to strike is denied.  As
22 Plaintiff's former treating physician, Dr. Duncan may present his
23 opinion of causation, diagnosis and prognosis derived from his
24 treatment of Plaintiff.  However, he may not testify to any
25 opinions he formed based on facts that were not learned by him
26 within the course of his treatment of Plaintiff.
27   No. 8:  (Docket # 333)  Motion to preclude Dr. Weinstein from

4

testifying that Dr. Sayre was deliberately indifferent to Plaintiff's medical needs.  This motion is granted.

No. 9:  (Docket # 343)  Motion to restrict Dr. Weinstein's testimony to his stated opinion that Dr. Sayre intentionally altered Plaintiff's medical treatment to harm Plaintiff.  This motion is denied.

IT IS SO ORDERED.

Dated: ~~5/6/00~~ 5/6/09

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

  v.

ALAMEIDA ET AL et al,

        Defendant.

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd A. Ashker C58191
Pelican Bay State Prison
Box 7500
D1-119
Crescent City, CA 95532

Dated: May 6, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

6