```
                                         VOLUME 7

                                         PAGES 1176 - 1189

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

TODD L. ASHKER,                )
                               )
                               )
            PLAINTIFF,         )   NO. C-05-3759 CW
                               )
  VS.                          )   TUESDAY, MAY 19, 2009
                               )
MICHAEL C. SAYRE, ET AL.,      )   OAKLAND, CALIFORNIA
                               )
            DEFENDANTS.        )
_____)
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          TODD L. ASHKER, PRO PER
                            BOX 7500/D1-119
                            CRESCENT CITY, CALIFORNIA 9553


**FOR DEFENDANTS:**         ANDRADA & ASSOCIATES
                            180 GRAND AVENUE, SUITE 225
                            OAKLAND, CALIFORNIA 94612
                        BY: J. RANDALL ANDRADA, ESQUIRE


**REPORTED BY:**            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                            OFFICIAL COURT REPORTER

```
 1   TUESDAY, MAY 19, 2009                                    12:00 P.M.
 2
 3              (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4              THE COURT:  SHEILAH, THESE ARE GOING TO BE FOR THEM.
 5       GOOD MORNING.
 6              MR. ASHKER:  GOOD MORNING.
 7              THE COURT:  WE ARE RECALLING THE ASHKER V. SAYRE
 8       CASE.  WE HAVE COUNSEL AND MR. ASHKER PRESENT.
 9              WE HAVE A NOTE FROM THE JURY DATED TODAY AT 11:45,
10       WHICH SAYS:
11              ON FRIDAY AT AROUND 9:20 TO 9:30 A.M.
12              DEFENDANTS' EXHIBIT 247 WAS REFERENCED.  DOES
13              THIS EXIST AND IS PART OF EVIDENCE OR IS IT
14              REALLY DEFENDANTS' EXHIBIT 248?
15              DIANE WILCOX, JUROR NUMBER FOUR.
16              WHAT I PROPOSE TO TELL THEM AND WHICH I BELIEVE TO
17       BE CORRECT, DEFENSE EXHIBIT 247 WAS A DECLARATION OF DR. SAYRE
18       DATED AUGUST 31ST, 2007 THAT WAS NOT RECEIVED IN EVIDENCE.
19              DEFENSE EXHIBIT 248 IS A DIFFERENT DECLARATION OF
20       DR. SAYRE DATED NOVEMBER 6TH, 2006 THAT WAS RECEIVED IN
21       EVIDENCE.
22              MR. ASHKER:  WELL, THE NOVEMBER 6TH -- THERE WERE
23       TWO DECLARATIONS OF DR. SAYRE'S.  ONE WAS THE NOVEMBER 11TH OF
24       2006.
25              THE COURT:  WAS IT THE 11TH?
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

```
 1            MR. ASHKER:  YES, NOVEMBER 11TH, 2006, AND THEN
 2   THERE WAS ONE THAT WAS NOVEMBER 7TH -- NOVEMBER 6TH, 2007.  SO
 3   THERE WAS TWO.
 4            THE COURT:  THERE WAS ONE THAT WAS AUGUST 31ST,
 5   2007.
 6            MR. ASHKER:  THAT WAS NOT RECEIVED.
 7            THE COURT:  THAT'S CORRECT.
 8            MR. ASHKER:  THEN THERE WAS THE NOVEMBER 6TH, 2007
 9   AND THEN THE NOVEMBER 11TH, 2006.
10            THE COURT:  THE ONE THAT WAS RECEIVED INTO
11   EVIDENCE -- SHEILAH, CAN I SEE THAT AGAIN?
12            THE ONE THAT WAS RECEIVED IN EVIDENCE --
13            THE CLERK:  THE ONE RECEIVED IN EVIDENCE THEY HAVE.
14            THE COURT:  CAN I SEE YOUR LIST THAT I WAS LOOKING
15   AT BEFORE?
16            THE CLERK:  I AM SORRY.
17            THE COURT:  SO, THE ONE THAT WAS RECEIVED IN
18   EVIDENCE WAS NOVEMBER 6TH OF '07?
19            MR. ASHKER:  YES.  THERE WAS TWO --
20            THE COURT:  THERE WAS THE ONE THAT WAS IN RESPONSE
21   TO THE PROTECTIVE ORDER.
22            MR. ASHKER:  THAT WAS NOVEMBER 11TH, 2006.
23            THE COURT:  OH, REALLY?
24            MR. ASHKER:  AND THEN THE NOVEMBER 6TH, 2007 WAS THE
25   ONE REGARDING THE VIDEOTAPE.
```

| | |
|---|---|
| 1 | **THE COURT:** REGARDING THE VIDEOTAPE. OH, OKAY. I WAS THINKING IT WAS THE -- WHERE IS THE NOVEMBER OF '06 ONE? |
| 3 | **MR. ASHKER:** THAT WAS ONE THAT I HAD MOVED TO PUT INTO EVIDENCE. |
| 5 | **THE COURT:** I SEE. OKAY. |
| 6 | SO DEFENSE EXHIBIT 247 WAS A DECLARATION OF DR. SAYRE DATED AUGUST 31ST, 2007 THAT WAS NOT RECEIVED IN EVIDENCE. |
| 9 | DEFENSE EXHIBIT 248 IS A DIFFERENT DECLARATION OF DR. SAYRE DATED NOVEMBER 11TH -- I AM SORRY, NOVEMBER 6TH, 2007 THAT WAS RECEIVED IN EVIDENCE. |
| 12 | WOULD THAT BE CORRECT? |
| 13 | **MR. ASHKER:** YES. |
| 14 | **THE COURT:** SO IS THAT RIGHT AS FAR AS YOU ARE AWARE? |
| 16 | **MR. ANDRADA:** WELL -- |
| 17 | **THE COURT:** WOULD YOU LIKE TO LOOK AT THE COURT'S NOTES? |
| 19 | **MR. ANDRADA:** COULD I PLEASE? MAY I ALSO LOOK AT THE NOTE ITSELF FROM THE JUROR? |
| 21 | (PAUSE IN THE PROCEEDINGS.) |
| 22 | **MR. ANDRADA:** SO, YOUR HONOR, WHAT YOU'RE SAYING IS -- |
| 24 | (OFF-THE-RECORD DISCUSSION HELD BETWEEN COURT AND CLERK.) |

1        **MR. ANDRADA:**  I AM SORRY.  EXCUSE ME.  I DIDN'T MEAN
2   TO -- MADAME CLERK, I ASSUME YOU HAVE WHAT WAS MARKED AS 247?
3        MAY I IMPOSE UPON THE COURT TO HAVE THE CLERK GIVE
4   ME THAT SO I CAN LOOK AT IT JUST FOR A SECOND?
5        **THE COURT:**  YES.
6        **MR. ANDRADA:**  SO THIS -- I SEE.  I AM GOING TO
7   RETURN THE ORIGINAL NOTE FROM THE JURY FOREMAN.
8        (DOCUMENT HANDED TO CLERK.)
9        **MR. ANDRADA:**  MY RECOLLECTION IS THAT WE HAD ASKED
10  THAT THIS EXHIBIT BE MOVED INTO EVIDENCE.  AND I WOULD AGAIN.
11  IT SEEMS TO ME THAT THEY ARE OBVIOUSLY INTERESTED IN IT, AND
12  THAT IT WOULD BE REASONABLE AND HELPFUL PRESUMABLY TO THE JURY
13  TO HAVE THIS DECLARATION --
14       **THE COURT:**  IF IT WAS MOVED IN, IT'S IN.  IF NOT
15  MOVED IN, IT'S NOT MOVED IN.
16       YOU ALL WENT OVER THAT WITH MS. CAHILL.  I WAS GIVEN
17  THE RESULTS OF YOUR DISAGREEMENTS, AND I RULED ON EACH OF THEM.
18  IF YOU WANT ME TO CHECK THE TRANSCRIPT, WE CAN DO THAT, BUT
19  THESE ARE THE COURT'S NOTES.
20       **MR. ANDRADA:**  NO, NO.  I AM NOT DISPUTING --
21       **THE COURT:**  YOU ARE AGREEING THAT IT WAS NOT MOVED
22  INTO OR RECEIVED INTO EVIDENCE?
23       **MR. ANDRADA:**  CORRECT.
24       **THE COURT:**  THEN WE WILL NOT RECEIVE IT INTO
25  EVIDENCE.

1           **MR. ANDRADA:** BECAUSE YOU EARLIER SAID WE ARE NOT
2    LETTING IT IN.
3           **THE COURT:** OKAY.
4           IF THAT WAS THE RULING, THAT IS THE STATE OF THE
5    EVIDENCE AND WE CAN'T ADMIT NEW EVIDENCE AFTER IT HAS GONE TO
6    THE JURY.
7           SO IF YOU AGREE THAT IS THE STATE OF THE EVIDENCE,
8    THEN I PROPOSE TO SEND THIS WRITTEN NOTE INTO THEM RATHER THAN
9    DRAG THEM IN HERE WHERE WE HAVE ALL THE STUFF SET UP FOR THE
10   NEXT TRIAL.
11          **MR. ANDRADA:** AGAIN, THAT IS MY RECOLLECTION OF THE
12   STATE OF THE EVIDENCE.  THAT WE ASKED IT TO BE ADMITTED.  THE
13   COURT SAID NO.
14          AND, YOU KNOW, THIS IS A -- AND I KNOW -- I HAVE
15   HEARD THE COURT SAY WE ARE NOT GOING TO ADMIT IT.  BUT JUST SO
16   WE ARE CLEAR, THIS IS HIS DECLARATION WITH REGARD TO, AMONG
17   OTHER THINGS, THE TWO EXAMINATIONS.
18          SO, OBVIOUSLY THEY HAVE EXPRESSED SOME INTEREST IN
19   IT, BUT I UNDERSTAND WHAT THE COURT DID EARLIER.  SO, I WILL
20   RETURN THE COURT'S EXHIBIT BOOK TO IT.
21          AND, YOUR HONOR, MAY WE IMPOSE UPON THE CLERK TO GET
22   A COPY OF THE NOTE AT THE CLERK'S CONVENIENCE?
23          **THE COURT:** YES.  WE ARE IN THE MIDDLE OF ANOTHER
24   TRIAL AND I DO HAVE TO GIVE HER A BREAK, BUT WHEN SHE IS ABLE
25   TO DO, SO SHE WILL.

1    **MR. ANDRADA:**  I AM JUST ASKING WHENEVER IT'S
2    CONVENIENT FOR HER.
3            **THE COURT:**  DO YOU HAVE A PROBLEM -- IS THAT ALL
4    RIGHT WITH YOU IF I SEND IN THAT WRITTEN NOTE TO THE JURY?
5            **MR. ASHKER:**  YES.
6            **THE COURT:**  ALL RIGHT.
7            **MR. ANDRADA:**  AND THEN MAY I ASK, HAVE THEY INQUIRED
8    ABOUT LUNCH?  ARE THEY GOING TO TAKE A BREAK?
9            **THE COURT:**  WE HAVE NOT HEARD ANYTHING, ALTHOUGH I
10   HAVE BEEN SITTING IN COURT ALL MORNING, SO I DON'T KNOW FOR
11   SURE, BUT WE HAVEN'T HEARD ANYTHING LIKE THAT.
12           **MR. ANDRADA:**  VERY WELL.  THANK YOU.
13           **THE COURT:**  THANK YOU.
14           YOU CAN TAKE THE SIGNED COPY IN THERE.
15           THANK YOU VERY MUCH.
16           (PROCEEDINGS IN RECESS AWAITING JURY DELIBERATIONS.)
17           (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY
18   AT 1:49 P.M.)
19           **THE CLERK:**  COURT IS NOW IN SESSION.
20           **THE COURT:**  GOOD AFTERNOON.
21           **MR. ASHKER:**  GOOD AFTERNOON.
22           **THE COURT:**  WE WILL BE RECALLING THE ASHKER CASE.
23   WE HAVE COUNSEL AND MR. ASHKER PRESENT.
24           WE HAVE A NOTE FROM THE JURY.  IT, IN ESSENCE, SAYS
25   THAT THEY ARE DEADLOCKED ON QUESTION 1 OF THE NEGLIGENCE CLAIM

1    AND WANT TO KNOW WHAT TO DO.
2            SO MY FIRST RESPONSE IS TO SAY, TO SUGGEST TO THEM
3    THAT THE COURT SUGGESTS THAT YOU GO ON TO QUESTIONS 8 AND 9,
4    AND THEN COME BACK TO QUESTION 1.
5            I THINK THEY PROBABLY DIDN'T GO BEYOND 1 BECAUSE THE
6    FORM INSTRUCTS THEM, YOU KNOW, IF YOU ANSWER 1, GO TO 2, AND SO
7    ON.  SO THEY MAY HAVE -- I AM GUESSING THEY HAVEN'T CONSIDERED
8    8 AND 9, SO I AM THINKING IF THEY CONSIDER 8 AND 9, PERHAPS
9    THEY CAN GET SOME PRACTICE AT AGREEING, AND MAYBE COME BACK AND
10   REACH A VERDICT ON QUESTION 1, AND GO ON.
11           SO THAT'S WHAT I PROPOSE TO DO.  BUT I ALSO WANTED
12   TO TAKE THIS OPPORTUNITY TO ASK YOU WHETHER YOU ALL, IF IT
13   COMES TO THIS, AND IT HASN'T COME TO IT YET, BUT IF IT DOES
14   COME TO IT WHETHER YOU ALL WOULD, BEFORE I SHOW YOU THE REST OF
15   THE NOTE, IN WHICH THEY TELL ME A LITTLE MORE THAN THEY SHOULD,
16   WHETHER YOU ALL WOULD BE WILLING TO STIPULATE TO A LESS THAN
17   UNANIMOUS VERDICT IF IT COMES TO THAT.
18           **MR. ANDRADA:**  NO.  WE WANT A UNANIMOUS VERDICT, YOUR
19   HONOR.  AND, FRANKLY, IT SOUNDS LIKE WE SHOULD BE TALKING ABOUT
20   MISTRIAL.  I SUGGEST --
21           **THE COURT:**  IT'S WAY TOO SOON TO TALK ABOUT THAT.
22           **MR. ANDRADA:**  I AM WONDERING IF I CAN PUT A VERY
23   BRIEF COMMENT ON THE RECORD?
24           **THE COURT:**  ALL RIGHT.
25           **MR. ANDRADA:**  IT SEEMS TO ME THAT IF THEY NEED TO

```
 1   REACH A UNANIMOUS DECISION ON ALL THE ISSUES, IT'S CLEAR THAT
 2   THEY ARE TELLING YOU THAT THEY CANNOT.  AND SO I SUGGEST THAT
 3   TO GO ON TO 8 AND 9 IS NOT GOING TO SOLVE THE PROBLEM.
 4           AND THE -- YOU ARE TALKING ABOUT A LIABILITY ISSUE
 5   IN NUMBER 1 AND DAMAGES IN NUMBER 1 THAT I THINK IS SEPARATE
 6   AND DISTINCT FROM WHAT'S GOING ON IN 8 AND 9.  SO WE SUGGEST
 7   THAT THE CASE SHOULD BE MISTRIED.
 8           **THE COURT:**  ALL RIGHT.  WELL, I AM NOT GOING TO DO
 9   THAT AT THIS POINT.  THEY HAVE ONLY BEEN DELIBERATING FOR A
10   DAY, LITTLE OVER A DAY.
11           SO I WILL SEND IN THIS NOTE UNLESS YOU HAVE A
12   PARTICULAR OBJECTION TO THE PHRASEOLOGY OF IT:
13           THE COURT SUGGESTS THAT YOU GO ON TO QUESTIONS 8 AND
14   9, AND THEN COME BACK TO QUESTION 1.
15           DO YOU HAVE ANYTHING YOU WANTED TO ADD?
16           **MR. ASHKER:**  NO.
17           **THE CLERK:**  I THOUGHT YOUR HONOR INDICATED THERE
18   MIGHT BE MORE ON THE NOTE?  DID I MISS -- PERHAPS I MISHEARD
19   YOU.
20           **THE COURT:**  YES.
21           **MR. ANDRADA:**  I AM WONDERING IF WE CAN HEAR THAT
22   BEFORE WE SIGN OFF ON YOUR SENDING THAT -- SENDING YOUR
23   RESPONSE.
24           **THE COURT:**  THE NOTE SAYS:
25           REGARDING QUESTION NUMBER 1 OF THE NEGLIGENCE
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1          CLAIM, WE ARE QUOTE 'DEADLOCKED' UNQUOTE.  THE
2          JURY APPROACHED THE JUROR WHICH VOTED NO,
3          ESSENTIALLY SHE IS UNWILLING TO CHANGE HER
4          DECISION.  YOUR HONOR, WHERE SHOULD WE GO TO AT
5          THIS POINT?
6          SO, I AM GOING TO SUGGEST THAT THEY SHOULD GO TO
7    QUESTIONS 8 AND 9 AND THEN COME BACK TO QUESTION 1, AND PERHAPS
8    BY THAT TIME THEY WILL BE IN A POSITION TO REACH AGREEMENT.  IF
9    NOT, THEN WE CAN ALWAYS TAKE A PARTIAL VERDICT.
10          **MR. ASHKER:**  SO THEY ARE SAYING ONE JUROR IS AGAINST
11    VOTING YES ON QUESTION NUMBER 1?
12          **THE COURT:**  THAT SEEMS TO BE WHAT THEY ARE SAYING,
13    ALTHOUGH I INSTRUCTED THEM NOT TO DISCLOSE ANY VOTE COUNT IN
14    ANY NOTE TO THE COURT, THEY MUST HAVE MISSED THAT POINT.
15          AGAIN, UNLESS YOU HAVE AN OBJECTION TO THE
16    PHRASEOLOGY AS OPPOSED TO THE CONCEPT OF MY NOTE TO THEM, I
17    WILL GO AHEAD SEND THIS IN.
18          **MR. ANDRADA:**  WELL, I DON'T HAVE AN OBJECTION TO THE
19    PHRASEOLOGY, YOUR HONOR.
20          **THE COURT:**  OKAY.  SO WE WILL GET SHEILAH TO MAKE A
21    COPY OF THE NOTE.  WE WILL GIVE YOU COPIES, AND THEN WE WILL
22    SEND A COPY OF THEIR NOTE BACK IN TO THEM AS WELL.
23          AND WE'LL SEE IF WE CAN FIND OUT WHAT THEIR SCHEDULE
24    IS FOR THE DAY.
25          **MR. ASHKER:**  JUST SO YOUR HONOR KNOWS, I WOULD BE

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1  WILLING TO GO FOR --
2          **THE COURT:**  A LESS THAN UNANIMOUS VERDICT?
3          I'M SURE YOU WOULD AT THIS POINT, BUT THE QUESTION
4  WAS WHETHER EITHER SIDE WOULD HAVE WITHOUT BEFORE KNOWING WHAT
5  THE PROBLEM IS.
6          AND WE HAD A DEFINITIVE ANSWER ON THAT, SO THAT'S
7  WHAT WE WILL DO.
8          DIANE, CAN I GET YOU TO GO OFF THE RECORD FOR A
9  SECOND?
10         (DISCUSSION HELD OFF-THE-RECORD.)
11         **THE COURT:**  WHEN SHEILAH GETS A CHANCE TO MAKE A
12 COPY OF THE OTHER NOTE, SHE'LL BRING THAT OUT TO YOU.
13 HOPEFULLY WE WILL FIND OUT WHEN THEY ARE GOING TO LEAVE AND
14 SHE'LL LET YOU KNOW THAT SO YOU CAN LEAVE AS WELL.
15         **MR. ASHKER:**  YOUR HONOR, WAS THERE -- WAS IT
16 POSSIBLE THAT I COULD GET A LOOK AT THE VERDICT FORM?  I DIDN'T
17 BRING ANY OF MY STUFF WITH ME.
18         **THE CLERK:**  I AM GOING TO GIVE THE NOTE TO THE
19 MARSHAL TO GIVE TO HIM?
20         **THE COURT:**  RIGHT.  THEN WOULD YOU MAKE A COPY OF
21 THE JURY'S NOTE TO GIVE TO -- THESE TWO, AND THEN IF ARE ABLE
22 TO FIND OUT WHAT TIME THEY ARE LEAVING TODAY, THAT WOULD BE
23 HELPFUL.
24         IF WE DON'T HEAR BACK FROM THEM TODAY, WE WILL HAVE
25 TO HAVE MR. ASHKER BACK AT 8:30 TOMORROW MORNING.  DON'T LEAVE

```
 1   UNTIL WE HEAR THAT THEY HAVE LEFT.
 2            ONCE THEY LEAVE, YOU CAN LEAVE.  IF WE HAVE NOT
 3   REACHED A RESOLUTION BY THEN, THEN WE NEED TO HAVE YOU ALL BACK
 4   AT 8:30 TOMORROW.
 5            MR. ASHKER:  DID YOU WANT THIS BACK, YOUR HONOR?
 6            THE COURT:  NO, I WILL MAKE ANOTHER COPY.
 7            MR. ASHKER:  THANK YOU.
 8            (PROCEEDINGS RECESSED WHILE JURY CONTINUES
 9   DELIBERATIONS AND THEREAFTER CONCLUDED.)
```

CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-05-3759 CW, TODD L. ASHKER V. MICHAEL SAYRE AND MATTHEW CATE, PAGES NUMBERED 1177 THROUGH 1189, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.

/S/ DIANE E. SKILLMAN

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR