```
                                          VOLUME 8

                                          PAGES 1190 - 1208

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

TODD L. ASHKER,               )
                              )
                              )
          PLAINTIFF,          )   NO. C-05-3759 CW
                              )
  VS.                         )   WEDNESDAY, MAY 20, 2009
                              )
MICHAEL C. SAYRE, ET AL.,     )   OAKLAND, CALIFORNIA
                              )
          DEFENDANTS.         )
_____)
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**         TODD L. ASHKER, PRO PER
                           BOX 7500/D1-119
                           CRESCENT CITY, CALIFORNIA 9553

**FOR DEFENDANTS:**        ANDRADA & ASSOCIATES
                           180 GRAND AVENUE, SUITE 225
                           OAKLAND, CALIFORNIA 94612
                     BY:   J. RANDALL ANDRADA, ESQUIRE

**REPORTED BY:**           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                           OFFICIAL COURT REPORTER

```
 1  WEDNESDAY, MAY 20, 2009                                    10:09 A.M.
 2
 3              (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4              THE COURT:  GOOD MORNING.  WE ARE HERE ON THE ASHKER
 5  CASE, AND WE HAVE MR. ANDRADA AND MR. ASHKER PRESENT.
 6              WE HAVE A NOTE FROM THE JURY WHICH SAYS:
 7              YOUR HONOR, WE HAVE A UNANIMOUS AGREEMENT ON
 8              SECTION THREE CONTRACT CLAIMS QUESTIONS 8 AND 9.
 9              WE ARE DEADLOCKED ON QUESTION 1.  WHERE SHOULD
10              WE GO TO AT THIS POINT I.E., SECTION OR
11              QUESTION?
12              SO, I AM NOT PREPARED TO CALL A MISTRIAL AT THIS
13  POINT.  I DON'T THINK THEY HAVE BEEN DELIBERATING LONG ENOUGH
14  AND I AM GOING TO ASK THEM TO CONTINUE DELIBERATING AND TO
15  CONTINUE DISCUSSING THE CASE, AND TO LET US KNOW IF THERE ARE
16  ANY TRANSCRIPT READS OR ANY FURTHER INSTRUCTIONS THAT THEY
17  THINK MIGHT HELP THEM.
18              I AM TOYING WITH THE IDEA OR TRYING TO THINK OF SOME
19  SORT OF EXPLANATION TO THEM ABOUT WHY IT IS THAT THE NEGLIGENCE
20  QUESTION MUST BE ANSWERED FIRST SINCE NOW THEY ARE ASKING
21  SHOULD THEY GO TO SOME OTHER SECTION OR QUESTION, AND I HAVEN'T
22  BEEN ABLE TO THINK OF AN EXPLANATION AS TO WHY IT IS THAT THE
23  NEGLIGENT QUESTION MUST BE ANSWERED FIRST AND THE OTHER
24  QUESTIONS FLOW FROM THAT.
25              SO IF YOU CAN THINK OF SOMETHING THAT MIGHT BE
```

1   USEFUL TO THEM TO SAY ABOUT THAT, I WOULD CONSIDER SAYING IT.
2   OTHERWISE I AM JUST GOING TO TELL THEM THAT THE COURT IS OF THE
3   VIEW THAT THEY SHOULD CONTINUE THEIR DELIBERATIONS AND CONTINUE
4   DISCUSSING THE MATTER.
5      **MR. ANDRADA:**  MAY I SEE THE NOTE?
6      **THE COURT:**  SURE.
7      (NOTE HANDED TO COUNSEL.)
8      **MR. ANDRADA:**  WELL, YOUR HONOR, IT SEEMS TO ME THAT
9   IT WOULD BE -- IF THEY ARE DEADLOCKED ON MALPRACTICE, THAT IT
10  WOULD BE INAPPROPRIATE TO GO ANYWHERE ELSE IN THE VERDICT FORM.
11     **THE COURT:**  RIGHT.
12     **MR. ANDRADA:**  OBVIOUSLY THEY CANNOT GO TO THE
13  QUESTION ABOUT CAUSATION ARISING FROM THE MALPRACTICE.
14     **THE COURT:**  I KNOW THAT THEY CAN'T AND I UNDERSTAND
15  THAT THEY CAN'T.  MY QUESTION IS, IS THERE AN INSTRUCTION I CAN
16  GIVE THEM, SOMETHING I CAN SAY TO THEM THAT WOULD EXPLAIN THAT
17  TO THEM.  BECAUSE THEY SEEM TO THINK PERHAPS THEY SHOULD GO ON
18  TO SOME OTHER QUESTION.
19     **MR. ANDRADA:**  THEN I MISUNDERSTOOD WHAT YOU WERE
20  SAYING.  AND I WOULD THINK THAT THE COURT COULD CRAFT A
21  SENTENCE OR TWO TO THE EFFECT THAT --
22     **THE COURT:**  I HAVE BEEN TRYING.  IF YOU --
23     **MR. ANDRADA:**  I WILL BE GLAD TO DO SO.
24     **THE COURT:**  TELL ME YOUR IDEAS.
25     **MR. ANDRADA:**  WELL, I THINK YOU SHOULD DECLARE A

```
 1   MISTRIAL.  BUT BE THAT AS IT MAY --
 2           THE COURT:  I KNOW YOU DO, AND THAT'S WHY I SAID I
 3   AM NOT GOING TO.
 4           IF YOU HAVE ANYTHING ELSE THAT YOU WOULD LIKE TO
 5   HELP ME OUT WITH, THAT WOULD BE HELPFUL.
 6           MR. ANDRADA:  I AM GOING TO DO THAT RIGHT NOW, IF
 7   THAT PLEASES THE COURT.
 8           THE COURT:  YES.
 9           MR. ANDRADA:  IT SEEMS TO ME THAT YOU PERHAPS -- I
10   AM GOING TO THINK OUT LOUD HERE FOR A MOMENT -- NEED TO SAY TO
11   THEM YOU MUST DEAL, NOT EVEN SHOULD, BUT MUST DEAL WITH
12   QUESTION NUMBER 1 BEFORE PROCEEDING TO ANY OTHER QUESTION.
13           THE COURT:  THAT'S OBVIOUS FROM THE FORM.  BUT MY
14   QUESTION IS, IS THERE SOME FURTHER EXPLANATION I CAN GIVE TO
15   THEM AS TO WHY THAT -- I WILL TELL YOU WHAT I WAS THINKING IS
16   TO SAY THE DELIBERATE INDIFFERENCE IS A MORE CULPABLE STATE OF
17   MIND THAN NEGLIGENCE, BUT I HATE TO USE THE WORD "CULPABLE"
18   BECAUSE THAT IMPLIES A CERTAIN BLAMEWORTHINESS.  SO I WAS
19   TRYING TO THINK OF A BETTER WORD THAN CULPABLE, AND NOBODY
20   COULD COME UP WITH ONE.
21           MR. ANDRADA:  WELL, THERE ARE -- I THINK IT WOULD BE
22   APPROPRIATE TO USE SUCH A WORD.  I AM MINDFUL OF THE STATE CACI
23   INSTRUCTION DEALING WITH DELIBERATE INDIFFERENCE IN MEDICAL
24   CASES THAT SAYS THAT IT'S MORE THAN NEGLIGENCE.  AND I BELIEVE
25   THERE'S EVEN A FOOTNOTE IN THE CACI THAT SAYS IT'S EVEN MORE
```

1    THAN GROSS NEGLIGENCE.  MORE CULPABILITY.

2             **THE COURT:**  MORE CULPABLE.

3             **MR. ANDRADA:**  YES, YOUR HONOR.

4        SO IF THEY CANNOT FIND BECAUSE IT'S A -- IT'S A, AS

5    YOU'VE SAID IT, A MORE CULPABLE, A WORST TYPE OF CONDUCT, IF

6    YOU CAN'T AGREE ON THE LESSER TYPE OF CONDUCT, IT WOULD FLOW

7    LOGICALLY THAT YOU CANNOT ADDRESS THE MORE SERIOUS ALLEGATION.

8             **THE COURT:**  OKAY.  I FORGOT TO PRINT OUT ANOTHER

9    COPY FOR MYSELF OF THE VERDICT FORM.

10        CAN YOU PRINT ONE OUT FOR ME?  I GAVE MY COPY TO

11   MR. ASHKER YESTERDAY.

12        BUT, MEANWHILE, I JUST WAS CHECKING THE NINTH

13   CIRCUIT BOOK AND THERE ACTUALLY IS A DEADLOCKED JURY

14   INSTRUCTION HERE THAT PERHAPS I SHOULD GIVE IN ADDITION TO WHAT

15   YOU WERE JUST DISCUSSING, MR. ANDRADA.

16        I WILL READ IT TO YOU.  IT SAYS:

17        MEMBERS OF THE JURY, YOU HAVE ADVISED THAT YOU HAVE

18   BEEN UNABLE TO AGREE UPON A VERDICT IN THIS CASE.  I GUESS I

19   WOULD HAVE TO SAY AGREE UPON A VERDICT ON SOME OF THE CLAIMS IN

20   THIS CASE.

21        I HAVE DECIDED TO SUGGEST A FEW THOUGHTS TO YOU.  AS

22   JURORS, YOU HAVE A DUTY TO DISCUSS THE CASE WITH ONE ANOTHER

23   AND TO DELIBERATE IN AN EFFORT TO REACH A UNANIMOUS VERDICT IF

24   EACH OF YOU CAN DO SO WITHOUT VIOLATING YOUR INDIVIDUAL

25   JUDGMENT AND CONSCIENCE.  EACH OF YOU MUST DECIDE THE CASE FOR

1    YOURSELVES, BUT ONLY AFTER YOU CONSIDER THE EVIDENCE
2    IMPARTIALLY WITH YOUR FELLOW JURORS.
3            DURING YOUR DELIBERATIONS, YOU SHOULD NOT HESITATE
4    TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU
5    BECOME PERSUADED THAT IT IS WRONG.  HOWEVER, YOU SHOULD NOT
6    CHANGE AN HONEST BELIEF AS TO THE WEIGHT OR EFFECT OF THE
7    EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS,
8    OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.
9            ALL OF YOU ARE EQUALLY HONEST AND CONSCIENTIOUS
10   JURORS WHO HAVE HEARD THE SAME EVIDENCE.  ALL OF YOU SHARE AN
11   EQUAL DESIRE TO ARRIVE AT A VERDICT.  EACH OF YOU SHOULD ASK
12   YOURSELF WHETHER YOU SHOULD QUESTION THE CORRECTNESS OF YOUR
13   POSITION.
14           I REMIND YOU THAT IN YOUR DELIBERATIONS, YOU SHOULD
15   CONSIDER THE INSTRUCTIONS I HAVE GIVEN YOU AS A WHOLE.  YOU
16   SHOULD NOT SINGLE OUT ANY PART OF ANY INSTRUCTION, INCLUDING
17   THIS ONE, AND IGNORE OTHERS.  THEY ARE ALL EQUALLY IMPORTANT.
18           YOU MAY NOW RETIRE AND CONTINUE YOUR DELIBERATIONS.
19           DOES THAT SOUND OKAY?
20           **MR. ANDRADA:**  WELL, OF COURSE, I DON'T HAVE THAT
21   BOOK RIGHT IN FRONT OF ME.  I DON'T KNOW IF THERE ARE
22   ANNOTATIONS OR USE NOTES TO IT.  IF THE COURT IS TELLING ME
23   THAT THAT IS THE STANDARD ISSUE --
24           **THE COURT:**  WELL -- I AM SORRY, GO AHEAD.
25           **MR. ANDRADA:**  IF THE COURT IS TELLING ME THAT'S THE

1  STANDARD ISSUE --
2           **THE COURT:**  SHEILAH, WOULD YOU SHOW THIS TO
3  MR. ANDRADA?
4           I WILL TELL YOU THERE USED TO BE A MUCH MORE EXTREME
5  FORM OF WHAT WE USED TO CALL AN ALLEN INSTRUCTION OR A DYNAMITE
6  CHARGE, AND IN CRIMINAL CASES THERE WAS SOME DISAPPROVAL OF
7  THAT.  AND THE CITES THAT YOU FIND THERE ARE CRIMINAL CASES.
8  THIS, OF COURSE, IS A CIVIL CASE, SO I THINK PERHAPS --
9           **MR. ANDRADA:**  RIGHT.
10          **THE COURT:**  -- THAT WOULDN'T BE QUITE SO SENSITIVE.
11          **MR. ANDRADA:**  RIGHT.
12          **MR. ASHKER:**  YOUR HONOR?
13          **THE COURT:**  YES.
14          **MR. ASHKER:**  MAY I BE HEARD ON THE ISSUE?
15          **THE COURT:**  YES.
16          **MR. ASHKER:**  ONE THING THAT I -- WHEN I HEARD WHAT
17 TRANSPIRED YESTERDAY WAS I REMEMBERED BACK ON THE -- WHEN WE
18 WERE DOING THE VOIR DIRE, AND I REMEMBER THAT JUROR NUMBER
19 EIGHT WENT BACK AND FORTH WITH YOU SEVERAL TIMES ABOUT
20 PRECONCEIVED NOTIONS ABOUT THINGS.  AND YOU ASKED HER SEVERAL
21 TIMES IF SHE COULD PUT ANYTHING LIKE THAT ASIDE AND BE FAIR,
22 AND SHE WAS LIKE, WELL, YOUR HONOR, I DON'T KNOW.  I MEAN, I AM
23 NOT -- I DON'T KNOW.  MAYBE, I DON'T KNOW.  MAYBE I CAN TRY,
24 BUT I DON'T KNOW.
25          **THE COURT:**  I DON'T REMEMBER THAT.

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1  WHICH ONE?
2  **MR. ASHKER:** THAT WAS JUROR NUMBER 8.
3  **THE COURT:** IN THE BACK ON THE FAR RIGHT?
4  **MR. ASHKER:** YES, IN THE BACK IN THE TOP ROW.
5  **THE COURT:** WHAT WAS HER PROBLEM? I DON'T REMEMBER
6  THAT.
7  **MR. ASHKER:** SHE SAID THAT SHE HAD PRECONCEIVED
8  VIEWS ABOUT CERTAIN THINGS.
9  **THE COURT:** LIKE WHAT?
10 **MR. ASHKER:** SHE WASN'T SPECIFIC. WE DIDN'T GET
11 INTO EXACTLY WHAT IT WAS.
12         AND MY POINT IS, IS IF SHE WENT IN THERE TO THE JURY
13 ROOM WITH HER MIND ALREADY MADE UP, THEN THAT IS A FAILURE TO
14 FOLLOW THE INSTRUCTIONS AS A WHOLE. AND I COULD BE WRONG, I
15 DON'T KNOW THE LAW ON ALL THAT ISSUE REAL GOOD, BUT IF THAT'S
16 THE CASE, THEN IT SEEMS TO ME LIKE THAT'S GROUNDS TO HAVE THAT
17 JUROR REMOVED. IF SHE COMPLETELY MADE UP HER MIND BEFORE SHE
18 WENT IN THERE AND DID NOT FOLLOW THE INSTRUCTIONS --
19 **THE COURT:** NO, I CAN'T DO THAT. SHE -- FOR ONE
20 THING, WE DON'T KNOW IF IT'S HER.
21 **MR. ASHKER:** I KNOW. THAT'S WHAT I'M SAYING.
22 **THE COURT:** FOR ANOTHER THING, I DON'T REMEMBER
23 THAT.
24         DO YOU REMEMBER THAT?
25 **MR. ANDRADA:** NO, I DON'T.

1           **MR. ASHKER:** THAT HAPPENED --

2           **MR. ANDRADA:** EXCUSE ME. I DON'T WANT TO CUT

3  MR. ASHKER OFF.

4           **THE COURT:** I CAN'T RELEASE A JUROR WITHOUT, UNDER

5  THESE CIRCUMSTANCES. THAT WOULDN'T BE RIGHT.

6           **MR. ANDRADA:** YOUR HONOR, THE USE NOTE SAYS, GIVE

7  THE INSTRUCTION, I THINK IT SAYS THE COURT SHOULD EXERCISE

8  GREAT CAUTION. I DON'T HAVE IT RIGHT IN FRONT OF ME NOW, BUT I

9  THINK THE WORDS ARE GREAT CAUTION IN GIVING THE INSTRUCTION.

10          SO IF THE COURT THINKS THAT IT'S TOO EARLY TO BE

11 UNDULY CONCERNED ABOUT HOW LONG THEY HAVE DELIBERATED, THEN WE

12 SUGGEST THAT LOGICALLY IT WOULD FLOW THAT IT IS TOO EARLY TO

13 GIVE THIS INSTRUCTION.

14          AND THE COURT SHOULD SIMPLY SAY TO THEM, IN EFFECT,

15 SEE WHAT YOU CAN DO ABOUT NUMBER 1, AND LEAVE IT AT THAT.

16          **MR. ASHKER:** WELL, MY POSITION, YOUR HONOR, WOULD BE

17 THAT I THINK IT'S A GOOD TIME TO GIVE THE INSTRUCTION BECAUSE

18 THEY HAVE ALREADY BEEN GOING BACK AND FORTH ABOUT ISSUE NUMBER

19 1 EVER SINCE THEY BEGAN DELIBERATIONS. AND YESTERDAY, LIKE I

20 THINK IT WAS 12:00 O'CLOCK -- 2:00 O'CLOCK THEY CAME WITH THAT

21 FIRST QUESTION. AND THAT HAD BEEN LIKE TEN HOURS, NINE, TEN

22 HOURS OF DELIBERATIONS WHERE THEY WERE VERY CLEAR THAT ONE

23 JUROR WAS NOT GOING TO BUDGE.

24          SO I THINK IT WOULD BE A GOOD TIME TO GIVE THAT

25 INSTRUCTION BECAUSE IF THEY ARE NOT -- IF THAT INSTRUCTION

1  DOESN'T DO ANYTHING TO BUDGE, THEN I DON'T THINK THAT IT'S
2  GOING TO BE POSSIBLE FOR THAT JUROR TO BUDGE REGARDLESS.
3           **MR. ANDRADA:**  WELL, THEN, DECLARE A MISTRIAL.
4           **THE COURT:**  ALL RIGHT.  I WON'T GIVE IT THEN.  I
5  WON'T GIVE IT NOW.  I WILL GIVE IT NEXT TIME.
6           THERE IS ACTUALLY ONLY THE ONE PARAGRAPH.  IT'S A
7  FOUR OR FIVE PARAGRAPH INSTRUCTION.  BASICALLY IT IS ALL REPEAT
8  OF WHAT I ALREADY SAID EXCEPT IT DOES ADD ONE PARAGRAPH ABOUT
9  EQUALLY HONEST AND CONSCIENTIOUS, AND SO FORTH.
10          SO, I WILL JUST TELL THEM THAT I WOULD LIKE THEM TO
11 CONTINUE THEIR DELIBERATIONS.  AND I WILL EXPLAIN TO THEM WHY
12 IT IS THAT THE FIRST QUESTION IS ANSWERED FIRST AND THAT THEY
13 MIGHT DISCUSS THE OTHER QUESTIONS, BUT THAT THEY WOULDN'T BE
14 ABLE TO DECIDE ANY OF THE OTHER QUESTIONS WITHOUT REACHING
15 AGREEMENT ON THE FIRST QUESTION.
16          OKAY.  SHEILAH, WOULD YOU BRING THEM IN?
17          (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)
18          **THE CLERK:**  ALL RISE.
19          **THE COURT:**  PLEASE BE SEATED.
20          GOOD MORNING, LADIES AND GENTLEMAN.
21          **JURY:**  GOOD MORNING.
22          **THE COURT:**  I HAVE A NOTE FROM YOU WHICH READS:
23              AS YOU KNOW WE HAVE A UNANIMOUS AGREEMENT ON
24              SECTION 3, CONTRACT CLAIM QUESTIONS 8 AND 9.  WE
25              ARE QUOTE "DEADLOCKED" END QUOTE ON QUESTION 1.

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

```
 1                  WHERE SHOULD WE GO AT THIS POINT I.E., SECTION
 2           OR QUESTION?
 3                  AT THIS TIME I AM GOING TO ASK YOU TO CONTINUE
 4   DELIBERATING ON QUESTION 1.  I WILL SAY THAT QUESTION 1 IS THE
 5   SORT OF NECESSARY FIRST QUESTION BECAUSE THE FIRST COUPLE OF
 6   QUESTIONS DEALS WITH THE NEGLIGENCE CLAIM, THE SECOND COUPLE OF
 7   QUESTIONS DEALS WITH THE KNOWING DISREGARD CLAIM, AND THE
 8   KNOWING DISREGARD IS A MORE CULPABLE STATE OF MIND THAN
 9   NEGLIGENCE.  SO THAT'S WHY WE GO TO THE NEGLIGENCE QUESTION
10   FIRST.
11                  IF YOU WEREN'T ABLE ULTIMATELY TO REACH AGREEMENT ON
12   THAT QUESTION, BY NECESSITY YOU WOULDN'T BE ABLE TO REACH
13   AGREEMENT ON EITHER OF THOSE CAUSES OF ACTION.  HOWEVER, IT
14   MIGHT BE HELPFUL TO YOU JUST TO HAVE SOME DISCUSSION ABOUT THE
15   OTHER QUESTIONS, EVEN THOUGH YOU COULDN'T RESOLVE THEM, IT
16   MIGHT BE HELPFUL TO DISCUSS THOSE.  IT MIGHT BE HELPFUL TO
17   FURTHER DISCUSS QUESTION 1.
18                  IF THERE ARE -- IF YOU HAVE A NEED FOR FURTHER
19   INFORMATION OR INSTRUCTIONS ON ANY POINT OR IF YOU NEED FURTHER
20   READ BACK ON ANY POINT, WE WOULD BE HAPPY TO TRY AND
21   ACCOMMODATE YOU WITH THAT.
22                  AT SOME POINT WE MAY ACCEPT A PARTIAL VERDICT ON THE
23   BREACH OF CONTRACT CLAIM, BUT AT THIS POINT, BASED ON MY
24   EXPERIENCE, I WOULD ASK YOU TO PLEASE CONSIDER DELIBERATIONS
25   AND FURTHER DISCUSSION, AND WHETHER THERE IS ANYTHING ELSE THAT
```

1   MIGHT HELP YOU WITH RESPECT TO QUESTION 1.

2           AND I AM NOT GOING TO DIRECT YOU TO ANSWER ANY OF

3   THE OTHER QUESTIONS, BUT I SUGGEST IT MIGHT BE HELPFUL AT LEAST

4   TO HAVE SOME DISCUSSION ABOUT THOSE OTHER QUESTIONS AS WELL.

5           SO, I AM GOING TO ASK YOU TO RETURN TO THE JURY ROOM

6   AND CONTINUE DELIBERATING.

7           (JURY EXCUSED TO CONTINUE DELIBERATIONS.)

8           **THE COURT:** OKAY.  SO, WE WILL LET YOU KNOW IF WE

9   HEAR ANYTHING.

10          **MR. ASHKER:** THANK YOU, YOUR HONOR.

11          **MR. ANDRADA:** THANK YOU, YOUR HONOR.

12          **THE COURT:** THANK YOU.

13          (PROCEEDINGS RECESS WHILE JURY DELIBERATES.)

14          (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)

15          **THE COURT:** WE ARE BACK IN THE ASHKER CASE.  WE HAVE

16  MR. ANDRADA AND MR. ASHKER ARE PRESENT.

17          WE HAVE TWO NEW NOTES FROM THE JURY.  I THINK WE

18  GAVE BOTH OF THEM TO BOTH OF YOU.

19          DID YOU GET BOTH OF THEM, MR. ASHKER?

20          **MR. ASHKER:** YES, I DID.

21          **THE COURT:** SO, WITH RESPECT TO THE QUESTION ABOUT

22  PREPONDERANCE, I WILL POINT THEM TO THE BURDEN OF PROOF

23  INSTRUCTION ON PAGE 3 THAT THEY WERE GIVEN, AND THEN I PROPOSE

24  TO ALSO READ THEM AN ADDITIONAL PREPONDERANCE INSTRUCTION THAT

25  HAD BEEN SUBMITTED ORIGINALLY JUST TO EXPAND ON IT A LITTLE

1 BIT, AND I WILL READ IT TO YOU.
2          IT SAYS:  TO ESTABLISH BY THE PREPONDERANCE OF THE
3 EVIDENCE MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN
4 IT IS NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE
5 IN THE CASE MEANS SUCH EVIDENCE AS WHEN CONSIDERED AND COMPARED
6 TO THAT OPPOSED TO IT HAS MORE CONVINCING FORCE AND PRODUCES IN
7 YOUR MIND A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE
8 LIKELY TRUE THAN NOT TRUE.  IN DETERMINING WHETHER ANY FACT IN
9 ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE
10 CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE
11 TESTIMONY OF ALL WITNESSES REGARDLESS OF WHO MAY HAVE CALLED
12 THEM AND ALL EXHIBITS RECEIVED IN EVIDENCE REGARDLESS OF WHO
13 MAY HAVE PRODUCED THEM.
14          I THINK I WILL STRIKE OUT "UNLESS OTHERWISE
15 INSTRUCTED" SINCE I AM NOT OTHERWISE INSTRUCTING THEM.
16          I JUST FEEL THAT WILL GIVE THEM A LITTLE SOMETHING
17 MORE THAN JUST READING THE SAME THING THAT I WROTE BEFORE IF
18 THAT IS ALL RIGHT WITH BOTH OF YOU.
19          **MR. ASHKER:**  YES, THAT'S FINE WITH ME, YOUR HONOR.
20          **MR. ANDRADA:**  YES, YOUR HONOR.  WE HAD PROPOSED THAT
21 ORIGINALLY.
22          **THE COURT:**  RIGHT.  THAT'S WHERE I FOUND IT.
23          THEN THE OTHER NOTE ASKS ABOUT HARM.  I LOOKED
24 THROUGH THE INSTRUCTIONS THAT I HAD GIVEN THEM, AND WE DON'T
25 ANYWHERE DEFINE EXACTLY WHAT'S MEANT BY HARM.  THEY ARE ASKING

```
 1   WHAT DOES HARM MEAN IN THE TWO SPECIFIC DIFFERENT CAUSES OF
 2   ACTION.
 3            SO WHAT I PROPOSE TO SAY IS THAT THE MEANING OF THE
 4   WORD "HARM" IS THE SAME IN BOTH QUESTIONS, AND THAT THERE HAS
 5   BEEN NO SPECIFIC DEFINITION OF THE WORD "HARM", THAT IT IS
 6   MEANT TO HAVE ITS COMMON SENSE MEANING, BUT THAT FOR SOME
 7   EXAMPLES OF THE TYPE OF HARM THEY MIGHT CONSIDER, THEY COULD
 8   LOOK TO OTHER INSTRUCTIONS THAT WERE GIVEN, SPECIFICALLY THE
 9   INSTRUCTION ON COMPENSATORY DAMAGES WHICH DESCRIBES LOSS OF
10   ENJOYMENT OF LIFE EXPERIENCED AND WHICH WITH REASONABLE
11   PROBABILITY WILL BE EXPERIENCED IN THE FUTURE, AND PHYSICAL
12   PAIN AND SUFFERING EXPERIENCED AND WHICH WITH REASONABLE
13   PROBABILITY WILL BE EXPERIENCED IN THE FUTURE.
14            AND THEY SHOULD ALSO CONSIDER THE INSTRUCTION THAT,
15   AND THEN I WOULD REREAD THE PRE-EXISTING INJURY INSTRUCTION
16   THAT PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR ANY PHYSICAL
17   CONDITION THAT HE HAD BEFORE DEFENDANTS' CONDUCT OCCURRED.
18   HOWEVER, IF PLAINTIFF HAD A PHYSICAL CONDITION THAT WAS MADE
19   WORSE BY DEFENDANTS' WRONGFUL CONDUCT, YOU MUST AWARD DAMAGES
20   THAT WILL REASONABLY AND FAIRLY COMPENSATE FOR THE EFFECT ON
21   THAT CONDITION.
22            SO DOES THAT ALL SOUND OKAY?
23        MR. ASHKER:  YES, THAT SOUNDS FINE TO ME, YOUR
24   HONOR.
25        MR. ANDRADA:  THANK YOU, YOUR HONOR.
```

1       **THE COURT:** IS THAT ALL RIGHT WITH YOU?
2       **MR. ANDRADA:** YES, MA'AM.
3       **THE COURT:** ALL RIGHT. WE WILL BRING THEM IN.
4       (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)
5       **THE COURT:** YOU CAN PUT THOSE ON THE FLOOR OR ON
6   ANOTHER CHAIR. WE HAVE ANOTHER JURY.
7       PLEASE BE SEATED.
8       WE HAVE TWO NOTES FROM YOU AND THEN ONE, YOU WANTED
9   SOME MORE FORMS. DID YOU GIVE THEM THE FORMS? WE HAVE MORE
10  FORMS FOR YOU. THAT'S THE EASY PART.
11      WITH RESPECT TO YOUR FIRST QUESTION: CAN YOU
12          PROVIDE THE JURY WITH A DEFINITION OF
13          PREPONDERANCE UNDERLINED OF THE EVIDENCE?
14      WELL, OF COURSE, ON THE INSTRUCTIONS THAT YOU HAVE
15  ON PAGE 3, LINES 8 THROUGH 12, THERE IS AN INSTRUCTION CALLED
16  BURDEN OF PROOF. AND WITHIN THAT, OF COURSE, IT SAYS WHEN A
17  PARTY HAS THE BURDEN OF PROOF ON ANY CLAIM BY A PREPONDERANCE
18  OF THE EVIDENCE, IT MEANS THAT YOU MUST BE PERSUADED BY THE
19  EVIDENCE THAT THE CLAIM IS MORE PROBABLY TRUE THAN NOT TRUE.
20      I CAN EXPAND ON THAT A LITTLE BIT WITH ANOTHER
21  INSTRUCTION.
22      TO ESTABLISH BY THE PREPONDERANCE OF THE EVIDENCE
23  MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN IT IS NOT
24  SO. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE
25  CASE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED TO

1  THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN
2  YOUR MIND A BELIEF THAT WHAT IS SOUGHT TO BE TRUE IS MORE
3  LIKELY TRUE THAN NOT TRUE.
4         IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN
5  PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY
6  CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY
7  HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE,
8  REGARDLESS OF WHO PRODUCED THEM.
9         YOUR NEXT QUESTION SAYS:  DEFINE HARM AS
10            REFERENCED IN SECTION 1, MEDICAL CLAIMS,
11            QUESTION 2, AND DEFINE HARM AS REFERENCED IN
12            QUESTION 4 SECTION B.
13         FIRST, LET ME SAY THAT HARM, AS USED IN BOTH OF
14  THOSE QUESTIONS, MEANS THE SAME THING.
15         SECONDLY, I HAVE GIVEN YOU NO SPECIFIC DEFINITION OF
16  HARM WITHIN THE INSTRUCTIONS, AND THAT'S BECAUSE HARM IS TO BE
17  GIVEN ITS USUAL COMMON SENSE UNDERSTANDING OF WHAT IS HARMED.
18         I MIGHT POINT OUT A COUPLE OF EXAMPLES THAT APPEAR
19  ELSEWHERE IN THE INSTRUCTIONS THAT YOU MIGHT CONSIDER.  ONE IS
20  CONTAINED IN THE CONTEXT OF THE COMPENSATORY DAMAGE INSTRUCTION
21  ON PAGE 11, AND THAT REFERS TO THE NATURE AND EXTENT OF
22  INJURIES, THE LOSS OF ENJOYMENT OF LIFE EXPERIENCED AND WHICH,
23  WITH REASONABLE PROBABILITY, WILL BE EXPERIENCED IN THE FUTURE
24  AND PHYSICAL PAIN AND SUFFERING EXPERIENCED AND WHICH, WITH
25  REASONABLE PROBABILITY, WILL BE EXPERIENCED IN THE FUTURE.

1    I MIGHT ALSO POINT YOU TO THE PRE-EXISTING INJURY
2    INSTRUCTION, WHICH SAYS ON PAGE 12, PLAINTIFF IS NOT ENTITLED
3    TO DAMAGES FOR ANY PHYSICAL CONDITION THAT HE HAD BEFORE
4    DEFENDANTS' CONDUCT OCCURRED.  HOWEVER, IF PLAINTIFF HAD A
5    PHYSICAL CONDITION THAT WAS MADE WORSE BY DEFENDANTS' WRONGFUL
6    CONDUCT, YOU MUST AWARD DAMAGES THAT WILL REASONABLY AND FAIRLY
7    COMPENSATE FOR THE EFFECT ON THAT CONDITION.
8    THOSE MIGHT BE SOME THINGS YOU MIGHT CONSIDER IN
9    CONSIDERING WHAT COMMON SENSE UNDERSTANDING YOU WOULD HAVE OF
10   THE WORD HARM.  SO, I HOPE THAT WILL BE SOMEWHAT HELPFUL TO
11   YOU.
12   YOU WERE GOING TO TAKE A LUNCH BREAK AT NOON?
13   **JURY:**  YES.
14   **THE COURT:**  UNTIL 12:30?
15   **JURY:**  YES.
16   **THE COURT:**  OKAY.
17   (JURY RESUMES DELIBERATIONS.)
18   (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
19   **DEPUTY:**  HOW LONG DO YOU THINK THEY WILL GO TODAY?
20   **THE COURT:**  I AM GOING TO GUESS THEY WOULD GO UNTIL
21   FOUR LIKE THEY DID BEFORE IF THEY HAVEN'T REACHED A VERDICT BY
22   THEN.
23   ALL RIGHT.
24   **MR. ANDRADA:**  I THANK YOU, YOUR HONOR.
25   **THE COURT:**  SURE.  AND WE WILL BREAK FURTHER THEN

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

```
 1    BEFORE WE GO BACK TO THE OTHER CASE.
 2              MR. ANDRADA:  I MAY GO OUT AND GET A SANDWICH.  I
 3    WILL LET THEM CLEAR OUT FIRST.
 4              THE COURT:  SURE.
 5         (PROCEEDINGS IN RECESS WHILE JURORS DELIBERATE.)
 6         (PROCEEDINGS ADJOURNED AT 3:00 P.M.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-05-3759 CW, TODD L. ASHKER V. MICHAEL SAYRE AND MATTHEW CATE, PAGES NUMBERED 1190 THROUGH 1208, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.

/S/ DIANE E. SKILLMAN

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR