```
                                        VOLUME 9

                                        PAGES 1209 - 1228

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

TODD L. ASHKER,              )
                             )
                             )
           PLAINTIFF,        )   NO. C-05-3759 CW
                             )
   VS.                       )   THURSDAY, MAY 21, 2009
                             )
MICHAEL C. SAYRE, ET AL.,    )   OAKLAND, CALIFORNIA
                             )
           DEFENDANTS.       )
_____)
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**        TODD L. ASHKER, PRO PER
                         BOX 7500/D1-119
                         CRESCENT CITY, CALIFORNIA 9553


**FOR DEFENDANTS:**       ANDRADA & ASSOCIATES
                         180 GRAND AVENUE, SUITE 225
                         OAKLAND, CALIFORNIA 94612
                    BY:  J. RANDALL ANDRADA, ESQUIRE


**REPORTED BY:**          DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                         OFFICIAL COURT REPORTER

```
 1   THURSDAY, MAY 21, 2009                                    9:35 A.M.
 2
 3              (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4              THE COURT:  YOU GOT THE NOTE, MR. ANDRADA?
 5              WHENEVER YOU ARE READY YOU CAN BRING HIM OUT.
 6              DOES HE HAVE THE NOTE, TOO?
 7              DEPUTY:  YES.
 8              THE COURT:  SO WE ARE BACK ON THE RECORD IN THE
 9   ASHKER CASE.  WE HAVE MR. ANDRADA PRESENT AND MR. ASHKER
10   PRESENT.
11              WE HAVE A NOTE FROM THE JURY.  AND I THINK EACH OF
12   YOU HAS HAD A CHANCE TO LOOK IT OVER, YES?
13              MR. ANDRADA:  YES.
14              MR. ASHKER:  YES.
15              MR. ANDRADA:  TWO NOTES.
16              THE COURT:  TWO NOTES.  I THINK THEY CAME AT THE
17   SAME TIME.  BUT ANYWAY, IN THE INTEREST OF TIME, IF YOU DON'T
18   MIND, I WON'T READ THEM ALOUD, I WILL MAKE THEM PART OF THE
19   RECORD.
20              WITH RESPECT TO THE -- WELL, I AM STARTING WITH THE
21   NOTE THAT HAS TWO QUESTIONS ON IT.  AND ON THAT ONE, THE FIRST
22   QUESTION ABOUT CONSIDERING ALL THE CONTENTS OF ADMITTED
23   DOCUMENTS OR JUST THE PIECES REFERENCED IN COURT, I PROPOSE TO
24   TELL THEM THAT THEY MAY CONSIDER ALL OF THE CONTENTS, BUT THEY
25   SHOULD KEEP IN MIND THAT THEY SHOULD -- THAT PORTIONS OF THE
```

|   |   |
|---|---|
| 1 | CONTENTS THAT WEREN'T DISCUSSED IN COURT SHOULD BE CONSIDERED |
| 2 | CAREFULLY IN THAT THEY MAY CONTAIN INFORMATION THAT IS HEARSAY |
| 3 | OR THAT WASN'T CROSS-EXAMINED OR WAS NOT ADMITTED FOR THE |
| 4 | TRUTH, AND THEY SHOULD EXERCISE SOME CAUTION IN THE CONTENTS, |
| 5 | IN CONSIDERING THE CONTENTS OF RECORDS THAT WEREN'T DISCUSSED |
| 6 | IN COURT. |
| 7 | I DON'T KNOW WHAT THEY ARE TALKING ABOUT HERE. |
| 8 | THERE'S A LOT OF STUFF IN THERE THAT -- |
| 9 | **MR. ASHKER:** YOUR HONOR, REALLY QUICK. THAT SOUNDED |
| 10 | GOOD RIGHT THERE WHAT YOUR SUGGESTION WAS. I WAS JUST THINKING |
| 11 | THAT MAYBE ADDING THAT THEY CAN LOOK AT, CONSIDER EVERYTHING |
| 12 | WHILE AT THE SAME TIME USING CAUTION OR CARE INSOFAR AS |
| 13 | CONSIDERING EVERYTHING IN THE CONTEXT OF THE WHOLE. |
| 14 | **THE COURT:** WHAT WAS YOUR COMMENT? |
| 15 | **MR. ANDRADA:** I AM NOT SURE WHAT THAT MEANS. |
| 16 | AND IT'S IRONIC THAT -- WE ALL KNOW IT IS THE |
| 17 | PLAINTIFF THAT SUBMITTED TONS OF DOCUMENTS WITHOUT EVEN |
| 18 | ATTEMPTING -- |
| 19 | **THE COURT:** I DO HAVE ANOTHER JURY WAITING SO I |
| 20 | REALLY NEED THE BOTTOM LINE RATHER THAN RECRIMINATIONS OVER THE |
| 21 | PAST. WE CAN'T DO ANYTHING ABOUT THE PAST. I NEED TO KNOW |
| 22 | WHAT TO ANSWER THE JURY NOW. |
| 23 | **MR. ANDRADA:** I WOULD RESPECTFULLY SUGGEST THAT -- I |
| 24 | MUST SAY, I HAVE NEVER HAD THE QUESTION SPECIFICALLY POSED AND |
| 25 | I AM NOT AWARE OF ANY INSTRUCTION IN THE FEDERAL COURTS OR THE |

1  STATE COURTS THAT WOULD APPLY THAT COULD JUST BE USED.  SO I
2  THINK YOUR HONOR DOES HAVE TO TELL THEM SOMETHING THAT ALONG
3  THE LINES OF YOU NEED TO EXERCISE SOME CAUTION IN CONSIDERING
4  THAT INFORMATION.
5          AGAIN, FROM MY POINT OF VIEW -- YOU DON'T WANT A
6  REPLAY OF THE PAST, SO I WON'T SAY ANYTHING MORE.
7          **THE COURT:**  ALL RIGHT.  NUMBER 2 ABOUT THE -- WILL
8  THE SETTLEMENT REMAIN IN EFFECT IS REALLY TIED INTO THE THREE
9  QUESTIONS ON THE NEXT PAGE.
10         AND, ACTUALLY, IT'S A VERY INTELLIGENT SERIES OF
11 QUESTIONS AND THEY MAKE A GOOD POINT WHICH I STARTED WORRYING
12 ABOUT, AND THAT IS THAT WE ARE INSTRUCTING THEM TO AWARD
13 DAMAGES FOR HARM THAT WILL OCCUR IN THE FUTURE.  BUT, IF THE
14 CONTRACT IS ENFORCED, THEN SOME OR ALL OF THAT HARM WON'T OCCUR
15 IN THE FUTURE.  AND THAT'S, I THINK, WHAT THEY ARE GETTING AT
16 HERE.
17         SO, WHAT I HAD BEEN KIND OF ASSUMING WAS THAT I
18 WOULD ORDER SPECIFIC PERFORMANCE OF THE CONTRACT AND,
19 THEREFORE, DAMAGES FROM NOT HAVING THOSE CONTRACTUAL REMEDIES
20 WOULD NOT CONTINUE IN THE FUTURE.
21         AND I'M THINKING THAT THAT'S WHAT I SHOULD TELL THEM
22 AND THAT THEY SHOULD ASSUME THAT THE CONTRACT WILL BE ENFORCED,
23 AND THEY SHOULD AWARD FUTURE DAMAGES ONLY IF THEY FIND THERE
24 ARE DAMAGES THAT CAN'T BE REMEDIED BY ENFORCEMENT OF THE
25 CONTRACT.

1    **MR. ANDRADA:** OKAY. I UNDERSTAND WHAT YOU JUST

2  SAID. HOW CAN THERE BE, IF THE CONTRACT IS GOING TO BE

3  SPECIFICALLY ENFORCED BY THE COURT, HOW COULD THERE BE

4  FUTURE --

5    **THE COURT:** THEY COULD FIND THAT THE LOSS, THAT THE

6  AGGRAVATION OF THE INJURY TO THE ARM WAS PERMANENT AND WOULDN'T

7  BE REMEDIED BY FUTURE CARE.

8    **MR. ASHKER:** ALSO, YOUR HONOR, I THINK THEY SHOULD

9  BE INSTRUCTED THAT THEY CAN CONSIDER WHAT I HAVE GONE THROUGH

10  IN THE LAST 19 YEARS --

11    **THE COURT:** NO, NO. PAST --

12    **MR. ASHKER:** -- FOR CONSIDERING WHAT I MIGHT GO

13  THROUGH, CONTINUE TO GO THROUGH IN THE FUTURE BECAUSE, I MEAN,

14  THEY HAVE AGREED NUMEROUS TIMES TO PROVIDE ME WITH THE CARE AND

15  IT'S JUST A REPEATED --

16    **MR. ANDRADA:** WELL --

17    **THE COURT:** I CAN'T TELL THEM TO CONSIDER THE FACT

18  THAT THE CONTRACT MIGHT BE BREACHED AGAIN AND THAT FURTHER

19  DAMAGES MIGHT --

20    **MR. ASHKER:** AS FAR AS CONSIDERING WHAT I HAVE GONE

21  THROUGH IN THE PAST ON WHAT I MIGHT EXPERIENCE IN THE FUTURE.

22    **THE COURT:** CONSIDERING WHAT YOU HAVE GONE THROUGH

23  IN THE PAST, YES. THAT IS DEFINITELY THE SUBJECT OF DAMAGES.

24    BUT WHAT YOU MIGHT GO THROUGH IN THE FUTURE IF THE

25  CONTRACT IS, ASSUMING THE CONTRACT IS ENFORCED, ALL I CAN THINK

1    OF WOULD BE SOME IRREPARABLE DAMAGE THAT WOULDN'T BE REMEDIED
2    BY ENFORCEMENT OF THE CONTRACT IN THE FUTURE.
3          **MR. ASHKER:** OKAY. ON QUESTION 2, IS THERE HARM IF
4    THE CONDITION IS REVERSIBLE? I WAS LOOKING AT PAGE 2 OF THE
5    INSTRUCTIONS WHERE CLAIMS AND DEFENSES, WHERE IT SAYS PLAINTIFF
6    SEEKS DAMAGES FOR HIS PAIN AND THE ALLEGED AGGRAVATION OF HIS
7    INJURY.
8          **THE COURT:** RIGHT.
9          **MR. ASHKER:** SO I THINK IF YOU WAS TO TELL THEM
10    SOMETHING ALONG THOSE LINES ABOUT IF THEY FIND IT WAS
11    AGGRAVATED, THEN, I MEAN, IS THERE HARM IF THE CONDITION IS
12    REVERSIBLE -- WELL, IF IT WAS AGGRAVATED, YOU KNOW, WHAT I AM
13    SAYING?
14          **THE COURT:** WELL, YES, BUT THE POINT IS IF THE HARM
15    THAT WAS DONE CAN BE REMEDIED FOR THE FUTURE BY ENFORCEMENT OF
16    THE CONTRACT, THEN THERE WILL BE NO FUTURE HARM.
17          IF THE HARM THAT WAS DONE WAS IRREVERSIBLE AND
18    CANNOT BE REMEDIED, THEN, YES, THAT WOULD BE --
19          **MR. ASHKER:** BUT THE WAY I SEE THEIR QUESTION IS
20    THEY ARE ASKING IF THERE WAS ANY HARM IF THE CONDITION IS
21    REVERSIBLE. AND THE HARM WOULD BE IF THE CONDITION WERE
22    AGGRAVATED.
23          **THE COURT:** IS THERE FUTURE HARM. IF IT WAS
24    AGGRAVATED PERMANENTLY -- WELL, THE AGGRAVATION THAT HAS
25    ALREADY BEEN SUFFERED WOULD BE COMPENSATED.

1   **MR. ASHKER:** THAT'S WHAT I THINK --

2   **THE COURT:** IF IT WERE REVERSED IN THE FUTURE, THEN
3   ONE WOULD NOT GET COMPENSATED FOR THE FUTURE.

4   **MR. ASHKER:** RIGHT. I THINK THEY NEED TO HAVE THAT
5   CLARIFIED, THOUGH.

6   **THE COURT:** OKAY.

7   **MR. ANDRADA:** WELL, I AM NOT QUITE SURE WHERE WE
8   ARE. I INTERPRET THE SECOND QUESTION ON THE SECOND PAGE TO BE
9   TALKING ABOUT THE FUTURE, NOT THE PAST.

10   **MR. ASHKER:** THAT'S NOT WHAT IT SAYS.

11   **MR. ANDRADA:** PLEASE, MR. ASHKER, CAN I -- LOOK, YOU
12   GOT MORE TIME THAN I DID AT TRIAL, YOU GOT MORE TIME THAN I DID
13   AT CLOSE --

14   **THE COURT:** COUNSEL, IT'S NOT APPROPRIATE TO ARGUE
15   WITH MR. ASHKER.

16   MR. ASHKER, IT'S NOT APPROPRIATE TO MAKE
17   INTERRUPTIONS OR COMMENTS WHILE MR. ANDRADA IS SPEAKING.

18   **MR. ANDRADA:** I WOULD ASK THE COURT TO PLEASE HEAR
19   ME OUT. I AM TRYING TO DEAL WITH THIS.

20   **THE COURT:** I HAVE ASKED MR. ASHKER NOT TO INTERRUPT
21   YOU. YOU MAY CONTINUE.

22   **MR. ANDRADA:** THANK YOU.

23   IT SEEMS TO ME THAT A FAIR READING OF THE SECOND
24   QUESTION ON THE SECOND PAGE IS THAT IT DOES APPLY TO THE
25   FUTURE. THAT'S WHY I -- MY SENSE IS THAT SOME INSTRUCTION

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1    ABOUT ENFORCEMENT MIGHT BE REASONABLE HERE.

2            **THE COURT:**  OKAY.

3            **MR. ANDRADA:**  AND I SUPPOSE THAT WOULD -- IT COULD

4    BE WHAT THEY ARE DRIVING AT WITH REGARD TO NUMBER 3 ON THAT

5    PAGE AS WELL.

6            **THE COURT:**  YES, I THINK IT IS.  AND PROBABLY NUMBER

7    1 ON THAT PAGE ALSO.

8            **MR. ANDRADA:**  SO, IF YOU TELL THEM THAT YOU INTEND

9    TO ENFORCE IT, THEN I THINK THAT MIGHT BE APPROPRIATE, PROBABLY

10   WOULD BE APPROPRIATE, YOUR HONOR.

11           **THE COURT:**  OKAY.  MEANWHILE, I THOUGHT OF ANOTHER

12   AMBIGUITY IN THE VERDICT FORM.

13           WHILE IT'S TRUE THAT IF THEY COULD NOT REACH

14   AGREEMENT ON NEGLIGENCE, THEY COULD NOT FIND FOR THE PLAINTIFF

15   ON THE CIVIL RIGHTS CLAIM.  HOWEVER, IT'S POSSIBLE THAT THEY

16   COULD DEADLOCK ON NEGLIGENCE AND YET ALL AGREE TO FIND FOR THE

17   DEFENDANT ON THE CIVIL RIGHTS CLAIM, IF YOU SEE WHAT I AM

18   SAYING.  AND THAT --

19           **MR. ANDRADA:**  I DO.

20           **THE COURT:**  IF THAT WERE THE CASE, THAT WOULD NARROW

21   THE ISSUES FOR THE RETRIAL THAT WE'RE GOING TO HAVE TO HAVE IF

22   THEY DEADLOCK ON NEGLIGENCE.

23           UNFORTUNATELY, THE WAY WE PHRASED THE WHOLE

24   PROGRESSION WAS THAT THEY WOULDN'T GO ON TO THE CIVIL RIGHTS

25   CLAIM IF THEY DEADLOCKED ON NEGLIGENCE, WHICH ACTUALLY IS,

```
 1   GIVEN WHAT I JUST SAID, IS NOT QUITE TRUE.  I DON'T KNOW WHAT
 2   TO DO ABOUT THAT OR IF THERE IS ANYTHING AT THIS POINT WE CAN
 3   DO.
 4           MR. ANDRADA:  MAY I THINK ABOUT THAT FOR A FEW
 5   MINUTES?  IN OTHER WORDS, I DON'T KNOW WHAT YOU ARE SUGGESTING,
 6   TRUTH BE TOLD.
 7           THE COURT:  PERHAPS WE SHOULD SAY THAT THEY
 8   SHOULD -- THAT ALTHOUGH -- WELL, MAYBE I WILL JUST TELL THEM
 9   NEXT TIME THEY SAY THEY ARE DEADLOCKED.
10           MR. ANDRADA:  I THINK WE WAIT.  ONE SCENARIO HERE,
11   YOUR HONOR, IS THAT THEY HAVE GONE SIX ZIP ON STANDARD OF CARE
12   AND CAUSATION, AND I WOULD LIKE TO THINK THAT IF THEY HAVE DONE
13   THAT, THAT THEY WOULD STILL FIND THAT THERE WAS NOT DELIBERATE
14   INDIFFERENCE.
15           IN OTHER WORDS, THEY MAY HAVE SOLVED THAT PROBLEM
16   FOR YOU.
17           THE COURT:  THEY MAY HAVE, BUT ON THE OTHER HAND,
18   SINCE I HAD SUGGESTED TO THEM THAT EVEN IF THEY WERE DEADLOCKED
19   ON THE FIRST QUESTION, THEY MIGHT FIND IT USEFUL TO DISCUSS THE
20   OTHERS, THEY MAY JUST BE DOING THAT EVEN THOUGH THEY STILL MAY
21   BE DEADLOCKED.
22           I THINK I HAVE ANSWERED MY OWN QUESTION.  IF THEY
23   COME BACK AGAIN AND SAY THEY ARE DEADLOCKED ON THE FIRST
24   QUESTION, I WILL TELL THEM, WELL, YOU MAY ANSWER THE OTHER
25   QUESTIONS.  AND IF IT'S AN INCONSISTENT VERDICT, WE WILL SET IT
```

|   |   |
|---|---|
| 1 | ASIDE AND IF IT'S A CONSISTENT VERDICT, THEN WE'LL HAVE MORE OF |
| 2 | A VERDICT.  ALL RIGHT. |
| 3 | **MR. ASHKER:**  YOUR HONOR? |
| 4 | **THE COURT:**  YEAH. |
| 5 | **MR. ASHKER:**  JUST REAL QUICK.  ON THIS QUESTION 2 ON |
| 6 | THIS PAGE WITH THE THREE QUESTIONS, ARE YOU GOING TO CLARIFY |
| 7 | THAT FOR THEM? |
| 8 | **THE COURT:**  I THINK WHAT I WILL SAY THERE IS, IF THE |
| 9 | CONDITION IS REVERSIBLE, THERE MAY HAVE BEEN PAST HARM, BUT |
| 10 | THERE WILL NOT BE FUTURE HARM. |
| 11 | **MR. ASHKER:**  AND IF THEY WERE TO FIND PAST HARM, |
| 12 | THEN THAT'S COMPENSABLE? |
| 13 | **THE COURT:**  YES. |
| 14 | **MR. ASHKER:**  OKAY.  ALSO, IS IT POSSIBLE, BECAUSE |
| 15 | BASED ON THEIR QUESTIONS AND THIS DRAFT FINAL JURY |
| 16 | INSTRUCTIONS, I NEVER GOT AN ACTUAL FINAL COPY OF WHAT WAS READ |
| 17 | TO THE JURY. |
| 18 | **THE COURT:**  OH, REALLY? |
| 19 | **MR. ASHKER:**  NO. |
| 20 | **THE COURT:**  YOU SHOULD HAVE.  WE WILL GET THAT TO |
| 21 | YOU.  SHEILAH, WILL YOU GET A COPY FOR HIM? |
| 22 | **MR. ASHKER:**  THANK YOU, YOUR HONOR. |
| 23 | **MR. KELLY:**  MAY I ALSO HAVE THE SAME COURTESY SO WE |
| 24 | ARE ALL CLEAR? |
| 25 | **THE COURT:**  YOU DIDN'T GET A COPY EITHER? |

|   |   |
|---|---|
| 1 | **MR. ANDRADA:** I JUST -- |
| 2 | **THE CLERK:** IT WAS ELECTRONICALLY FILED. |
| 3 | **THE COURT:** IT WAS E-FILED APPARENTLY. |
| 4 | **MR. ANDRADA:** OKAY. |
| 5 | **THE COURT:** WE WILL BE HAPPY -- IF YOU DIDN'T GET A |
| 6 | HARD COPY, WE WILL BE HAPPY TO MAKE YOU A HARD COPY AS WELL. |
| 7 | YOURS CAN HAVE A STAPLE IN IT. |
| 8 | **MR. ANDRADA:** THANK YOU. |
| 9 | **MR. ASHKER:** THANK YOU, YOUR HONOR. |
| 10 | **THE COURT:** SO WE WILL BRING THEM IN THEN. |
| 11 | (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY). |
| 12 | **THE COURT:** PLEASE BE SEATED. GOOD MORNING, LADIES |
| 13 | AND GENTLEMAN. |
| 14 | **JURY:** GOOD MORNING. |
| 15 | **THE COURT:** I HAVE SOME QUESTIONS FOR YOU WHICH I AM |
| 16 | GOING TO TRY TO ANSWER HERE. I AM GOING TO START -- I DON'T |
| 17 | KNOW WHICH CAME FIRST, BUT I WILL START WITH THE PAGE THAT HAD |
| 18 | TWO QUESTIONS ON IT AND THEN GO ON TO THE PAGE THAT HAD THREE |
| 19 | QUESTIONS ON IT. |
| 20 | THE FIRST QUESTION ON WHAT I AM CALLING THE FIRST |
| 21 | PAGE IS: |
| 22 | WHEN CONSIDERING THE DOCUMENTS THAT HAVE BEEN |
| 23 | SUBMITTED IN EVIDENCE, CAN WE CONSIDER ALL OF |
| 24 | THE CONTENTS OR JUST THE PIECES CLEARLY BEING |
| 25 | REFERENCED IN COURT? |

1    WELL, THE ANSWER IS THAT ALL OF THE CONTENTS ARE IN
2  EVIDENCE AND YOU MAY CONSIDER THEM.  HOWEVER, I WOULD CAUTION
3  YOU THAT THERE'S A LOT THERE, AND PARTS OF IT WERE NOT
4  EXPLAINED, WERE NOT CROSS-EXAMINED, WERE NOT DISCUSSED, WERE
5  NOT INSTRUCTED ON.  SO IF YOU ARE CONSIDERING PORTIONS THAT
6  WEREN'T DISCUSSED, EXPLAINED, OR INSTRUCTED ON, I WOULD
7  EXERCISE SOME CAUTION WITH THAT.  NOT EVERYTHING IN THERE MAY
8  BE TRUE, NOT EVERYTHING IN THERE MAY HAVE BEEN EXPLAINED.  SO,
9  YES, YOU MAY LOOK AT EVERYTHING, BUT JUST EXERCISE SOME CAUTION
10 BEFORE RELYING HEAVILY ON SOMETHING THAT WASN'T DISCUSSED.
11     AND IF YOU HAVE SPECIFIC QUESTIONS ABOUT SOME OF IT,
12 YOU COULD CERTAINLY ASK THOSE.
13     NUMBER TWO, REGARDING THE CONTRACT.
14     WILL THE 2002 SETTLEMENT AGREEMENT REMAIN IN
15     EFFECT OR WILL OUR DECISION REQUIRE THE TERMS TO
16     BE RENEGOTIATED?
17     AND THE ANSWER TO THAT IS THAT YOU SHOULD ASSUME IN
18 YOUR DISCUSSIONS THAT THE SETTLEMENT AGREEMENT WILL REMAIN IN
19 EFFECT AND WILL BE ENFORCED AS TO THE FUTURE.
20     TURNING TO THE NEXT PAGE, I AM GOING TO ANSWER TWO
21 AND THREE FIRST AND THEN GO BACK TO ONE BECAUSE I THINK THE
22 ANSWER TO TWO AND THREE WILL HELP WITH THE ANSWER TO ONE.
23     THE SECOND QUESTION IS:
24     IS THERE HARM IF THE CONDITION IS REVERSIBLE?
25     AND THE ANSWER TO THAT IS IF THE CONDITION IS

```
 1   REVERSIBLE, THEN THERE MAY HAVE BEEN PAST HARM, AND THE PAST
 2   HARM WOULD BE COMPENSABLE, IF APPROPRIATE, IF THE ANSWER TO THE
 3   QUESTIONS LEAD TO THAT.
 4          AS TO FUTURE HARM, IF THAT -- IF THE FUTURE HARM IS
 5   REVERSIBLE BY, FOR EXAMPLE, ENFORCEMENT OF THE CONTRACT, THEN
 6   YOU SHOULD ASSUME THE CONTRACT WILL BE ENFORCED AND THAT FUTURE
 7   HARM THAT WILL BE REMEDIED BY FUTURE ENFORCEMENT WOULD NOT BE
 8   NEEDED TO BE REMEDIED BY FUTURE DAMAGES.
 9          IF THERE WERE HARM THAT COULD NOT BE REMEDIED, THAT
10   EVEN ENFORCEMENT OF THE CONTRACT WOULD NOT REMEDY, THEN THAT
11   FUTURE HARM WOULD BE COMPENSABLE, IF I AM MAKING MYSELF CLEAR.
12             NUMBER THREE:
13             WHAT DO WE ASSUME ABOUT HIS FUTURE TREATMENT TO
14             INFORM US ABOUT WHAT HIS FUTURE CONDITION WILL
15             BE?
16          AND, AGAIN, I THINK THE ANSWER IS THE SAME.  YOU
17   SHOULD ASSUME THAT THE CONTRACT, THE 2003 SETTLEMENT AGREEMENT
18   WILL REMAIN IN EFFECT, THAT THE COURT WILL ENFORCE IT, AND GO
19   FROM THERE.
20             THEN TURNING BACK TO NUMBER ONE:
21             DEFINE REASONABLE PROBABILITY WILL BE
22             EXPERIENCED IN THE FUTURE FROM ONE OF THE
23             INSTRUCTIONS.
24          I GATHER WHAT YOU ARE GETTING AT THERE IS REASONABLE
25   PROBABILITY IN THE LIGHT OF THE CONTRACT BEING ENFORCED OR NOT.
```

1          AND AS I HAVE SAID, THE REASONABLE PROBABILITY
2   SHOULD TAKE INTO ACCOUNT THE FACT THAT THE CONTRACT WILL REMAIN
3   IN EFFECT AND WILL BE ENFORCED.
4          SO, I HOPE THAT WILL BE HELPFUL TO YOU.  AND YOU MAY
5   RETURN.
6          **JUROR:**  COULD YOU HAVE THE COURT REPORTER READ BACK
7   THE PART THAT YOU SAID ABOUT HARM AND FUTURE HARM, PLEASE?
8          **THE COURT:**  SURE.
9          **JUROR:**  READ BACK YOUR INSTRUCTION JUST SO I CAN
10  HEAR IT ONE MORE TIME.
11         **THE COURT:**  OKAY.  OR I CAN EVEN HAVE THAT LITTLE
12  PORTION PRINTED OUT.
13         **JUROR:**  THAT WILL BE PERFECT.
14         **THE COURT:**  THAT WILL TAKE A LITTLE BIT LONGER, BUT
15  WE WILL DO THAT.
16         **JUROR:**  THANK YOU.  I APPRECIATE THAT.
17         **THE COURT:**  THANK YOU.
18         (JURORS RESUME DELIBERATIONS.)
19         (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY
20  AT 1:25 P.M.)
21         **THE COURT:**  ALL RIGHT.  WE ARE BACK ON THE RECORD IN
22  THE ASHKER CASE.  WE HAVE MR. ANDRADA AND MR. ASHKER PRESENT.
23         WE ARE IN KIND OF A RUSH HERE BECAUSE THE JURY WANTS
24  TO LEAVE AT 1:30 TODAY.
25         THEY HAVE A QUESTION, WHICH IS:

1           PLEASE DEFINE DISREGARD AS IT PERTAINS TO THE

2           CIVIL RIGHTS CLAIMS LINE 7.  WE ARE LEAVING

3           TODAY AT 1:30.  THANK YOU.

4         I PROPOSE TO SAY THAT DISREGARD AS USED IN THESE

5 INSTRUCTIONS HAS NO PARTICULAR TECHNICAL MEANING, THAT IT HAS

6 ITS COMMON SENSE MEANING, AND SOME SYNONYMS MIGHT BE TO NOT PAY

7 ATTENTION TO, TO IGNORE, TO BE INDIFFERENT TO.

8         IS THAT AGREEABLE?

9         **MR. ASHKER:**  WHAT ABOUT NEGLECT?

10        **THE COURT:**  WELL, I DON'T -- THAT WOULD BE AWKWARD

11 BECAUSE IT WOULD BE CONFUSING TO THEM IN TERMS OF NEGLIGENCE.

12 NEGLECT IS NEGLIGENCE, AND NEGLIGENCE IS DIFFERENT.

13         NO, I CAN'T SAY NEGLECT.

14        **MR. ANDRADA:**  WHAT I SUGGEST, YOUR HONOR, IS PERHAPS

15 YOU CONSIDER GIVING THE CACI INSTRUCTIONS ON DELIBERATE

16 INDIFFERENCE, WHICH MAKE A REAL DISTINCTION BETWEEN NEGLIGENCE

17 AND THIS MORE CULPABLE CONDUCT.

18         I THINK I MENTIONED THE OTHER DAY ON THE RECORD, IF

19 I RECALL THE USE NOTE, IT REFERRED TO A CASE THAT SAYS THAT

20 EVEN GROSS NEGLIGENCE IS NOT ENOUGH.

21         SO, CLEARLY THEY SEEM TO BE TRYING TO GET A HANDLE

22 ON THE CONCEPT.  AND I AM CONCERNED THAT WE HAVE NOT MADE A

23 SUFFICIENT DISTINCTION BETWEEN THE TWO, AND THAT'S WHAT'S

24 CAUSING THIS PERHAPS CONFUSION ON THEIR PART.

25        **THE COURT:**  I'VE REREAD THAT INSTRUCTION, BUT I FELT

```
 1   THAT IT WAS OVERKILL IN TERMS OF JUST DEFINING ONE SINGLE WORD.
 2   AND I DIDN'T WANT TO OPEN UP A WHOLE CAN OF WORMS BY CHANGING
 3   THE WHOLE INSTRUCTION, OR NOT CHANGING, BUT JUST ADDING A LOT
 4   MORE WORDS TO THE INSTRUCTION THAN THE ONE WE HAD GIVEN, WHICH
 5   WAS THE NINTH CIRCUIT MODEL INSTRUCTION.  SO I AM NOT GOING TO
 6   DO THAT.
 7            I AM GOING TO STICK TO DEFINING THE SINGLE WORD THAT
 8   THEY ASKED US TO DEFINE.
 9            **MR. ANDRADA:** MY CONCERN IS, OF COURSE, THAT IN
10   THEORY IT PAVES THE WAY FOR A PUNITIVE DAMAGE AWARD.  AND SO
11   OBVIOUSLY I AM CONCERNED AND WANT TO MAKE CERTAIN THAT
12   DR. SAYRE'S RIGHTS ARE FULLY PROTECTED WITH REGARD TO THE LAW.
13            **THE COURT:** OKAY.  WELL, I THINK THIS WILL BE A
14   CORRECT STATEMENT.
15            DID YOU HAVE SOMETHING ELSE?
16            **MR. ASHKER:** DO YOU THINK IT MIGHT HELP IF YOU GAVE
17   THEM AN EXAMPLE?
18            **THE COURT:**  I THINK THIS WILL DO IT.
19            **MR. ASHKER:**  OKAY.
20            **THE COURT:**  THIS IS A FAIR ANSWER TO THEIR QUESTION.
21   I DON'T WANT TO TAKE CHANCES ABOUT MAKING UP EXAMPLES.
22            I WANT TO CATCH THEM BEFORE THEY LEAVE, SO SHEILAH
23   WOULD YOU BRING THEM IN?
24            (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)
25            **THE COURT:** PLEASE BE SEATED.
```

1      GOOD AFTERNOON, LADIES AND GENTLEMAN.  I HAVE A
2  QUESTION FROM YOU WHICH SAYS:
3      PLEASE DEFINE DISREGARD AS IT PERTAINS TO THE
4      CIVIL RIGHTS CLAIM, LINE 7.  WE ARE LEAVING
5      TODAY AT 13:30.
6      I WILL TELL YOU THAT THE WORD "DISREGARD" THAT YOU
7  ARE REFERRING TO THERE HAS NO PARTICULAR TECHNICAL OR LEGAL
8  MEANING.  IT HAS SIMPLY THE COMMON SENSE MEANING OF THE WORD
9  DISREGARD.
10     PERHAPS I CAN OFFER A COUPLE OF SYNONYMS.  TO NOT
11 PAY ATTENTION TO, TO IGNORE, TO BE INDIFFERENT TO, MIGHT BE
12 SOME COMMON SYNONYMS FOR THAT WORD.
13     SO I UNDERSTAND YOU ARE LEAVING AT THIS TIME TODAY,
14 AND I PRESUME COMING BACK AT 8:30 TOMORROW MORNING.  I DO WANT
15 TO THANK YOU VERY MUCH FOR YOUR CONTINUING EFFORTS, AND HAVE A
16 GOOD EVENING.
17     (JURY ADJOURNS FOR THE DAY.)
18     **THE COURT:**  I NEED TO SEE YOU ALL FOR JUST A MOMENT.
19     I WANTED TO PLACE ON THE RECORD -- YOU MAY BE
20 SEATED, IF YOU LIKE.
21     WHAT HAPPENED IN WRITING DURING THE LAST NOTE, JUST
22 SO IT'S CLEAR, WE HAD A NOTE FROM THE JURY WHICH SAID SOMETHING
23 LIKE THERE'S AN INCONSISTENCY IN THE VERDICT FORM WITH RESPECT
24 TO THE SEQUENCE OF THE QUESTIONS.  I DON'T HAVE IT IN FRONT OF
25 ME.

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1   THE CLERK MADE COPIES OF THEIR NOTE, MADE COPIES OF
2  A PROPOSED NOTE FROM ME WHICH SAID:
3   IN ANSWER TO YOUR LAST QUESTION, YOU ARE
4   CORRECT, A REVISED VERDICT FORM IS ATTACHED.
5   AND THEN I CREATED A REVISED VERDICT FORM WHICH
6  CORRECTED THE ERROR THAT THE JURY HAD NOTED AND I GAVE THAT TO
7  MR. ASHKER AND TO MR. ANDRADA ALONG WITH A COVER NOTE WHICH
8  SAID:
9   IF YOU ARE IN AGREEMENT, PLEASE INITIAL THIS NOTE.
10  AND I RECEIVED BACK FROM MR. ANDRADA, WHO IS SITTING IN THE
11  COURT AT THE TIME, A NOTE INDICATING THAT HE AGREED.  AND
12  OFFICER BROOKS TOOK THE NOTE IN TO MR. ASHKER AND BROUGHT OUT A
13  NOTE INDICATING THAT HE AGREED.
14   I THEN ASKED THE CLERK TO BRING MY COVER NOTE TO THE
15  JURY WITH THE NEW VERDICT FORM AND COPIES FOR EACH OF THEM.
16   AND THE REASON I DID THAT IS BECAUSE I WAS IN
17  SESSION IN ANOTHER TRIAL AND THE ATTORNEYS HAD THEIR THINGS
18  STREWN ALL OVER, AND EVERY TIME THEY LEAVE, THEY HAVE TO CLEAR
19  EVERYTHING UP, AND PLUS IT WAS QUICKER TO BE ABLE TO SEND THE
20  ANSWER IN IN WRITING RATHER THAN TO BREAK AND RECONVENE AND ALL
21  OF THAT.
22   I DID WANT THE RECORD TO REFLECT WHAT EXACTLY HAD
23  HAPPENED AND WE WILL FILE COPIES OF ALL THE NOTES AND SO FORTH.
24  AM I CORRECT IN WHAT I'VE SAID, MR. ANDRADA?
25   **MR. ANDRADA:**  YES.

1    **THE COURT:** MR. ASHKER?

2    **MR. ASHKER:** YES, YOUR HONOR.

3    **THE COURT:** ALL RIGHT. SO WE ARE DONE FOR THE DAY,
4    THEN OFFICERS, AND WE JUST NEED HIM BACK TOMORROW AT 8:30.

5    **MR. ASHKER:** THANK YOU, YOUR HONOR.

6    **THE COURT:** EVEN, YOU KNOW, PROBABLY NOTHING IS
7    GOING TO HAPPEN IN THE FIRST HALF HOUR. SO IF IT WOULD BE
8    EASIER FOR YOU TO BE HERE AT NINE, TRAFFIC MIGHT BE A LITTLE
9    BETTER NINE, IT WOULD BE FINE.

10   **MR. ASHKER:** THANK YOU.

11        (PROCEEDINGS WERE CONCLUDED 1:34 P.M.)

## CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-05-3759 CW, TODD L. ASHKER V. MICHAEL SAYRE AND MATTHEW CATE, PAGES NUMBERED 1209 THROUGH 1228, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.

/S/ DIANE E. SKILLMAN

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR