```
                                        VOLUME 10

                                        PAGES 1229 - 1240

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

TODD L. ASHKER,              )
                             )
                             )
          PLAINTIFF,         )   NO. C-05-3759 CW
                             )
  VS.                        )   FRIDAY, MAY 22, 2009
                             )
MICHAEL C. SAYRE, ET AL.,    )   OAKLAND, CALIFORNIA
                             )
          DEFENDANTS.        )
_____)
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**   TODD L. ASHKER, PRO PER
                    BOX 7500/D1-119
                    CRESCENT CITY, CALIFORNIA 9553


**FOR DEFENDANTS:**  ANDRADA & ASSOCIATES
                    180 GRAND AVENUE, SUITE 225
                    OAKLAND, CALIFORNIA 94612
                BY: J. RANDALL ANDRADA, ESQUIRE


**REPORTED BY:**     DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                    OFFICIAL COURT REPORTER

```
 1   FRIDAY, MAY 22, 2009                                    10:30 A.M.
 2
 3              (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4              THE CLERK:  PLEASE REMAIN SEATED AND COME TO ORDER.
 5   COURT IS NOW IN SESSION.
 6              THE COURT:  SO WE'RE RECONVENED ON THE ASHKER CASE.
 7   MR. ANDRADA IS PRESENT AND MR. ASHKER IS PRESENT.
 8              WE HAVE A NOTE INDICATING THE JURY HAS REACHED A
 9   UNANIMOUS VERDICT.  I AM A LITTLE CONCERNED ABOUT IT BECAUSE IF
10   THERE IS ANY INCONSISTENCY IN THE VERDICT, SUCH AS A "NO" ON
11   THE NEGLIGENCE AND "YES" ON THE CIVIL RIGHTS, OR SOMETHING LIKE
12   THAT, I AM GOING TO HAVE TO DEAL WITH IT.  BUT, I GUESS IF THAT
13   HAPPENS, I WILL JUST SAY THAT WE HAVE SOME DIFFICULTIES AND
14   EXCUSE THEM FOR A MOMENT AND THEN DISCUSS IT WITH YOU ALL AND
15   DECIDE WHAT WE SHOULD DO ABOUT IT.  HOPEFULLY THAT WON'T
16   HAPPEN.
17              MR. ANDRADA:  DO YOU HAVE SOME INDICATION OF THAT?
18              THE COURT:  NO, ONLY THAT THEY HAD ORIGINALLY SAID
19   THEY WERE DEADLOCKED ON THE NEGLIGENCE.  I AM JUST WORRIED THAT
20   WHAT IF THEY -- I DON'T KNOW.  I AM JUST CONCERNED THAT THERE
21   COULD BE SOME INCONSISTENCY.  I HAVE NO REASON OTHER THAN THAT
22   TO THINK THERE MIGHT BE.  BUT, AS I SAY, IF THERE IS, I WILL
23   SEND THEM BACK AND TELL THEM TO HOLD FOR A MINUTE WHILE WE
24   DISCUSS IT.
25              MR. ANDRADA:  YES, YOUR HONOR.
```

1      **THE COURT:** OKAY.

2      **THE CLERK:** ALL RISE.

3      (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)

4      **THE COURT:** PLEASE BE SEATED.

5      GOOD MORNING. LADIES AND GENTLEMAN. I HAVE A NOTE

6  THAT YOU HAVE REACHED A UNANIMOUS VERDICT ON ALL THE QUESTIONS.

7      **JURY:** YES, YOUR HONOR.

8      **THE COURT:** WOULD YOU HAND THE VERDICT TO THE CLERK,

9  PLEASE.

10     (PAUSE IN THE PROCEEDINGS.)

11     **THE COURT:** ALL RIGHT. THE CLERK WILL RECORD THE

12 VERDICT ON THE RECORD.

13     **THE CLERK:** LADIES AND GENTLEMAN OF THE JURY, LISTEN

14 TO YOUR VERDICT AS IT SHALL STAND RECORDED.

15     IN THE MATTER OF TODD ASHKER VERSUS MICHAEL C. SAYRE

16 AND MATTHEW CATE, CIVIL ACTION NUMBER C-05-3759 CW VERDICT

17 FORM.

18     I: MEDICAL CLAIMS. A NEGLIGENCE CLAIM.

19     1. WAS DR. SAYRE NEGLIGENT IN HIS TREATMENT OF

20 PLAINTIFF?

21     YES.

22     IF YOUR ANSWER TO QUESTION 1 IS "YES", PROCEED TO

23 QUESTION 2. IF YOU ANSWERED "NO", THEN PROCEED TO QUESTION 8.

24     2. WAS DR. SAYRE'S NEGLIGENCE A SUBSTANTIAL FACTOR

25 IN CAUSING HARM TO PLAINTIFF?

```
 1                  YES.
 2                  IF YOUR ANSWER TO QUESTION 2 IS "YES", ANSWER
 3       QUESTION 3.  OTHERWISE, PROCEED TO QUESTION 8.
 4            B.  CIVIL RIGHTS CLAIM.
 5                  DID DR. SAYRE KNOWINGLY DISREGARD A SERIOUS MEDICAL
 6       NEED OF PLAINTIFF?
 7                  YES.
 8                  IF THE ANSWER TO QUESTION 3 IS "YES", PROCEED TO
 9       QUESTION 4.  IF YOU ANSWERED "NO", PROCEED TO QUESTION 8 UNLESS
10       YOU ANSWERED YES TO ANSWER 2, IN WHICH CASE PROCEED TO
11       QUESTION 5.
12              4.  WAS DR. SAYRE'S KNOWING DISREGARD OF PLAINTIFF'S
13       SERIOUS MEDICAL NEED A SUBSTANTIAL FACTOR IN CAUSING HARM TO
14       PLAINTIFF?
15                  YES.
16                  IF YOU ANSWERED "YES" TO QUESTION 2 AND/OR 4 PROCEED
17       TO QUESTION 5.  OTHERWISE, PROCEED TO QUESTION 8.
18              II.  DAMAGES FOR MEDICAL CLAIMS.
19                  WHAT ARE PLAINTIFF'S DAMAGES, IF ANY?
20                  $6,500.
21                  IF YOU ANSWERED "YES" TO 4 THEN ANSWER QUESTION 6.
22              6.  DO YOU AWARD PUNITIVE DAMAGES AGAINST DR. SAYRE
23       AS A RESULT OF THE INTENTIONAL DISREGARD OF PLAINTIFF'S SERIOUS
24       MEDICAL NEED?
25                  NO.
```

```
 1                  III.  CONTRACT CLAIM.
 2             8.  WAS PLAINTIFF HARMED BY THE BREACH OF THE 2002
 3   SETTLEMENT AGREEMENT?
 4             NO.
 5             IF YOU ANSWERED -- IF YOUR ANSWER TO QUESTION 8 IS
 6   "YES", PROCEED TO QUESTION 9.  IF YOU ANSWERED "NO", SIGN AND
 7   DATE THE VERDICT FORM.
 8             DATED MAY 22ND, 2009 MATT CRAVEA, FOREPERSON.
 9             IS THE VERDICT AS READ VERDICT, SO SAY YOU ONE, SO
10   SAY YOU ALL?
11             **JURY:**  YES.
12             **THE COURT:**  WE'LL HAVE THE JURY POLLED AND THAT
13   MEANS THE CLERK WILL SIMPLY ASK EACH OF YOU BY NAME WHETHER THE
14   VERDICT AS READ IS YOUR VERDICT, AND YOU CAN JUST ANSWER "YES"
15   OR "NO" AS THE CASE MAY BE.
16             **THE CLERK:**  JOY MAKAPUGAY, IS THE VERDICT AS READ
17   YOUR VERDICT?
18             **JUROR MAKAPUGAY:**  YES.
19             **THE CLERK:**  NANCY FRIEDMAN, IS THE VERDICT AS READ
20   YOUR VERDICT?
21             **JUROR FRIEDMAN:**  YES.
22             **THE CLERK:**  VICKY TOROIAN, IS THE VERDICT AS READ
23   YOUR VERDICT?
24             **JUROR TOROIAN:**  YES.
25             **THE CLERK:**  DIANE WILCOX, IS THE VERDICT AS READ
```

1  YOUR VERDICT?
2          **JUROR WILCOX:** YES.
3          **THE CLERK:** MATT CRAVEA, IS THE VERDICT AS READ YOUR
4  VERDICT?
5          **JUROR CRAVEA:** YES.
6          **THE CLERK:** ELIZABETH DAI, IS THE VERDICT AS READ
7  YOUR VERDICT?
8          **JUROR DAI:** YES.
9          **THE CLERK:** CATHY HAMMER, IS THE VERDICT AS READ
10 YOUR VERDICT?
11         **JUROR HAMMER:** YES.
12         **THE CLERK:** REBECCA TALLEY, IS THE VERDICT AS READ
13 YOUR VERDICT?
14         **JUROR TALLY:** YES.
15         **THE CLERK:** YOUR HONOR, THE JURY HAS BEEN POLLED AND
16 THE JURY IS UNANIMOUS.
17         **THE COURT:** ALL RIGHT.
18         WELL, THANK YOU VERY MUCH LADIES AND GENTLEMAN.  I
19 KNOW YOU HAVE BEEN DELIBERATING FOR A LONG TIME AND I GATHER IT
20 WAS SOMEWHAT OF A DIFFICULT PROCESS, BUT YOU HAVE BEEN VERY
21 CONSCIENTIOUS.  AND THE PARTIES AND THE COURT ARE VERY GRATEFUL
22 FOR YOUR SERVICE AND FOR YOUR CONSCIENTIOUS DELIBERATIONS.
23         SHORTLY, I WILL BE RELIEVING YOU FROM YOUR DUTIES.
24 I WILL SEND YOU BACK TO THE JURY ROOM.  MS. CAHILL WILL COME
25 BACK WITH YOU AND SHE WILL COLLECT YOUR JURY BADGES, SHE'LL

1  COLLECT ANY NOTES YOU MIGHT HAVE TAKEN AND SCRATCH COPIES OF
2  VERDICT FORMS, AND SO ON, AND THOSE WILL BE DESTROYED.
3          AT THIS TIME, TOO, I WILL BE RELEASING YOU FROM THE
4  OBLIGATION NOT TO DISCUSS THE CASE AMONGST YOURSELVES OR WITH
5  ANYONE ELSE.  YOU MAY DISCUSS THE CASE IF YOU WOULD LIKE.  YOU
6  CAN CERTAINLY DISCUSS IT WITH YOUR FAMILY AND FRIENDS.
7          SOMETIMES THE ATTORNEYS OR PARTIES ARE INTERESTED IN
8  TALKING TO A JURY AFTERWARDS TO FIND OUT WHAT THEY THOUGHT OF
9  THE EVIDENCE AND SO FORTH.  IF YOU WISH TO DISCUSS THE CASE
10 WITH PEOPLE WHO ARE CONNECTED WITH THE CASE, YOU MAY DO SO.  IF
11 YOU WOULD LIKE, YOU ARE UNDER NO OBLIGATION TO DO SO.  IF YOU
12 DON'T WISH TO DO SO, YOU SHOULD SIMPLY SAY THAT YOU DON'T WISH
13 TO, AND YOUR WISHES WILL BE RESPECTED IN THAT REGARD.
14         IF YOU DO DECIDE TO DISCUSS THE CASE WITH SOMEONE
15 OTHER THAN FRIENDS AND FAMILY, I WOULD SUGGEST THAT YOU DISCUSS
16 HOW YOU FELT ABOUT THE EVIDENCE, WHAT YOUR THINKING MIGHT HAVE
17 BEEN, BUT NOT DISCUSS WHAT WENT ON IN THE PRIVACY OF THE JURY
18 ROOM IN TERMS OF WHAT OTHER PEOPLE MIGHT HAVE SAID OR THOUGHT
19 AT DIFFERENT TIMES, OR WHAT ANY INTERIM VOTES MIGHT HAVE BEEN,
20 AND THAT SORT OF THING.  THAT ISN'T TOO PRODUCTIVE.
21         I WOULD LIKE TO COME BACK AND THANK EACH OF YOU
22 PERSONALLY FOR SERVING.  I WON'T BE ABLE TO DISCUSS THE CASE
23 WITH YOU, BUT I COULD ANSWER ANY GENERAL QUESTIONS YOU MIGHT
24 HAVE ABOUT THE PROCESS AND THANK YOU EACH FOR SERVING.
25         IT WILL TAKE ME A MINUTE TO GET BACK THERE BECAUSE I

1   DO NEED TO MAKE ARRANGEMENTS WITH THE PARTIES, BUT IF YOU CAN
2   WAIT FOR A COUPLE OF MINUTES, I WILL COME BACK AND THANK YOU.
3           SO, AGAIN, THANK YOU VERY MUCH ON BEHALF OF THE
4   PARTIES AND THE COURT.
5           **MR. ANDRADA:** THANK YOU.
6           **MR. ASHKER:** THANK YOU.
7           (JURY EXCUSED.)
8           **THE COURT:** I ACTUALLY FORGOT, MR. ANDRADA, I MEANT
9   TO ASK YOU WHETHER YOU WERE GOING TO BE ATTEMPTING TO SPEAK
10  WITH THE JURORS ON THEIR WAY OUT.  ONLY BECAUSE GENERALLY THERE
11  ARE TWO SIDES TO A CASE AND BOTH ARE THERE.  AND IN THIS CASE,
12  OF COURSE, WE CAN'T DO THAT.  IF YOU AREN'T INTENDING TO ASK,
13  THEN I WON'T WORRY ABOUT IT.
14          **MR. ANDRADA:** WELL, YOUR HONOR, I WOULD LIKE TO
15  CERTAINLY AS A COURTESY.  ALSO I AM INTERESTED FROM MY CLIENTS'
16  PERSPECTIVE TO FIND OUT --
17          **THE COURT:** OKAY.
18          **MR. ANDRADA:** -- WHAT THE THEORY WAS.
19          **THE COURT:** I AM NOT SUGGESTING YOU CAN'T, I WAS
20  SIMPLY ASKING A QUESTION.  IF YOU ARE, AS I GATHER YOU ARE,
21  THEN I THINK I WILL JUST HAVE MY COURTROOM DEPUTY OR ONE OF THE
22  LAW CLERKS JUST QUIETLY OBSERVE FROM THE SIDELINES JUST BECAUSE
23  NORMALLY BOTH SIDES WOULD BE THERE, AND IN THIS CASE, THERE IS
24  NO ABILITY TO DO THAT.
25          **MR. ANDRADA:** VERY WELL, YOUR HONOR.  WHATEVER YOU

```
 1   WANT, THAT'S FINE.
 2              THE COURT:  OKAY.
 3              THE OTHER THING I WANTED TO SAY, I DON'T KNOW IF
 4   ANYONE WILL BE TAKING AN APPEAL.  MR. ASHKER YOU HAD ASKED IN
 5   THE PAST TO HAVE COUNSEL APPOINTED TO REPRESENT YOU, AND I
 6   DIDN'T DO THAT.  IN PART BECAUSE IT WAS MY UNDERSTANDING THAT
 7   YOU WERE NOT INDIGENT AND THUS NOT QUALIFIED FOR
 8   COURT-APPOINTED COUNSEL.
 9              IF I AM WRONG ABOUT THAT AND YOU ARE QUALIFIED, YOU
10   MAY SUBMIT A FINANCIAL AFFIDAVIT AND A PRISONER CERTIFICATE AND
11   TRUST ACCOUNT AND ALL OF THAT EXPLAINING YOUR FINANCIAL
12   SITUATION AND REQUESTING APPOINTED COUNSEL IF THERE IS AN
13   APPEAL.  IF YOU ARE NOT INDIGENT AND YOU WANT TO HIRE YOUR OWN
14   COUNSEL, OF COURSE, YOU CAN DO THAT, OR YOU CAN REPRESENT
15   YOURSELF ON APPEAL.
16              THE APPELLANT -- YOU CAN APPEAL YOURSELF, I SUPPOSE,
17   IF YOU WANTED TO.  THE APPELLANT WOULD HAVE TO ORDER A
18   TRANSCRIPT AND THE OTHER SIDE WOULD HAVE TO PURCHASE THAT
19   TRANSCRIPT, AGAIN, UNLESS YOU WERE INDIGENT.  IF THAT HAPPENS,
20   YOU WILL NEED TO MAKE THOSE ARRANGEMENTS.
21              IF WE HAVE ANY POST-VERDICT MOTIONS, THOSE WOULD
22   NEED TO BE MADE UNDER THE USUAL SCHEDULE, WHICH I CAN'T
23   REMEMBER WHAT IT IS.  I THINK 14 DAYS AFTER JUDGMENT.
24              ON THE BREACH OF CONTRACT CLAIM, I DO INTEND TO
25   ORDER SPECIFIC PERFORMANCE.  I DON'T KNOW IF YOU WANT TO BRIEF
```

1   THAT POINT.  IF YOU WANT TO SUGGEST HOW I SHOULD DO IT, OR I
2   GUESS I COULD PRODUCE A TENTATIVE RULING OR A TENTATIVE
3   SPECIFIC PERFORMANCE ORDER, AND YOU ALL COULD COMMENT ON IT.
4   MAYBE THAT WOULD BE THE BEST WAY TO GO ABOUT IT.
5           I GUESS I CAN'T ENTER JUDGMENT UNTIL I DO THE
6   SPECIFIC PERFORMANCE, SINCE IT WOULDN'T BE FINAL.  SO, IF IT'S
7   ALL RIGHT WITH YOU, MAYBE I WILL JUST ENTER OR FILE A TENTATIVE
8   ORDER OF SPECIFIC PERFORMANCE AND GIVE YOU A BRIEFING SCHEDULE
9   TO COMMENT ON IT.
10          AFTER THAT, WE WILL ENTER JUDGMENT.  THERE IS A
11  VERDICT ON THE CIVIL RIGHTS CLAIM, WHICH WOULD ORDINARILY
12  ENCOMPASS ATTORNEY'S FEES, BUT I BELIEVE THE LAW IS THAT A
13  NONATTORNEY CAN'T GET ATTORNEY'S FEES.
14          **MR. ANDRADA:**  THAT IS CORRECT.
15          **THE COURT:**  IF YOU HAVE CASE LAW ON THAT, YOU CAN
16  CERTAINLY FILE IT.  BUT THAT IS MY RECOLLECTION OF THE LAW.
17          **MR. ASHKER:**  THAT IS WHAT IT IS, YOUR HONOR.  I CAN
18  MOVE FOR COSTS, THOUGH, RIGHT?
19          **THE COURT:**  THAT WAS MY NEXT POINT.  YOU CAN --
20  COSTS WOULD BE THE -- I THINK IT'S THE RULE 54 COSTS, THE
21  MINIMAL COSTS ARE AWARDED TO THE WINNING PARTY, BUT THE COSTS
22  OF -- THERE ARE SOME ADDITIONAL COSTS THAT ARE ALLOWED AS PART
23  OF ATTORNEY'S FEES IN A CIVIL RIGHTS CLAIM, WHICH GO BEYOND THE
24  MINIMAL RULE 54 COSTS.  AND I THOSE WOULD BE, I THINK, LIKE
25  EXPERT WITNESS FEES.  I AM NOT POSITIVE ABOUT THAT, BUT I THINK

1  THAT'S RIGHT.
2        AND IT MAY BE THAT EVEN A PRO PER PARTY WHO CAN'T
3  COLLECT ATTORNEY'S FEES COULD COLLECT THE INCREASED LEVEL OF
4  COSTS THAT ARE ALLOWED AS PART OF ATTORNEY'S FEES.
5        SO, IF THAT IS THE CASE, AND YOU WISH TO SEEK COSTS
6  OTHER THAN THE STANDARD RULE 54 COSTS, YOU CAN MAKE A MOTION
7  FOR THOSE WHICH YOU WOULD HAVE TO MAKE, I THINK, 14 DAYS AFTER
8  JUDGMENT, ALTHOUGH, AGAIN, I AM NOT POSITIVE ABOUT THAT EITHER,
9  SO YOU PROBABLY NEED TO CHECK.
10       CAN ANYONE THINK OF ANY OTHER POINTS WE NEED TO
11 COVER?
12            **MR. ASHKER:**  NO, YOUR HONOR.
13            **MR. ANDRADA:**  NO.
14            **THE COURT:**  ALL RIGHT THEN.
15            **MR. ASHKER:**  THANK YOU, YOUR HONOR.
16            **THE COURT:**  THANK YOU.
17          (PROCEEDINGS CONCLUDED AT 10:45 A.M.)

CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-05-3759 CW, TODD L. ASHKER V. MICHAEL SAYRE AND MATTHEW CATE, PAGES NUMBERED 1229 THROUGH 1240, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.

/S/ DIANE E. SKILLMAN

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR