IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD L. ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL C. SAYRE, et al.,<br><br>    Defendants.<br>_____/ | No. 05-03759 CW<br><br>ORDER DENYING DEFENDANT CATE'S MOTION FOR RELIEF FROM ORDER, GRANTING PLAINTIFF'S MOTION FOR ENFORCEMENT OF ORDER AND DENYING PLAINTIFF's MOTION FOR NEW TRIAL |

    Defendant Matthew Cate, Director of the California Department of Corrections and Rehabilitation (CDCR), moves for relief from the Court's March 2, 2010 Order for Report in Accordance with February 2, 2010 Order.  Plaintiff has filed an opposition and Defendant Cate has filed a reply.  Plaintiff moves to compel compliance with the March 2, 2010 Order and for a new trial on damages or for an additur and for the appointment of counsel to represent him at a new trial.  Defendant Cate opposes the motion to compel and joins with Defendant Dr. Michael C. Sayre, Chief Medical Officer at Pelican Bay State Prison (PBSP), in opposing the motion for new trial or for an additur.  Plaintiff has filed a reply to his motion for a new trial or for an additur but has not filed a reply to his motion to compel compliance with the March 2, 2010 Order.  The

motions were taken under submission on the papers. Having considered all the papers filed by the parties, the Court denies Defendant Cate's motion for relief from its orders and Plaintiff's motion for a new trial or for an additur and for the appointment of counsel and grants Plaintiff's motion to enforce the Court's orders.

## BACKGROUND

Two issues were tried in this case, from May 11 through May 15, 2009: (1) whether Defendant Sayre was negligent in his treatment of Plaintiff's injured arm or was deliberately indifferent to Plaintiff's serious medical needs; and (2) whether Defendant Cate, in his official capacity as Director of the CDCR, breached the 2002 Settlement Agreement that Plaintiff and the CDCR entered into to settle a 1997 lawsuit that Plaintiff had filed against the CDCR, for, among other things, deliberate indifference to his serious medical needs related to his injured arm.

The jury found that Defendant Sayre was liable for negligence and deliberate indifference to Plaintiff's serious medical needs and awarded Plaintiff $6,500 in damages for these medical claims. With respect to the breach of contract claim, the parties disputed two terms in the 2002 Settlement Agreement. At the close of evidence, the Court determined, as a matter of law, that the disputed terms had the meanings advocated by Plaintiff. The Court also found, as a matter of law, that Defendant Cate had breached the 2002 Settlement Agreement because no evidence had been presented that would allow a reasonable jury to find for Defendant Cate on this claim. The jury was instructed that the Court had

2

determined that Defendant Cate had breached the 2002 Settlement Agreement and that it was to decide whether that breach had harmed Plaintiff and had caused him to suffer any damages in addition to those they awarded against Defendant Sayre.

The jury found that Plaintiff was not harmed by Defendant Cate's breach of the 2002 Settlement Agreement and that no additional damages would be awarded on that claim.

Nonetheless, the contract had been breached and the Court ordered Defendant Cate to comply with it. On February 4, 2010, the Court entered an Order for Specific Performance, which required Defendant Cate to perform the promises to which he had agreed, and set dates for him to perform and to report his progress to the Court. Also on February 4, 2010, judgment was entered in favor of Plaintiff, awarding him $6,500 from Defendant Sayre.

On February 12, 2010, Defendant Cate filed a notice of appeal from the judgment and the Order for Specific Performance. Defendant Cate did not move to stay pending appeal the enforcement of the Order for Specific Performance or the judgment.

DISCUSSION

I. Defendant Cate's Motion for Relief and Plaintiff's Motion to Enforce

Defendant Cate failed to file a report on the date specified in the February 4, 2010 Order for Specific Performance and in the judgment. Thus, he has not reported whether he has complied with the Court's order to begin performing the promises he had made in the 2002 Settlement Agreement. Accordingly, on March 2, 2010, the Court issued an Order for Report from Defendant Cate which required

3

1 him to file the report on March 4, 2010.  Instead of filing his
2 report, on March 4, 2010, Defendant Cate filed this motion for
3 relief from the March 2, 2010 Order.  He argues that his notice of
4 appeal divested this Court of jurisdiction to enforce its Order for
5 Specific Performance and its judgment.

6     Orders of the court must be obeyed and, if not obeyed, may be
7 enforced by the contempt power, if need be.  Only a stay of the
8 court's order by the court itself or a higher court would excuse
9 compliance.  Absent a stay under Federal Rule of Civil Procedure
10 62, the filing of an appeal does not protect the appealing party
11 from execution or enforcement of a judgment during the pendency of
12 the appeal.  12 Moore's Federal Practice, § 62.02 (3rd ed. 2009);
13 In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000) (absent a stay,
14 trial court retains jurisdiction to implement or enforce its
15 judgment, although it may not alter or expand the judgment); Matter
16 of Combined Metals Reduction Co., 557 F.2d 179, 190 (9th Cir. 1977)
17 (same).  If Defendant Cate's argument to the contrary were correct,
18 a convicted criminal could disregard the court's order to surrender
19 to serve his sentence after filing a notice of appeal, and a
20 judgment debtor could refuse to pay his judgment without filing a
21 bond.

22     As noted above, Defendant Cate did not request a stay under
23 Rule 62, and has not received one.  Therefore, the Court retains
24 jurisdiction to enforce its orders and its judgment.

25     Defendant Cate relies primarily on Griggs v. Provident
26 Consumer Discount Co., 459 U.S. 56, 58 (1982), for his argument
27 that the filing of his notice of appeal divests this Court of

4

1  jurisdiction to enforce its orders and its judgment.  In Griggs,
2  the Court held that a notice of appeal has no effect if it is filed
3  before the disposition by the district court of a motion to alter
4  or amend the judgment.  Id. at 61.  In its discussion, the Court
5  noted that a district court and a court of appeals should not
6  attempt to assert jurisdiction over a case simultaneously, and that
7  the filing of a notice of appeal confers jurisdiction on the court
8  of appeals at the same time it divests from the district court its
9  control over those aspects of the case involved in the appeal.  Id.
10 at 58.  This prevents both courts from having the power to modify
11 the same judgment.  Id. at 59.  Although Defendant Cate
12 characterizes Griggs as rendering this Court powerless to enforce
13 its own orders and its judgment, Griggs does not address this issue
14 at all.

15     Other cases cited by Defendant Cate are also unavailing
16 because they merely stand for the proposition that a district court
17 may not change the status of the case while it is on appeal.  For
18 instance, in McClatchy Newspapers v. Central Valley Typographical
19 Union No. 46, 686 F.2d 731, 734-35 (9th Cir. 1982), the court held
20 that, during the pendency of an appeal, a district court lacked
21 jurisdiction to amend its judgment by adding additional directives
22 because that would alter the status of the issues on appeal.  See
23 also, Natural Resources Defense Council, Inc. v. Southwest Marine,
24 Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (relying on Griggs and
25 McClatchy to hold district court did have jurisdiction to modify
26 injunctions on appeal where the modifications did not change the
27 status of the case on appeal); Pyrodyne Corp. v. Pyrotronics Corp.,

5

847 F.2d 1398, 1403 (9th Cir. 1988) (holding district court lacked jurisdiction to rule on a motion for preliminary injunction filed during the pendency of the appeal because it was an attempt to re-adjudicate the issues on appeal); In re Mirzai, 236 B.R. 8, 9-10 (B.A.P. 9th Cir. 1999) (holding bankruptcy court lacked jurisdiction to enter second judgment in a case on appeal in the Ninth Circuit because it changed the status of issues on appeal); Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 733 (9th Cir. 1988) (holding that filing of the notice of appeal did not strip the court of jurisdiction to file findings of facts and conclusions of law, which were entered three days after the notice of appeal, because they did not change the issues on appeal).  This Court's enforcement of its Order for Specific Performance and its judgment will not change the status of the issues on appeal.

The case cited by Plaintiff, Union Oil Co. of Cal. v. Leavell, is applicable here.  In that case, the district court issued an order for specific performance requiring the defendants to carry out certain tasks.  220 F.3d 562, 565-66 (7th Cir. 2000).  The defendants did not seek a stay and did not perform the tasks listed in the order.  Id.  The district court declined to enforce the order on the ground that the notice of appeal deprived it of jurisdiction to do so.  Id.  The Seventh Circuit held that a notice of appeal does not stay enforcement of a district court's injunction.  Id.  To the contrary, the district court should enforce an un-stayed injunction while an appeal proceeds; otherwise a judge deprives the prevailing party of the benefit of its

6

judgment and rewards defiance.  Id. at 566.[1]

Thus, the Court retains jurisdiction to enforce its orders and its judgment.  Defendant Cate's motion for relief from complying with the March 2, 2010 Order is denied and Plaintiff's motion for enforcement of that order is granted.  Defendant Cate must immediately comply with the Order for Specific Performance and the March 2, 2010 Order enforcing it.[2]

## II. Plaintiff's Motion for New Trial On Damages or for an Additur

Plaintiff moves, under Federal Rule of Civil Procedure 59, for a retrial on the issue of damages, arguing that the $6,500 damages award failed to compensate him adequately for his costs of litigation or for his pain and suffering.  Alternatively, Plaintiff requests an additur to the judgment of $37,500.[3]

---

[1] Defendant Cate argues this case is inapplicable because the Court's Order for Specific Performance is not an injunction.  However, in Leavall, the court used these terms interchangeably.  There is no difference between the Order for Specific Performance and an injunction.

[2] In his reply, Defendant Cate belatedly requests a stay of the Court's Order for Specific Performance.  He shows no good cause for a stay and it is denied.

[3] The docket shows that Plaintiff's notice of cross-appeal was filed by the clerk of the court on March 8, 2010 and this motion was filed by the clerk on March 15, 2010.  Ordinarily, the filing of a notice of appeal would divest this Court from jurisdiction of a later-filed motion.  However, Petitioner's certificates of service indicate that he mailed the motion two days before he mailed the notice of appeal.  Under the "prison mailbox rule," which deems the date of filing to be the date on which the prisoner delivers the document to the prison authorities for mailing, not the date of receipt by the court, see Houston v. Lack, 487 U.S. 277, 275 (1988); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002), the motion was filed first and, thus, this Court has jurisdiction over it.  See Fed. R. App. P. 4(a)(4) (if a party timely files a motion for new trial, the notice of appeal becomes effective when the order disposing of the motion is entered).

7

Rule 59(a) of the Federal Rules of Civil Procedure provides, in relevant part, "The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court." Grounds for a new trial include claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). A plaintiff's claim of an insufficient damages award may be grounds for a new trial. R.K. v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, 2006 WL 3486798, *3-4 (W.D. Wash. 2006) (finding the weight of the evidence supported the jury award regarding the amount of damages). However, in most cases the court should accept the findings of the jury, regardless of its own doubts in the matter. Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1989); Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987).

Plaintiff argues that various factors caused him to neglect to submit the proper damages evidence to the jury: he was acting pro se; he has a disabled arm which causes him pain when he writes; he is psychologically disabled as a result of sensory deprivation from confinement in the Secured Housing Unit at PBSP; pretrial preparation, which required responding to many orders and motions, was difficult and time-consuming; the trial did not follow the course he had planned; and the complexity of the trial prejudiced his ability to make any semblance of a presentation on the damages

8

issue.  Plaintiff indicates that his out-of-pocket expenses, mostly for physical examinations and reports by expert doctors, were over $13,000, and this constitutes economic special damages that he intended to, but did not, present to the jury.

The Court cannot order a new trial on these grounds. Moreover, expert witness fees are costs of litigation and, as such, are not usually presented to the jury as recoverable damages.[4]

Plaintiff also argues that the damages award was contrary to the evidence, which established that he endured years of pain and suffering due to Defendant Sayre's negligence and knowing disregard of his serious medical need.  However, there was no evidence of quantifiable, out-of-pocket damages and the jury had the discretion to decide on an amount.  The Court will not second-guess the findings of the jury.  The damages award was not against the great weight of evidence nor is it clear that the jury reached an erroneous result.

Plaintiff's request for an additur must be denied because an additur is not permitted in federal court.  DePinto v. Provident Security Life Ins. Co., 323 F2d 826, 837-38 (9th Cir. 1963) (defendants' Seventh Amendment right to jury trial violated when

---

[4] However, under 42 U.S.C. § 1988, the prevailing party in a civil rights case may recover those out-of-pocket expenses that would normally be charged to a fee-paying client and that are not recoverable as taxable costs under 28 U.S.C. § 1920.  Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986).  The expenses must be reasonable, Dang, 422 F.3d at 814, and supported with documentation.  Although the time for filing such a motion has elapsed, see Fed. R. Civ. P. 54(d)(2)(B)(i); Civil L.R. 54-5(a), Plaintiff may be able to argue that time is tolled by the motion for new trial, or seek an extension of time.

9

court enlarged jury award against them); Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935) (additur by trial court violated Seventh Amendment right to a jury trial). Furthermore, even if, as argued by Plaintiff, an additur is allowable for his state claims, the Court declines to do so under the circumstances of this case.

In light of the fact that Plaintiff's motion for a new trial is denied, his motion for appointment of counsel to represent him at a new trial is also denied.[5]

CONCLUSION

Based on the foregoing, the Court denies Defendant Cate's motion for relief from its orders, denies Plaintiff's motion for a new trial with appointed counsel or for an additur and grants Plaintiff's motion to compel compliance with the Court's orders. Defendant Cate must comply with the requirements in the Court's Order for Specific Performance and must file a report within seven days from the date of this Order to inform the Court of his compliance. If he does not comply with this Court's orders, the

---

[5] The Court would entertain a motion to appoint counsel to represent Plaintiff on appeal. See 28 U.S.C. § 1915(e)(1) (court may request attorney to represent any person unable to afford counsel); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (court may appoint counsel under exceptional circumstances, that is, the likelihood of success on the merits and the ability of the pro se litigant to articulate his claims in light of the complexity of the legal issues involved). Plaintiff would have to make a showing that he is financially unable to retain counsel.

10

Court will issue an order that he appear and show cause why he should not be held in contempt.

IT IS SO ORDERED.

Dated: May 17, 2010

CLAUDIA WILKEN
United States District Judge

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER,

    Plaintiff,

v.

MICHAEL SAYRE et al,

    Defendants.

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd A. Ashker C58191
Pelican Bay State Prison
Box 7500
D1-119
Crescent City, CA 95532

Dated: May 17, 2010

Richard W. Winking, Clerk
By: Ronnie Hersler, Administrative Law Clerk

12