IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL C. SAYRE, et al.,<br><br>      Defendants.<br>                                             / | No. 05-03759 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE MOTION TO REVIEW TAXATION OF COSTS AND DENYING MOTION FOR ORDER FOR PRISON LAW LIBRARY TO PHOTOCOPY MOTION (Docket ## 483, 487) |

    On June 9, 2010, Plaintiff Todd Ashker moved for an extension of time, to June 25, 2010, to file a motion for review of the Clerk's taxation of costs dated March 10, 2010 on the ground that the filing of his motion for a new trial tolled the statute of limitations. On July 1, 2010, Plaintiff moved for an additional extension of time to file a motion for review of the Clerk's taxation of costs, because the Pelican Bay State Prison (PBSP) law library had refused to photocopy his motion with supporting documentation, and for an order for the PBSP law library to photocopy them. Defendant Doctor Michael Sayre opposes the June 9, 2010 motion for an extension of time on the grounds that Plaintiff's motion for a new trial did not toll the time to file a motion for review of taxation of costs and, because the motion is untimely, Plaintiff has waived the right to make it.

On February 4, 2010, judgment was entered against Defendant Sayre; on February 15, 2010, Plaintiff submitted his bill of costs in the amount of $14,570.78 to the Clerk of the Court; on March 1, 2010, Plaintiff filed a motion for a new trial;[1] on March 4, 2010, Defendant Sayre submitted his objections to Plaintiff's bill of costs; on March 10, 2010, the Clerk entered its notice of taxation of costs in the amount of $684.14; on May 17, 2010, the Court denied the motion for new trial; on May 28, 2010, Plaintiff filed the first motion for an extension of time to move for review of the Clerk's taxation of costs.

Federal Rule of Civil Procedure Rule 54(d)(1) provides that any motion for review of the Clerk's taxation of costs must be filed within seven days of the entry of the Clerk's notice of taxation of costs.  When an act may or must be done within a specified time, Federal Rule of Civil Procedure 6(b) allows the court to extend the time, for good cause.

Although a party may waive his right to move for review of costs by not filing the motion within the proper time limits, a court has discretion to review an untimely motion, notwithstanding the waiver.  <u>Walker v. California</u>, 200 F.3d 624, 626 (9th Cir. 1999); <u>United States, ex rel. Meyer v. Horizon Health Corp.</u>, 2007 WL 518607, *3 (N.D. Cal.) (citing cases for proposition that timeliness requirements of Rule 54(d) are not jurisdictional and holding that court had discretion to consider merits of untimely

---

[1] Under the "prison mailbox rule," the date of filing is deemed to be the date on which the prisoner delivers the document to the prison authorities for mailing, not the date of receipt by the court.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

2

motion for review of clerk's taxation of costs); <u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 459-60 (3rd Cir. 2000) (although untimely objection to the clerk's taxation of costs is waived, court has discretion to review it); <u>Lorenz v. Valley Forge Ins. Co.</u>, 23 F.3d 1259, 1261 (7th Cir. 1994) (noting Rule 6(b) of Federal Rules of Civil Procedure permits courts to extend deadlines under all but a few rules, therefore court had discretion to hear untimely objection to clerk's order taxing costs); <u>see also</u>, <u>Bouman v. Block</u>, 940 F.2d 1211, 1237 (9th Cir. 1991) (remanding for district court to determine if good cause was shown for court to exercise discretion to enlarge time for filing bill of costs).

Defendant argues that <u>Gary v. Spires</u>, 634 F.2d 772, 773 (4th Cir. 1980), cited by the Ninth Circuit in <u>Walker</u>, supports his position that Plaintiff has waived his right to seek review of costs and that granting his motion for an extension of time would be futile. In <u>Gary</u>, the plaintiffs did not appeal the judgment against them, and the defendants moved for attorneys' fees nearly two months after judgment had become final. <u>Id.</u> The district court awarded attorneys' fees, and the Fourth Circuit reversed on two grounds, one of which was untimeliness. <u>Id.</u> However, the court also reversed on the equitable ground that the plaintiffs were prejudiced by the defendants' late-filed motion because they could not consider the defendants' award of attorneys' fees in their decision not to appeal the judgment. <u>Id.</u>

Because Plaintiff is proceeding pro se and without the resources of a law office, the Court finds good cause to allow him to seek review of the Clerk's cost award. Therefore, the Court

3

grants Plaintiff's two motions for an extension of time to file his motion for review of the Clerk's taxation of costs.[2]

In regard to his motion to order the PBSP law library to xerox his motion for review of costs, Plaintiff has failed to provide authority that the Court has jurisdiction over employees of the PBSP law library such that it can issue such an order. Therefore, this motion must be denied.

## CONCLUSION

Accordingly, the Court grants Plaintiff's two motions for an extension of time and denies his motion to order the PBSP law library to photocopy his motion. Within twenty-one days from the date of this Order, Plaintiff shall submit to the Court his motion for review of the Clerk's taxation of costs and a declaration with a list and summary of his taxable costs. There is no need to attach copies of prior orders. Within twenty-eight days thereafter, Plaintiff shall submit another declaration with his supporting documentation. If, at that time, Plaintiff has not received his documents with xeroxed copies from the PBSP xeroxing department, he may request a further extension of time. Defendant shall respond fourteen days after Plaintiff has filed his motion, even if the supporting documentation has not been submitted, and

---

[2]Although Plaintiff has not filed a motion for expenses under 42 U.S.C. § 1988, Defendant argues that Kay v. Ehrler, 499 U.S. 432 (1991), which held that attorneys' fees are not available to pro se plaintiffs under § 1988, bars Plaintiff from filing such a motion. The Court notes that the Ninth Circuit, in Burt v. Hennessey, 929 F.2d 457, 459 (9th Cir. 1991), held that, although a prevailing pro se plaintiff may not be awarded attorneys' fees under § 1988, he is entitled to recover actual expenses reasonably incurred to the extent that an attorney could have received those expenses.

4

Plaintiff may file a reply fourteen days thereafter.  Defendant may file a supplemental opposition within fourteen days after the documentation has been submitted.

　　　　IT IS SO ORDERED.

Dated: July 29, 2010

　　　　　　　　　　　　　　　　　　　　　　　CLAUDIA WILKEN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

  v.

ALAMEIDA ET AL et al,

        Defendant.

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd A. Ashker C58191
Pelican Bay State Prison
Box 7500
D1-119
Crescent City, CA 95532

Dated: July 29, 2010

Richard W. Wieking, Clerk
By: Ronnie Hersler, Adm Law Clerk

6