IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER,

    Plaintiff,

  v.

MICHAEL SAYRE, et al.,

    Defendants.
_____/

No. 05-03759 CW

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FURTHER SPECIFIC PERFORMANCE RELIEF AND DENYING IT IN PART

On February 4, 2010, this Court entered an Order for Specific Performance in which it ordered Defendant Matthew Cate, in his official capacity as Director of the California Department of Corrections and Rehabilitation (CDCR), to: (1) provide Plaintiff with a properly fitting arm brace; (2) reinstate Plaintiff's physical therapy two times per week, including whirlpool treatments and exercise with a theraband and theraball in his cell, and replace this equipment as necessary; (3) use best efforts to ensure Plaintiff is examined by a third-party pain management specialist; and (4) implement the pain management regimen recommended by the specialist. The order required Defendant Cate to submit a report to the Court two weeks from the date of the order and every three months thereafter. Defendant Cate did not submit a timely report,

but did so on September 24 and October 5, 2010 in response to the Court's September 20, 2010 Order for Report and its September 29, 2010 Order for Further Report. On October 12, 2010, Plaintiff Todd Ashker filed a motion for further specific performance relief. Defendant Cate filed an opposition and Plaintiff filed a reply.[1] After briefing on this motion was complete, on December 21, 2010, Defendant Cate submitted his next progress report and Plaintiff submitted a response to it. The matter was taken under submission on the papers. After considering the papers filed by the parties, the Court grants in part the motion for further relief, and denies it in part.

## BACKGROUND

In Defendant Cate's September 24, 2010 progress report, he indicates the following. On March 17, 2010, Plaintiff was seen by an orthotist for an arm brace fitting. The brace needed adjusting and, on May 21, 2010, the orthotist mailed the adjusted brace to Pelican Bay State Prison (PBSP). However, Plaintiff stated that the adjusted brace did not fit properly. On June 16, 2010, orthopedist Dr. Gregory Duncan evaluated Plaintiff's arm brace and confirmed that it did not fit properly. On July 23, 2010, Plaintiff was re-examined by the orthotist who stated he would make Dr. Duncan's recommended changes. On August 26, 2010, the orthotist brought back the arm brace and Plaintiff found it still did not fit properly. The orthotist again readjusted the arm brace and, on September 22, 2010, it arrived at PBSP.

---

[1] Plaintiff filed a motion to submit additional supporting information, which is granted. (Docket # 510).

2

Defendant Cate reports that Plaintiff now has physical therapy sessions two times per week, including whirlpool treatments, and he has use of the theraband and theraball in his cell.

Defendant Cate reports that the University of California at Davis (UC Davis) was not able to treat Plaintiff due to budget constraints but, on June 18, 2010, Plaintiff was seen by pain specialists Dr. Yu-fan Zhang and Dr. Zhonghui Guan at UC San Francisco (UCSF).  Plaintiff's pain medication has been changed to follow their recommendations.

In its order for a further report, the Court requested the reports of Dr. Duncan and Drs. Zhang and Guan, which were not attached to Defendant Cate's September 24, 2010 progress report and inquired whether the re-adjusted arm brace was now satisfactory to Plaintiff.

Plaintiff states that he received the re-fitted arm brace on September 22, 2010.  He reports that he is only able to wear the arm brace briefly before it begins to cause pain and discomfort and he has been waiting since November, 2010 to see Dr. Duncan for an adjustment of the arm brace.

Although Plaintiff indicates that he is getting physical therapy as ordered by the Court, he explains that, for two weeks out of each month, he cannot use the theraball because his long, uncut fingernails tear up the ball.  This is because Defendant Cate now only allows Plaintiff to clip his fingernails once every four weeks whereas, previously, he was able to cut his fingernails every two weeks.  Plaintiff also states that Defendant Cate has recently

3

begun to make him choose between going to the law library or to physical therapy.  Plaintiff makes no complaint about the new pain medication regimen that was recommended by the pain consultants.

Plaintiff requests various types of relief.  Plaintiff also argues that Defendant Cate made various misrepresentations.  These disputes are not relevant to the issues at hand and the Court will not address them.

For the most part, Defendant Cate is complying with the Court's order for specific performance.  Plaintiff was given an arm brace that he was able to test, he is receiving the physical therapy regimen ordered by the Court, he has seen outside pain consultants, and he is receiving the medication regimen they recommended.  Defendant Cate indicates that, if the theraball becomes dysfunctional from wear and tear from Plaintiff's fingernails, he will have the ball replaced.  This is sufficient.  However, Defendant Cate is ordered to ensure that Plaintiff is seen by Dr. Duncan within three weeks from the date of this Order to determine if Plaintiff's arm brace needs adjustment.

In Defendant Cate's next progress report, due on March 21, 2011, he shall include the following: (1) whether the new arm brace is working to Plaintiff's and Dr. Duncan's satisfaction; (2) whether the theraball is in need of replacing and, if it is, whether it has been replaced; and (3) whether Plaintiff is being asked to choose between physical therapy and the law library and, if so, why.  Plaintiff's other requests are denied.

4

CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part, Plaintiff's motion for further specific performance relief (Docket # 508) and grants his motion to submit additional information in support of this motion (Docket # 510). Defendant Cate's next progress report is due on March 21, 2011, three months from the day he submitted his last report.

IT IS SO ORDERED.

Dated: 1/7/2011

CLAUDIA WILKEN
United States District Judge

5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

  v.

ALAMEIDA ET AL et al,

        Defendant.

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd A. Ashker C58191
Pelican Bay State Prison
Box 7500
D1-119
Crescent City,  CA 95532

Dated: January 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

6