IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD L. ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL SAYRE, et al.,<br><br>    Defendants.<br>                                         / | No. 05-03759 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AND FOR OUT-OF-POCKET EXPENSES UNDER 42 U.S.C. § 1988 AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY (Docket Nos. 494, 499) |

In this civil rights case, Plaintiff Todd L. Ashker moves for review of the clerk's taxation of costs entered on March 10, 2010 (Docket # 452) and for the recovery of out-of-pocket expenses pursuant to 42 U.S.C. § 1988.  Defendants Michael Sayre and Matthew Cate have filed an opposition and a supplemental opposition.[1]  The matter was taken under submission on the papers.  Having considered all the papers filed by the parties, the Court grants Plaintiff's motion, in part.

BACKGROUND

On February 4, 2010, judgment was entered against Defendant Sayre on Plaintiff's claims for violation of the Eighth Amendment

---

[1] Plaintiff's motion for an extension of time to file his reply is granted.  (Docket No. 499).

guarantee against deliberate indifference to Plaintiff's serious medical needs and for medical malpractice and against Defendant Cate on Plaintiff's claim for breach of contract.  Plaintiff subsequently submitted a bill of costs to the Clerk of the Court in the amount of $14,570.78, to which Defendants objected.  On March 10, 2010, the Clerk entered a notice taxing costs in the amount of $684.14.  On May 29, 2010, Plaintiff filed a motion for an extension of time to move for review of the Clerk's taxation of costs and to move for recovery of out-of-pocket expenses pursuant to 42 U.S.C. § 1988.  Defendant Sayre opposed on the ground that the motion was untimely.  On July 29, 2010, the Court entered an order granting Plaintiff's motion, finding good cause to allow Plaintiff to seek review of the Clerk's cost award because he was proceeding pro se.[2]

## LEGAL STANDARD

Two statutes govern the award of costs in this case: 28 U.S.C. § 1920 concerns the taxation of costs in all cases and 42 U.S.C. § 1988 concerns the taxation of costs in civil rights cases. Section 1920 permits the taxing of costs for:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of

---

[2] Because the Court has already ruled that Plaintiff may file a late motion, it does not address Defendants' argument regarding timeliness.

2

1    this title.

2    Section 54-3 of the Local Civil Rules further specifies the
3 costs that are taxable under § 1920.

4    Under 42 U.S.C. § 1988, the prevailing party in a civil rights
5 case may recover those out-of-pocket expenses that would normally
6 be charged by an attorney to a fee-paying client. <u>Dang v. Cross</u>,
7 422 F.3d 800, 814 (9th Cir. 2005). The requested expenses must be
8 reasonable. <u>Id.</u> Thus, even though requested expenses may not be
9 taxable under § 1920, they may be allowable under § 1988. <u>Harris
10 v. Marhoefer</u>, 24 F.3d 16, 20 (9th Cir. 1994).

DISCUSSION

I. Objection to Taxing of Costs Pursuant to 28 U.S.C. § 1920

   A. Photocopies

   Plaintiff originally requested reimbursement of $1,670 for photocopying legal documents. The Clerk denied this request, referring to Civil Local Rule 54-3(d)(3), which provides that the cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable. In his motion, Plaintiff requests reimbursement of only $1,096 for copying because he deleted the costs associated with claims on which he did not prevail. In his declaration, Plaintiff states these are copies, for the most part, of motions, oppositions to Defendants' motions, and the declarations and exhibits accompanying the motions. The Clerk was correct in disallowing this cost request under Civil Local Rule 54-3(d)(3).

   B. Witness Dr. Everett Allen's Travel Expenses

   Plaintiff originally requested $2,500 as a witness fee and

3

1  $430.68 to cover Dr. Allen's gas, tolls, rental car, parking and
2  other expenses incurred in his traveling from Crescent City to
3  Oakland to testify on Plaintiff's behalf.  Plaintiff stated that
4  Dr. Allen attended the trial for three days, accommodating other
5  witnesses' schedules, before he was able to testify.  The Clerk,
6  citing Civil Local Rule 54-3(e), partially disallowed the $2,500,
7  awarding $120 for the three days Dr. Allen attended the trial.  The
8  Clerk partially disallowed the $430.68, awarding $189.14 for gas,
9  tolls, rental car and parking.  Plaintiff requests that, under
10 § 1920, the Court award him the $241.54 disallowed by the Clerk.

   Civil Local Rule 54-3(e) governs witness expenses:

> Per diem, subsistence and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821.  No other witness expenses, including fees for expert witnesses, are allowable.

15 Section 1821 provides that witnesses are to be paid an
16 attendance fee of forty dollars for each day attending the trial,
17 and for the time necessarily occupied in going to and returning
18 from the place of attendance at the beginning and end of such
19 attendance.  28 U.S.C. § 1821(b).  Witnesses shall also receive a
20 travel allowance for mileage and reimbursement for toll roads,
21 bridges, tunnels, and parking.  28 U.S.C. § 1821(c)(2) and (3).
22 The Court has reviewed the receipts submitted by Dr. Allen.
23 They all relate to his attendance at Plaintiff's trial and appear
24 to be reasonable and allowable under § 1821(c)(2) and (3).  The
25 disallowed costs in the amount of $241.54 are allowed for Dr.
26 Allen's witness expenses.  Because Dr. Allen traveled from Crescent
27 City to Oakland to testify at the trial and then traveled back to

4

1 Crescent City, the Court awards an additional eighty dollars
2 attendance fee for the two days of traveling.  Therefore, an
3 additional $321.54 in costs is allowed for Dr. Allen, for a total
4 of $630.68 ($120 for three days attendance at trial allowed by the
5 Clerk; $189.14 for costs allowed by the Clerk; $241.54 for
6 disallowed costs that the Court allows; and an eighty dollar
7 attendance fee for two days of travel time).

    C. Two Trial Transcripts

    In Plaintiff's June 19, 2009 declaration submitted in support of his motion for taxation of costs, he explained that, because he understood that transcripts of Dr. Duncan's trial testimony and of Plaintiff's cross-examination testimony had been ordered, he felt it prudent to obtain copies of these transcripts also.  He submitted the invoice for the two transcripts in the amount of $50.10.  The Clerk denied this request, citing Civil Local Rule 54-3(b)(3), which provides that, with two exceptions not relevant here, the cost of transcripts is not normally allowable unless, before it is incurred, it is approved by a judge or stipulated to be recoverable by counsel.

    Section 1920(2) provides that fees for printed transcripts necessarily obtained for use in the case are taxable.  The Court finds that these two transcripts were necessarily obtained for use in the case and allows the $50.10 as a taxable cost.

II. Out-of-Pocket Expenses Under 42 U.S.C. § 1988

    A. Photocopying of Motions, Oppositions, Exhibits, etc.

    Pursuant to § 1988, Plaintiff again requests the reimbursement of $1,096 he spent for photocopying motions, oppositions and

5

accompanying declarations and exhibits.  Plaintiff states the cost is reasonable in that he only made two copies of each document, one for opposing counsel and one for himself, and sent the original to the Court for filing.  Pelican Bay State Prison (PBSP) charges ten cents per page for photocopying and, with his reply, Plaintiff submits receipts from PBSP for the photocopying.

Defendants argue that $1,096 for photocopying is unreasonable because, at ten cents per page, Plaintiff would have photocopied over 10,000 pages.  Defendants also argue that Plaintiff's description of his request is not clear and that he does not provide evidence of these expenses.  However, as mentioned previously, with his reply, Plaintiff provides receipts for photocopying, totaling approximately $1,088.  This is adequate documentation.  Also, in his reply, Plaintiff requests an additional $3.60 for photocopying his reply and declaration.

The costs of reproducing pleadings, motions and exhibits are typically billed by attorneys to their fee-paying clients. Although the number of pages claimed by Plaintiff is large, the Court notes that, because he is an inmate, Plaintiff must handwrite all his pleadings and motions, which requires more pages than typescript.  Furthermore, this case was fiercely litigated by Defendants, requiring Plaintiff to file many motions and oppositions.  Therefore, the Court finds that the $1,099.60 requested for photocopying is reasonable and is allowable under § 1988.

B. Postage

Plaintiff requests reimbursement for postage in the amount of

6

$150. In his reply, Plaintiff requests an additional $3.12 for postage to mail his reply brief and declaration to defense counsel and the Court. Plaintiff states that he has no receipts for postage because PBSP does not provide such receipts. Defendants oppose this on the ground that Plaintiff fails to present evidence that postage costs are normally charged to a fee-paying client and that he fails to present evidence of the postage rate and explain how he arrived at an estimate of $150. The Court notes that this case is more than five years old, and has been heavily litigated during that time. Plaintiff has filed and served many documents, some of which consist of many pages. Therefore, the Court finds that $153.12 is a reasonable amount for postage and that it is the type of expense that would be billed by an attorney to a fee-paying client. Therefore, $153.12 is allowed for postage.

C. Dr. Weinstein's Assistance

Plaintiff requests reimbursement in the amount of $6,480 for the services of Dr. Corey Weinstein. On January 22, 2007, Dr. Weinstein performed a physical examination of Plaintiff, reviewed medical documents and reported his findings; in February, 2008, Dr. Weinstein reviewed documents, and wrote a declaration supporting Plaintiff's opposition to Defendants' motion for summary judgment; in March, 2009, Dr. Weinstein reviewed documents and prepared for his deposition by opposing counsel; and, in May, 2009, Dr. Weinstein testified at Plaintiff's trial. Plaintiff argues that Dr. Weinstein's services were reasonable, necessary and the type normally charged to fee-paying clients.

In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

7

439 (1987), the Supreme Court held that expert witness fees are only recoverable pursuant to a contract or statutory authority. In 1991, the Supreme Court held that § 1988 did not authorize the shifting of expert witness fees to the losing party. West Virginia Univ. Hosp., Inc. v. Casey, 499 U.S. 83, 102 (1991). After Casey, Congress amended § 1988 to provide for the recovery of expert witness fees in cases brought under 42 U.S.C. §§ 1981 and 1981a. See 42 U.S.C. § 1988(c) ("In awarding an attorney's fee . . . in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee."). Claims brought under § 1983 are not covered by this amendment. Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1243 (E.D. Cal. 2010); Agster v. Maricopa County, 486 F. Supp. 2d 1005, 1019 (D. Ar. 2007) (because Congress did not amend § 1988 to include § 1983 cases, the Casey decision stands in regard to § 1983 cases).

The Court finds the reasoning in Ruff and Agster persuasive. Therefore, Plaintiff's request for expert witness fees for Dr. Weinstein is disallowed. The Court notes that the Clerk of the Court properly taxed costs applicable to Dr. Weinstein's testimony as a trial witness.

D. Dr. Allen's Assistance.

Plaintiff requests reimbursement of $2,500 paid to Dr. Allen for his testimony as a percipient witness. Because Dr. Allen was a percipient witness, § 1920 applies to reimbursement of costs relating to his attendance at trial. As discussed above, costs for Dr. Allen's appearance as a witness were awarded under § 1920.

E. Attorney Herman Franck's Assistance

Plaintiff requests reimbursement of $2,000 paid to Attorney Franck for his assistance with "confidential, timely contact with Drs. Weinstein and Allen, necessary in order for Plaintiff to obtain the doctors' document reviews, declarations, physical exam and reports; especially with Plaintiff's regular mail communication problems." Reply at 9. He argues that Mr. Franck acted as a paralegal, and paralegal fees are reimbursable under § 1988. Defendants argue that paralegal fees are not reimbursable under § 1988 and, in any event, Plaintiff fails to provide evidence of a contract between himself and Mr. Franck or that the fee of $2,000 was reasonable or an explanation of why Mr. Franck's services were necessary.

Plaintiff responds that he presented evidence of the $2,000 he paid Mr. Franck with his declaration submitted with his June 19, 2009 motion for taxation of costs. In that declaration, Plaintiff attests to the assistance Mr. Franck rendered, as quoted above from his reply. Attached to the declaration is a copy of a February 20, 2008 letter from Mr. Franck to Plaintiff stating that Mr. Franck has been spending a great deal of time communicating with Drs. Weinstein and Allen and requesting payment. On the letter is a handwritten note from Plaintiff stating, "Agreed to $2,000 for assistance." In his present declaration, Plaintiff states that he wrote to Mr. Franck requesting him to file a declaration indicating he was paid, but he has not done so.

It appears that Mr. Franck was functioning as a paralegal in this case, rather than as an attorney, and fees for his paralegal

9

services would be reimbursable.  See Perez v. Cate, __ F.3d __, 2011 WL 149869, *1 (9th Cir.) (paralegal fees are reimbursable under § 1988 but are subject to a fee cap under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e).  The PLRA allows an award for paralegal fees of up to $169.50 per hour, which is below the market rate for paralegal work in the San Francisco Bay Area.  Id. at *4.

In order for Mr. Franck to earn $2,000 at the hourly rate of $169.50, he would have had to work 11.8 hours.  The Court finds that, over the course of the five years that this case has been litigated, it would be reasonable for Mr. Franck, acting as a paralegal, to have spent at least 11.8 hours communicating with and making logistical arrangements for Drs. Weinstein and Allen.

Therefore, the Court concludes that the $2,000 is reasonable and allowable under § 1988.

F. State Tort Claim Filing Fee

Plaintiff requests reimbursement of twenty-five dollars for filing his state tort claim.  Plaintiff cites no authority holding that this cost is reimbursable under § 1920 or § 1988, and the Court knows of none.  Therefore, this expense is disallowed.

CONCLUSION

Based on the foregoing, Plaintiff's motion for an extension of time to file a reply is granted (docket no. 499) and Plaintiff's motion for costs and expenses is granted in part and denied in part (docket no. 494).  Under § 1920, Plaintiff is awarded additional costs in the amount of $291.64, for a total of $975.78, and under § 1988, Plaintiff is awarded out-of-pocket expenses in the amount

10

1  of $3,252.72.  Defendants shall pay these amounts to Plaintiff
2  within fourteen days from the date of this order.
3
4       IT IS SO ORDERED.
5
6  Dated: 3/7/2011                    _____
7                                     CLAUDIA WILKEN
                                      United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER,

        Plaintiff,

  v.

ALAMEIDA ET AL et al,

        Defendant.
                                      /

Case Number: CV05-03759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd A. Ashker C58191
Pelican Bay State Prison
Box 7500
D1-119
Crescent City, CA 95532

Dated: March 7, 2011

                                      Richard W. Wieking, Clerk
                                      By: Nikki Riley, Deputy Clerk