IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL C. SAYRE, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-3759 CW<br><br>ORDER POSTPONING RULING ON PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT AND ORDERING DEEFNDANTS TO FILE EVIDENCE OF COMPLIANCE WITH COURT'S ORDERS |

    On December 19, 2011, Plaintiff Todd Ashker moved for an order to show cause why Defendants Pelican Bay State Prison (PBSP) Medical Chief Dr. Michael Sayre and Secretary of the California Department of Rehabilitation and Corrections (CDCR) Matthew Cate should not be held in contempt of this Court for not following the Court's orders that Dr. Sayre pay the $6,500 judgment he owes to Plaintiff and that Secretary Cate provide Plaintiff with a properly fitting arm brace. On December 20, 2011, Defendants filed their opposition to the motion, arguing that they have been complying in good faith with the Court's orders. The motion was taken under submission on the papers. Having considered all the papers filed by the parties, the Court postpones ruling on Plaintiff's motion to hold Defendants in contempt, orders Dr. Sayre to file proof that he has paid Plaintiff the $6,500 judgment and orders Secretary Cate to file proof that Plaintiff has received a properly fitting arm brace, or proof of the efforts he

has made to ensure that Plaintiff receive a properly fitting arm brace as soon as possible.

## DISCUSSION

On October 19, 2011, the Court granted Dr. Sayre's request for a forty-five day extension to comply with its order that he pay to Plaintiff the $6,500 judgment. The Court ordered Dr. Sayre to "pay to Plaintiff the judgment together with pre and post-judgment interest thereon, by no later than November 28, 2011."

On December 12, 2011,[1] Plaintiff mailed his motion for contempt stating that, as of that date, he had not received payment of the judgment and that, contrary to the Court's February 4, 2010 Order for Specific Performance, since October 11, 2011, Secretary Cate had deprived him of a properly fitting arm brace.

In his December 20, 2011 opposition, Dr. Sayre indicates that

> payment to Plaintiff was issued on December 16, 2011. The unintentional delay was caused by the holiday season and the CDCR's efforts to issue the entirety of the payment to Mr. Ashker in one check. In any event, the damages have been paid.[2]

In his opposition, Secretary Cate indicates,

> As thoroughly explained in Defendant Cate's progress report, the brace was shipped to Sunrise Shoes for adjustment. Put simply, Mr. Ashker does not have the brace in his possession because he requested that it be adjusted.

---

[1] The motion was filed on the Court's docket on December 19, 2011.

[2] In Dr. Sayre's December 16, 2011 Progress Report Regarding Payment of Damages, he indicated that the check was issued on December 16, 2011 and would be mailed to Plaintiff via Federal Express on December 19, 2011.

2

In Secretary Cate's progress report, also filed on December 20, 2011, he indicates that, on December 12, 2011, he learned that PBSP had mailed the arm brace to Sunrise Shoes for adjustments in October, 2011, but Sunrise Shoes never received it. Thus, it was determined that the brace had been lost in the mail. On December 20, 2011, orthotist Jason Wong of Sunrise Shoes fitted Plaintiff for a new arm brace, took the brace to Sacramento to perform the adjustments, and "will return the brace upon completion."

In Plaintiff's reply, mailed on December 28, 2011, he indicates that he still has not received payment of the judgment from Dr. Sayre and that he still does not have the arm brace.

Therefore, within three days from the date of this Order, Dr. Sayre shall file evidence that Plaintiff received payment of the judgment in the form of a receipt or declaration from Plaintiff that he received payment. If Dr. Sayre cannot file such evidence, he shall file a declaration stating why the judgment has not been paid in compliance with this Court's order and why he indicated in his opposition that the judgment had been paid.

Also, within three days from the date of this Order, Secretary Cate shall file evidence that Plaintiff has received a properly fitting arm brace. If Plaintiff has not received the arm brace, Secretary Cate shall file a declaration stating what efforts he has made to ensure that Plaintiff receive such an arm brace, and when Plaintiff will receive it.

3

The Court shall not rule on Plaintiff's motion to hold Defendants in contempt until it receives these documents from Defendants.

CONCLUSION

For the foregoing reasons, within three days from the date of this Order, Dr. Sayre shall file proof that Plaintiff has received payment of the judgment he owes to Plaintiff and Secretary Cate shall file proof that Plaintiff has received a properly fitting arm brace or a declaration listing the efforts he has made to ensure that Plaintiff receive the arm brace and the current status of the arm brace.

IT IS SO ORDERED.

Dated: 1/10/2012

CLAUDIA WILKEN
United States District Judge