IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL SAYRE, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-3759 CW<br><br>ORDER ON MOTION<br>FOR ORDER TO SHOW<br>CAUSE RE: CONTEMPT |

On December 19, 2011, Plaintiff Todd Ashker, an inmate at Pelican Bay State Prison (PBSP), filed a request for an order to show cause why Defendant Dr. Michael Sayre should not be held in contempt of this Court's orders to pay the judgment he owes to Plaintiff and why Defendant Mathew Cate should not be held in contempt of this Court's orders to provide Plaintiff with a properly fitting arm brace. On January 10, 2012, the Court postponed ruling on Plaintiff's motion and ordered Defendants to file evidence of compliance with this Court's orders.

On January 13, 2012, Defendants submitted a status report with evidence showing that, on January 11, 2012, Defendant Sayre paid the judgment in favor of Plaintiff by causing a check in the amount of $10,776.86 to be deposited into Plaintiff's prison trust account. The evidence submitted in regard to the arm brace indicates that, on January 6, 2012, an arm brace was delivered to Plaintiff, but he found it to be unacceptable because it was made incorrectly. PBSP officials contacted Sunrise Shoes, the brace maker, to correct the problem. Sunrise Shoes said it would make a new brace for Plaintiff, which was delivered to PBSP on January

12, 2012.  However, upon review, PBSP officials determined that the new brace failed to comply with orthopedic specialist Dr. Gregory Duncan's October 28, 2009 recommendations.  On January 12, 2012, PBSP medical staff met to discuss this situation and decided that PBSP Medical Chief Michael Sayre and Appliance Coordinator Amanda Richardson would conduct an examination during which Plaintiff would try on the brace in conjunction with a custom-made neoprene sleeve and Dr. Sayre would determine if the brace fit properly and met Dr. Duncan's recommendations.  In a footnote in her declaration, Richardson states that the medical appointment has been scheduled, but that the date and time cannot be disclosed due to institutional security concerns.

On January 19, 2012, Plaintiff filed a motion, which he wrote on January 8, 2012, for leave to file supplemental evidence regarding his motion for a contempt finding.  Docket no. 537.  This motion is granted.  Plaintiff argues that Defendants are still in contempt because he has not received payment of his judgment and, since December 20, 2011, he has been without a properly fitting arm brace.

Plaintiff's motion was written before January 11, 2012, the date payment of the judgment was deposited into his inmate trust account.  Therefore, Plaintiff's motion for contempt based on failure to pay the judgment is denied.

The Court again postpones ruling on Plaintiff's motion for contempt in regard to his arm brace.  Although it appears that Defendant Cate is acting in good faith to obtain a properly fitting arm brace for Plaintiff, the amount of time it is taking to provide the arm brace is unacceptable.  Therefore, within seven days from the date of this order and every seven days thereafter,

2

Defendant Cate shall file a progress report indicating what steps he has taken to provide a properly fitting arm brace. Any dates or information that cannot be disclosed should be filed with a motion to file it under seal.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for contempt (docket no. 530) is denied in regard to payment of the judgment and the ruling is postponed in regard to the arm brace. Plaintiff's motion to file supplement support (docket no. 537) is granted. Defendant Cate shall file a progress report regarding the arm brace seven days from the date of this order and every seven days thereafter, until a properly fitting arm brace is provided.

IT IS SO ORDERED.

Dated: 1/25/2012

CLAUDIA WILKEN
United States District Judge