IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER,

    Plaintiff,

  v.

MICHAEL SAYRE, et al.,

    Defendants.
_____/

No. C 05-3759 CW

ORDER REGARDING DEFENDANT'S PROGRESS REPORTS AND TERMINATING ORDER FOR PHYSICAL THERAPY

On February 4, 2010, this Court entered an Order for Specific Performance in which it ordered Defendant Matthew Cate, Director of the California Department of Corrections and Rehabilitation (CDCR), to submit a report every three weeks indicating the status of his performance of the 2002 Settlement Agreement between the CDCR and Plaintiff Todd Ashker.  The Court ordered that the CDCR provide to Plaintiff a properly fitting arm brace, reinstate Plaintiff's twice weekly physical therapy sessions, arrange for Plaintiff to be seen by an independent pain specialist and implement the specialist's recommended pain management regimen. The Court ordered that Plaintiff's physical therapy sessions were to continue until his "medical needs contraindicate the therapy, that is, until a physical therapist not employed by the CDCR certifies in writing to the Court that the therapy is no longer beneficial to Plaintiff."

Defendant Cate has submitted timely reports of his progress in complying with the Court's Order for Specific Performance.  In his last reports, Defendant has indicated that he has complied with all of the requirements in the Court's Order in that

Plaintiff has received a properly fitting arm brace, receives twice-a-week physical therapy, has seen a pain management specialist and is receiving the medication regimen recommended by the specialist.

Defendant requests that the Court terminate the part of its order requiring that Plaintiff receive physical therapy twice a week. He submits the declaration of Ryan Farr, an independent contractor who, since 2009, has been contracted with the CDCR and, since August 2009, has been Plaintiff's physical therapist. Mr. Farr states that the physical therapy that Plaintiff is now receiving is not improving Plaintiff's conditions but acts as a maintenance program to maintain his present level of functionality. Mr. Farr states that Plaintiff could easily perform most of the exercises on his own, which he now does. Mr. Farr also declares that physical therapists usually do not perform maintenance programs and that he would not advise a doctor to prescribe formal physical therapy based on Plaintiff's current medical presentation at this stage in his injury. In referring to the Court's order, Mr. Farr states that, "if the term 'contraindicate' is defined as 'no longer beneficial,' then the physical therapy is contraindicated because it no longer provides a benefit to Mr. Ashker, in that it is not improving Mr. Ashker's condition." He continues that, if the term "contraindicate" is defined to mean "harmful," the court-ordered physical therapy will never end because the treatment Plaintiff receives will not be harmful to him.

Plaintiff has received copies of Defendant's progress reports and has not opposed or objected to Defendant's request to end his

2

physical therapy sessions.  The Court credits Mr. Farr's opinion that, at this point, physical therapy is acting as a maintenance program instead of improving Plaintiff's medical condition and that Plaintiff, on his own, can and does perform most of the exercises to maintain his level of functioning.  Therefore, the Court grants Defendant's request to vacate the part of its Order requiring that Plaintiff receive physical therapy.

The Court notes that Defendant has fulfilled all the requirements in the Order for Specific Performance.  Therefore, Defendant is ordered to submit progress reports of his performance of the 2002 Settlement Agreement once a year, beginning one year from the date of this Order.  However, Defendant shall inform the Court immediately of any change in the medical condition of Plaintiff's injured arm or in the treatment program that he now provides to Plaintiff.

IT IS SO ORDERED.

Dated: 4/9/2012

CLAUDIA WILKEN
United States District Judge