IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD A. ASHKER, | No. C 05-3759 CW |
| Plaintiff, | ORDER RE PLAINTIFF'S DECEMBER 10, 2013 NOTICE OF DEFENDANTS' VIOLATION OF COURT'S ORDER |
| v. | |
| MICHAEL C. SAYRE, et al., | |
| Defendants. | |

Plaintiff has filed a notice of violation of the Court's February 4, 2010 Order for Specific Performance. Defendants have filed a response. The matter was decided on the papers.

BACKGROUND

Following a five-day jury trial, on February 4, 2010, this Court entered an Order for Specific Performance of the 2002 Settlement Agreement between the California Department of Corrections and Rehabilitation (CDCR) and Plaintiff. The order required, among other things, that Defendants arrange for a consultation with a pain management specialist to establish a pain management regimen. Defendants were further ordered to

> implement the specialist's recommended pain management regimen and continue that regimen until . . . the specialist and the CDCR's physician concur in the opinion that Plaintiff's medical needs have changed such that the regimen should be changed or discontinued.

Docket. No. 434 at 13. Finally, Defendants were ordered to submit a report every three weeks indicating the status of the performance of the 2002 Settlement Agreement between the CDCR and Plaintiff.

1    Plaintiff was evaluated by a pain specialist at the UCSF Pain
2 Management Center.  The specialist recommended as follows:
3       As the patient has received excellent pain relief from
        concurrent use of Ultram and Tylenol in the past, we
4       will recommend that the patient be weaned off of
        morphine and started on Ultram 50 mg three times daily.
5       The patient can also use Tylenol 650 mg along with
        Ultram in three times daily dosing, as long as he is
6       clear from a medical standpoint.  Although the patient
        does have a history of hepatitis C, he reports there are
7       no current issues with his liver.
8 Ashker Dec. ISO Notice of Violation, Ex. A.  Following the
9 evaluation, Defendants began providing Plaintiff with 50 mg of
10 Ultram and 650 mg of Tylenol three times daily.
11   On April 9, 2012, this Court entered an order in which it
12 found that Defendants had "fulfilled the requirements in the Order
13 for Specific Performance."  Docket No. 550 at 3.  Accordingly, the
14 Court ordered Defendants to submit a progress report once a year,
15 instead of once every three weeks.  However, the Court ordered
16 Defendants to "inform the Court immediately of any change in the
17 medical condition of Plaintiff's injured arm or in the treatment
18 program that [they] now provide[] to Plaintiff."  Docket No. 550
19 at 3.
20   Plaintiff's prescription for Tylenol was discontinued on
21 October 26, 2012.  After efforts to have his prescription refilled
22 using the prison's Health Care Services Request Form were
23 unsuccessful, Plaintiff filed the instant notice of violation on
24 December 10, 2012.
25   On January 9, 2013, Plaintiff had a blood test that indicated
26 his liver function was normal.  Ashker Dec. ISO Reply ¶¶ 13, 14.
27 On January 15, 2013, Plaintiff's prescription for 650 mg of
28 Tylenol three times daily was renewed.  Id. at ¶ 14.

2

DISCUSSION

Defendants assert that the pain management specialist's statement that Plaintiff "can also use Tylenol 650 mg along with Ultram in three times daily dosing, as long as he is clear from a medical standpoint" indicates that the use of Tylenol was "permissive, and not a mandatory part of the recommended pain management regimen." Defendants' Response at 2. Defendants further note that the recommendation "was made in the context of the potential concern for liver problems in association with Mr. Ashker's history of hepatitis C." Id. However, the Court interprets the pain management specialist's recommendation to provide for the 650 mg of Tylenol three times daily unless there is a medical reason not to do so.

Here, Defendants discontinued Plaintiff's prescription over two months before testing him to determine if there was a medical reason for him to stop taking the Tylenol. Moreover the blood test revealed that any concerns about Plaintiff's liver were unfounded.

Accordingly, the Court finds that Defendants violated the Court's February 4, 2010 Order for Specific Performance. In addition, Defendants' failure to inform the Court of the change to Plaintiff's treatment program was a violation of the Court's April 9, 2012 Order. However, it appears that Plaintiff is currently receiving the 650 mg of Tylenol three times daily as recommended by the pain management specialist and no action by the Court is necessary at this time.

Going forward, Defendants shall continue to renew Plaintiff's prescription for 650 mg of Tylenol three times daily unless they

3

have a documented medical reason for discontinuing the drug. Moreover, Defendants are reminded of the Court's order that they inform the Court immediately of any change in the medical condition of Plaintiff's injured arm or in the treatment program that they provide to Plaintiff.  Defendants shall also inform the Court of the reasons for any such changes.

IT IS SO ORDERED.

Dated:  3/7/2013

CLAUDIA WILKEN
United States District Judge